IN THE CIRCUIT COURT
FOR THE CITY OF ST. LOUIS, MISSOURI
TWENTY-SECOND JUDICAL CIRCUIT

| | | |
|---|---|---|
| GEORGE MOORE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Cause No. |
| v. | ) ) | |
| COMPASS GROUP USA, INC., D/B/A CANTEEN | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## PLAINTIFF'S CLASS ACTION PETITION

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................. 1

THE PARTIES..................................................................................................................... 1

    Plaintiff ..................................................................................................................... 1

    Defendant ................................................................................................................. 1

JURISDICTION AND VENUE ........................................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ............................. 2

CLASS ACTION ALLEGATIONS .................................................................................... 4

COUNT I: BREACH OF CONTRACT ............................................................................... 6

COUNT II: VIOLATION OF THE MMPA BY MEANS OF DECEPTION ............................. 6

COUNT III: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES ............... 8

COUNT IV: COMMON LAW FRAUD ............................................................................. 11

COUNT V: UNJUST ENRICHMENT............................................................................... 12

COUNT VI: MONEY HAD AND RECEIVED.................................................................. 12

PRAYER FOR RELIEF .................................................................................................... 13

i

Case 3:23-cv-00818-JAG-DCK    Document 4    Filed 11/21/18    Page 2 of 16

PLAINTIFF GEORGE MOORE ("Plaintiff"), on behalf of himself and all others similarly situated, files this petition against Defendant Canteen as follows based on personal knowledge as to his own actions and on information and belief as to Defendant's conduct and practices.

## INTRODUCTION

1. Plaintiff brings this class action individually and on behalf of a Class of similarly situated Missouri citizens (referred to collectively as "Class Members" or "Classes") who have purchased soft drinks, food items and/or other items from Defendant's vending machines located in Missouri and been charged more than the amount displayed for those items.

2. Defendant's actions as alleged herein constitute breach of contract, violation of the Missouri Merchandising Practices Act ("MMPA"), § 407.010 *et seq*, by means of deception, misrepresentation and unfair practices, common law fraud, unjust enrichment and money had and received.

## THE PARTIES

### Plaintiff

3. Plaintiff George Moore is a resident of the City of St. Louis and a citizen of the State of Missouri who purchased items from a vending machine located at 1010 Market Street in the City of St. Louis and was charged more than the posted prices.

### Defendant

4. Defendant Compass Group USA, Inc., is a corporation incorporated in Delaware with its principal place of business located at 2400 Yorkmount Road in Charlotte, N.C. It does business in Missouri under the name "Canteen" with offices at 2331 Millpark Drive, Maryland Heights, MO 63043. Its registered agent in Missouri is CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

5. Defendant owns and operates vending machines in Missouri, including vending machines located in the office building at 1010 Market Street, St. Louis, Missouri 63101. "Canteen's St. Louis branch, located just outside the city in Maryland Heights, provides refreshment and vending services to the St. Louis metropolitan area and surrounding counties in Eastern Missouri."[1]

6. Defendant also owns and operates vending machines in other areas of Missouri. It states that it is "the nation's largest vending services company ...."[2]

## JURISDICTION AND VENUE

7. The Circuit Court of the City of St. Louis has subject matter jurisdiction over this action and personal jurisdiction over Defendant because the actions complained of regarding Plaintiffs' injuries took place in the City of St. Louis. V.A.M.S. 407.025.1.

8. Venue is proper in the Circuit Court of the City of St. Louis because the cause of action arose in the City of St. Louis. V.A.M.S. 407.025.1.

9. This is a class action filed under Mo Rev. Stat. § 407.025.3(6) and Missouri Supreme Court Rule of Civil Procedure 52.08(b)(2) with respect to the claim for injunctive and declaratory relief and pursuant to Mo. Rev. Stat. § 407.025.7) and Rule 52.08(b)(3) with respect to the claim for actual damages.

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

10. Defendant maintains vending machines in the office building at 1010 Market Street, St. Louis, MO 63101.

---

[1] https://www.canteen.com/find-your-canteen/maryland-heights-st-louis/ (accessed August 13, 2018).

[2] https://www.canteen.com/vending/ (accessed August 13, 2018).

Electronically Filed - City of St. Louis - October 23, 2018 - 04:20 PM

11. Those vending machines sell soft drinks and snacks and display a price for each item.

12. However, when a customer purchases an item and pays for it with a credit, debit or prepaid card, Defendant charges his or her card an amount that exceeds its displayed price.

13. The photographs below shows the way the vending machines display their prices:

  

14. On or about March 18, 2018, Plaintiff purchased a soft drink with a displayed price of $1.50 from a vending machine owned and operated by Defendant at 1010 Market Street, St. Louis, MO 63101. He paid with his prepaid card. Subsequently, he received his Prepaid Statement showing that Defendant had charged his prepaid card $1.60 for this item.

15. When Plaintiff made his purchase from Defendant's vending machine on March 18, 2018, there was no sign or other indication on the vending machine signifying that the purchaser's card would be charged more than the displayed price.

16. On or about March 23, 2018, Plaintiff purchased a soft drink with a displayed price of $0.85 from a vending machine owned and operated by Defendant at 1010 Market Street,

St. Louis, MO 63101. He paid with his prepaid card. Subsequently, he received his Prepaid Statement showing that Defendant had charged his card $0.95 for this item.

17. When Plaintiff made his purchase Defendant's vending machine on March 23, 2018, there was no sign or other indication on or near the vending machine signifying that the purchaser's card would be charged more than the displayed price.

18. On or about April 18, 2018, Plaintiff purchased a soft drink with a displayed price of $1.50 from a vending machine owned and operated by Defendant at 1010 Market Street, St. Louis, MO 63101. He paid with his prepaid card. Subsequently, he received his Prepaid Statement showing that Defendant had charged his card $1.60 for this item.

19. When Plaintiff made his purchase from Defendant's vending machine on April 18, 2018, there was no sign or other indication on the vending machine signifying that the purchaser's card would be charged more than the displayed price.

## CLASS ACTION ALLEGATIONS

20. Plaintiff seeks to represent the following Class:

**All citizens of Missouri who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine owned or operated by Defendant in Missouri and were charged an amount in excess of the price displayed for that item on the vending machine.**

21. Excluded from the Class are officers, directors and employees of Defendant, counsel and members of the immediate family of counsel for Plaintiff herein, and the judge presiding over this action and any member of the judge's immediate family.

22. This Class is believed to comprise many consumers, the joinder of whom is impracticable both because of their number and because they are spread out across the State of Missouri. Moreover, the amount of damages suffered individually by each member of the Class is so small as to make suit for its recovery by each one economically unfeasible.

23. Class treatment will provide substantial benefit to both the parties and the court system. A well-defined commonality of interest in questions of law and fact affects Plaintiff and all proposed members of the Class. Common questions of law and fact include:

    A. Whether Defendant sells items in vending machines in Missouri with a particular displayed price;

    B. Whether Defendant charges customers' credit, debit or prepaid cards for more than the displayed price;

    C. Whether Defendant as a result has breached a contract for the sale of items from its vending machines;

    D. Whether Defendant's actions are deceptive and unfair under the MMPA;

    E. Whether Defendant's actions constitute common law fraud.

    F. Whether Defendant's actions constitute unjust enrichment.

    G. Whether Defendant's actions constitute money had and received.

24. Plaintiff's claims are typical of the claims of the proposed Class.

25. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff does not have any interest antagonistic to those of the Class. Plaintiff has retained competent and experienced counsel.

26. The questions of law and fact common to the members of the Class, some of which are set out above, predominate over any questions affecting only individual members of the Class. The resolution of common questions in this case will resolve the claims of both Plaintiff and the Class.

27. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because members of the Class are numerous and individual

joinder is impracticable. The expenses and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually. Trial of Plaintiff's claims is manageable.

28. Unless a class is certified, Defendant will retain Monies it has improperly taken from Plaintiff and proposed members of the Class. Unless a class-wide injunction is issued, Defendant will continue to commit violations against Customers.

29. This action is maintainable as a class action pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and pursuant to Section 407.025, R.S.Mo.

## COUNT I: BREACH OF CONTRACT

30. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

31. Plaintiff entered into contracts with Defendant pursuant to which Defendant offered to sell to Plaintiff the items that were for sale in its vending machine for the displayed price and Plaintiff agreed to pay that price.

32. Plaintiff performed pursuant to that contract by using his credit prepaid card to buy the displayed item.

33. Defendant breached the contract by charging Plaintiff's prepaid card more than the displayed price.

34. Plaintiff thereby suffered damages.

35. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT II: VIOLATION OF THE MMPA BY MEANS OF DECEPTION

36. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

Electronically Filed - City of St. Louis - October 23, 2018 - 04:20 PM

37. The MMPA, Mo. Rev. Stat. § 407.020, states in relevant part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

38. The actions of Defendant alleged herein violated, and continue to violate, the MMPA because they constitute deception, fraud, false pretense, false promise and misrepresentation.

39. Plaintiff, on behalf of himself and Class members, is entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant part that:

> 1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.
>
> 2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

40. The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services. Mo. Rev. Stat. § 407.010. Thus, the items that Defendant sells through its vending machines are merchandise.

41. In selling merchandise from its vending machines, Defendant is engaged in trade and commerce.

42. Plaintiff and Class members purchased items from Defendant's vending machines that were falsely represented as being sold for prices that were less than the amounts Defendant charged customers' credit, debit or prepaid cards.

43. Plaintiff and Class members suffered ascertainable losses in that their credit, debit or prepaid cards were charged amounts greater than the prices Defendant displayed.

44. Defendant's false promises, misrepresentations, and omissions of material fact in connection with the advertisement of prices that it sold in its vending machines in Missouri violated the above provision of the MMPA.

45. Defendant also concealed from customers that it would charge their credit, debit or prepaid cards amounts that exceeded the prices it displayed in its vending machines. For this additional reason Defendant violated Mo. Rev. Stat. § 407.020.

46. As a direct and proximate result of Defendant's violation of the MMPA, Plaintiff and members of the Missouri Class have suffered and will continue to suffer damages and losses as alleged herein in an amount to be determined at trial.

47. Defendant's deceptive actions in violation of the MMPA were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and Class members.

48. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

**COUNT III: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES**

49. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

50. The actions of Defendant alleged herein violated, and continue to violate, the MMPA because they constitute unfair practices.

8

Case 3:23-cv-00818-JAG-DCK   Document 4   Filed 11/21/18   Page 10 of 16

51. Mo. Rev. Stat. §407.020.1 prohibits "[t]he act, use or employment by any person of any ... unfair practice ... in connection with the sale or advertisement of any merchandise in trade or commerce."

52. The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. That definition states that unethical practices are unfair in violation of the above statute. Mo. Code Regs. tit. 15, § 60-8.020.

53. Pursuant to the MMPA, Defendant has a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

54. In selling merchandise from its vending machines, Defendant is engaged in trade and commerce.

55. Displaying one price for a snack or soft drink and then charging a purchaser's credit, debit or prepaid card for a greater amount is unfair and unethical.

56. The basis for the allegation that it was unethical to engage in the above practices comes, in part, from established ethical principles recognized by the Direct Marketing Association ("DMA"), the leading industry association for companies that, like Defendant, market directly to consumers.

57. DMA has published principles of ethical business practices for such marketing activities. Direct Marketing Association's Guidelines for Ethical Business Practices ("DMA Ethical Guidelines"). See Ex. A - DMA Ethical Guidelines, revised May 2011. Ex. B - DMA Ethical Guideline, revised January 2014, both of which are incorporated herein by reference.

58. These Ethical Guidelines "are intended to provide individuals and organizations involved in direct marketing in all media with generally accepted principles of conduct." *Id*. at 2.

They "reflect DMA's long-standing policy of high levels of ethics and the responsibility of the Association, its members, and all marketers to maintain consumer and community relationships that are based on fair and ethical principles." *Id*. (emphasis added).

59. In addition, DMA states that the Ethical Guidelines "are intended to be honored in light of their aims and principles. All marketers should support the guidelines in spirit and not treat their provisions as obstacles to be circumvented by legal ingenuity." *Id.*

60. DMA has also published a companion volume to its Ethical Guidelines called *Do the Right Thing: A Companion to DMA's Guidelines for Ethical Business Practice* (Revised January 2009) ("*Do the Right Thing*"). Ex. C, incorporated herein by reference. That volume is intended to "give[] direct marketers advice on how to assure their business practices comply with" the Ethical Guidelines. *Do the Right Thing* at 2.

61. DMA's Ethical Guidelines are set forth in a series of "Articles," each of which states a separate ethical principle.

62. In both the 2011 and 2014 editions of its Ethical Guidelines, Article #1, "HONESTY AND CLARITY OF OFFER," states: "All offers should be clear, honest and complete so that the consumer may know the exact nature of what is being offered the price, the terms of payment (including all extra charges) and the commitment involved in the placing of an order."

63. By offering its merchandise with a display of false prices, Defendant has violated that ethical standard.

64. Defendant's unfair and unethical acts and practices have directly, foreseeably, and proximately caused loss, damages and injury to the Class.

65. Defendant's unfair and unethical acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and Class members.

66. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT IV: COMMON LAW FRAUD

67. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

68. By displaying a price by each item of merchandise in its vending machines, Defendant represented that customers could purchase that item for the displayed price.

69. That representation was false.

70. That representation was material in that it might justifiably induce the action taken in purchasing the item.

71. Defendant knew that the representation was false.

72. Defendant intended that the representation should be acted upon by customers in the manner reasonably contemplated.

73. Plaintiff was ignorant of the representation's falsity.

74. Plaintiff relied on the representation being true.

75. Defendant had a right to rely thereon.

76. Plaintiff was consequently and proximately injured.

77. Defendant's fraudulent actions were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and Class members.

78. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT V: UNJUST ENRICHMENT

79. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

80. Substantial benefits have been conferred upon Defendant by Plaintiff and Class members by purchasing soft drinks and snacks for amounts that are higher than the displayed prices, and Defendant has knowingly and willingly accepted and enjoyed such benefits.

81. Defendant either knew or should have known that the amounts it charged customers' credit, debit or prepaid cards were greater than the prices it displayed. For Defendant to retain the benefit of the payments under these circumstances is inequitable.

82. Defendant's acceptance and retention of these benefits under the circumstances make it inequitable for Defendant to retain the benefit without payment of the value to Plaintiff and the Class.

83. Plaintiff and the Class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

84. As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant, plus attorneys' fees, costs, and interest thereon.

85. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT VI: MONEY HAD AND RECEIVED

86. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein.

87. Defendant has received money from Plaintiff and the Class for selling items from its vending machines in excess of the displayed prices that in equity and good conscience should be returned to Plaintiff and the Class.

88. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Classes, pray judgment against Defendants as follows:

1. Certifying the Classes and Subclasses as requested herein;

2. Entering an order appointing The Law Office of Richard S. Cornfeld and The Bruning Law Firm, LLC as lead counsel for the Classes;

3. Awarding actual damages from Defendant in an amount to be determined;

4. Awarding punitive damages against Defendant as the court deems necessary or proper;

5. Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein;

6. Awarding pre-judgment and post-judgment interest;

7. Awarding reasonable attorneys' fees and costs herein;

8. Awarding such other and further relief as the court deems fit and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Electronically Filed - City of St. Louis - October 23, 2018 - 04:20 PM

Electronically Filed - City of St. Louis - October 23, 2018 - 04:20 PM

Respectfully submitted,

LAW OFFICE OF RICHARD S. CORNFELD

By: */s/ Richard S. Cornfeld*
Richard S. Cornfeld, #31046
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Tel: (314) 241-5799
Fax: (314) 241-5788
rcornfeld@cornfeldlegal.com

and

Anthony S. Bruning, #30906
Anthony S. Bruning Jr., #60200
Ryan Bruning, #62733
Edward M. Roth, #37294
THE BRUNING LAW FIRM, LLC
555 Washington Ave, Suite 600
St. Louis, MO 63101
Tel: (314) 735-8100
Fax: (314) 735-8020
tony@bruninglegal.com
aj@bruninglegal.com
ryan@bruninglegal.com
eroth@bruninglegal.com

***Attorneys for Plaintiff***