UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE and VIRGINIA CARTER, *et al.* on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>COMPASS GROUP USA, INC., D/B/A CANTEEN<br><br>            Defendant. | Cause No. 4:18-cv-01962-SEP |

**JOINT MOTION TO AMEND THE SECOND AMENDED CASE MANAGEMENT ORDER AND JOINT PROPOSED AMENDED SCHEDULING PLAN**

COME NOW Plaintiffs George Moore, Virginia Carter, James Jilek, Francis Jaye, and Sean Madelmayer ("Plaintiffs"), by and through their counsel of record, and Defendant Compass Group USA, Inc. ("Compass Group"), by and through its counsel of record, having met and conferred, and hereby submit the following Motion to Amend the Second Amended Case Management Order and Joint Proposed Amended Scheduling Plan.

**I.    INTRODUCTION**

At the June 1, 2022, conference with the Court, the parties updated the Court as to the current status of discovery, particularly as it relates to Defendant's supplemental production regarding the survey it conducted of its vending machines. Based on the ongoing nature of Defendant's production, the parties stated, and the Court agreed, that an amended Case Management Order would be necessary. The Court ordered the parties to file an amended proposed Case Management Order by June 10, 2022. Accordingly, the parties jointly move this Court for an order approving the following proposed Joint Scheduling Plan.

1

## II. JOINT AMENDED SCHEDULING PLAN

(a) *Track Assignment*:

The prior Amended Case Management Order, Doc. #146, assigned this case to Track 3. The parties believe that a Track 3 assignment remains appropriate.

(b) *Dates for Joinder of Additional Parties or Amendments of Pleadings*:

The parties agree that all motions for joinder of additional parties or amendment of pleadings shall be done with the consent of all parties or with leave of Court.

(c) *Discovery Plan*:

(i) *any agreed-upon provisions for disclosure, discovery, and preservation of electronically stored information*.

The parties have not had and do not anticipate any issues regarding electronically stored information. If the parties are unable to resolve any disagreements on this subject, they will submit any such disagreements to the Court for resolution.

(ii) *any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production*.

See Doc. #44, Protective Order entered on September 26, 2019, at par. 15.

(iii) *a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1)*.

The parties have made initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and agree to timely supplement with any additional disclosures as required by this Rule.

(iv) *whether discovery should be conducted in phases or limited to certain issues*.

The parties do not believe that discovery should be conducted in phases or limited to certain issues.

(v) *dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case.*

    a.    Plaintiffs to disclose their expert(s) and provide expert reports by January 6, 2023. The depositions of Plaintiffs' experts to be completed by February 3, 2023.

    b.    Defendant to disclose its experts and provide expert reports by March 3, 2023. The depositions of Defendant's experts to be completed by March 31, 2023.

    c.    If Plaintiffs desire to designate a rebuttal expert, Plaintiffs will designate such an expert by April 14, 2023. The deposition of Plaintiffs' rebuttal expert to be completed by May 5, 2023.

(vi) *whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules.*

The parties agree that the presumptive limits set forth in Fed. R. Civ. P. 30(a)(2)(A) and 33(a) should apply at this time.

(vii) *whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed.*

None.

(viii) *a date by which all discovery will be completed.*

All discovery will be completed by May 19, 2023.

(ix)  *any other matters pertinent to the completion of discovery in this case.*

If any of the proposed dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

(d).  *The Parties' Positions Concerning the Referral of the Action to Mediation or Early Neutral Evaluation, and When Such Referral Would be Most Productive.*

The parties participated in a mediation on February 3, 2021 and, again, on May 19, 2021. Thereafter, the parties engaged in additional, informal, settlement discussions, which were unsuccessful. The parties believe that after this Court's ruling on the pending Motion to Dismiss, further mediation sessions may be beneficial.

(e).  *Dates for Filing Any Motions to Dismiss or Motions for Summary Judgment.*

The parties agree to meet and confer on dates for motions for summary judgment, if any. In addition, the parties propose the following deadlines on Plaintiffs' motion for class certification:

    a.  Plaintiffs' class certification motion: June 16, 2023 (40 pages).

    b.  Defendant's opposition to class certification: July 14, 2023 (40 pages).

    c.  Plaintiffs' reply brief: July 28, 2023 (25 pages).

(f).  *The Earliest Date by Which this Case Should Reasonably be Expected to be Ready for Trial.*

The parties agree that it is premature to schedule a trial date until after the Court decides on class certification.

(g).  *An Estimate of the Length of Time Expected to Try the Case to Verdict.*

The parties agree that until the Court decides on class certification, it is premature to estimate the length of time expected to try the case to verdict.

(h). *Any Other Matters Counsel Deem Appropriate for Inclusion in the Joint Scheduling Plan.*

None.

Dated: June 10, 2022                                    Respectfully submitted,

| | |
|---|---|
| LAW OFFICE OF RICHARD S. CORNFELD, LLC | K&L GATES LLP |
| By: */s/ Richard S. Cornfeld* <br> Richard S. Cornfeld, #31046MO <br> Daniel S. Levy, #66039MO <br> 1010 Market Street, Suite 1645 <br> St. Louis, MO 63101 <br> P. 314-241-5799 / F. 314-241-5788 <br> rcornfeld@cornfeldlegal.com <br> dlevy@cornfeldlegal.com <br><br> Robert Merrill Partain *(Pro Hac Vice)* <br> Alfredo Torrijos (*Pro Hac Vice*) <br> ARIAS SANGUINETTI WANG & TORRIJOS, LLP <br> 6701 Center Drive West, 14th Floor <br> Los Angeles, CA <br> T: (310) 844-9696 <br> F: (310) 861-0168 <br> robert@aswtlawyers.com <br> alfredo@aswtlawyers.com <br><br> **Attorneys for Plaintiffs** | By: */s/ Joseph C. Wylie II* <br> Joseph C. Wylie II, 6270852IL <br> Kenn Brotman *(Pro Hac Vice)* <br> Pam K. Sram *(Pro Hac Vice)* <br> Nicole C. Mueller (*Pro Hac Vice*) <br> K&L Gates LLP <br> 70 West Madison Street, Suite 3300 <br> Chicago, Illinois 60602-4207 <br> Telephone: (312) 372-1121 <br> Facsimile: (312) 827-8000 <br> joseph.wylie@klgates.com <br> kenn.brotman@klgates.com <br> pam.sran@klgates.com <br> nicole.mueller@klgates.com <br><br> Paul W. Sweeney Jr., 112511CA *(Pro Hac Vice)* <br> K&L GATES LLP <br> 10100 Santa Monica Blvd., 8th Floor <br> Los Angeles, CA 90067 <br> paul.sweeney@klgates.com <br><br> **Attorneys for Compass Group USA, Inc.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all Counsel of Record this 10th day of June, 2022.

_/s/ Richard S. Cornfeld_
