# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE, et al.,             ) | |
|                                 ) | |
|     Plaintiffs,                    ) | |
| v.                                   ) | Case No. 4:18-cv-01962-SEP |
|                                 ) | |
| COMPASS GROUP USA, INC.,     ) | |
|                                 ) | |
|     Defendant.                  ) | |

## **ORDER**

Before the Court are Defendant's Motion to Dismiss, Doc. [191], Defendant's Motion to Extend Alternative Dispute Resolution Completion Deadline, Doc. [189], and Plaintiff's Unopposed Motion to Extend Discovery Schedule, Doc. [196]. For the reasons set forth below, the Court grants the motion to dismiss in part and grants the scheduling motions.

In a prior order, the Court ordered Plaintiffs to make a more definite statement of counts 14 and 15 of the Amended Consolidated Class Action Complaint, Doc. [126]. Doc. [177] at 16-20; *see also* Fed. R. Civ. P. 12(e). Plaintiffs did not do so, and Defendant now moves to dismiss counts 14 and 15 with prejudice due to that failure. Docs. [191], [192], [195]. Plaintiffs do not oppose dismissal but request that the dismissal be without prejudice. Doc. [194]

Federal Rule of Civil Procedure 12(e) provides that: "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." In support of its request for a dismissal with prejudice, Defendant cites two brief district court decisions. Doc. [192] at 4. But Defendant fails to explain how those authorities support its position. In one case, the court dismissed the complaint *without* prejudice after the plaintiff failed to provide a more definite statement. *See Bringle v. Bringle*, 2019 WL 13217226, at *1 (S.D. Ind. Aug. 22, 2019). And in the other decision, the court neither characterized the dismissal as with or without prejudice nor clarified precisely under which rule the motion to dismiss was made. *See Ekberg v. Pennington*, 2002 WL 31399790, at *1 (E.D. La. Oct. 23, 2002). Defendant provides no other authority supporting dismissal with prejudice. Thus, the Court concludes that the "appropriate order" to issue in response to Plaintiffs' failure to provide a more definite statement is an order dismissing counts 14 and 15 without prejudice. Fed. R. Civ. P. 12(e).

The parties also bring a few scheduling issues to the Court's attention. Defendant asks the Court to extend the deadline for completing alternative dispute resolution until after May 19, 2023. Doc. [189] at 5. Plaintiffs consent to an extension but only until March 3, 2023. Doc. [190] at 6. Plaintiffs also ask the Court—without opposition—to extend the current case management deadlines by approximately four months due primarily to discovery delays. Doc. [196]. The Court grants both requests in full and issues a Fourth Amended Case Management Order to that effect. However, "to secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1, the Court advises the parties that it will not entertain further motions to extend any deadlines set out in the Fourth Amended Case Management Order absent truly exceptional circumstances. The press of business, litigation delays, and other garden-variety circumstances will not justify further amendments.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [191], is **GRANTED IN PART** and counts 14 and 15 of the Amended Consolidated Class Action Complaint are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Alternative Dispute Resolution Completion Deadline, Doc. [189], and Plaintiffs' Unopposed Motion to Extend Discovery Schedule, Doc. [196], are **GRANTED**. A Fourth Amended Case Management Order accompanies this Order.

Dated this 12th day of January, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE