# Exhibit 2

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 25 2019

Sherri R. Carter, Executive Officer/Clerk
By: Tanya Herrera, Deputy

1  Mike Arias, Esq. (SBN 115385)
      mike@aswtlawyers.com
2  Elise R. Sanguinetti (SBN 191389)
      elise@aswtlawyers.com
3  Alfredo Torrijos, Esq. (SBN 222458)
      alfredo@aswtlawyers.com
4  **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**
5  6701 Center Drive West, 14th Floor
6  Los Angeles, CA 90045
   Tel: (310) 844-9696 / Fax:       (310) 861-0168
7

8  Richard S. Cornfeld (To be admitted *Pro Hac Vice*)
      rcornfeld@cornfeldlegal.com
9  Daniel Scott Levy (To be admitted *Pro Hac Vice*)
      dlevy@cornfeldlegal.com
10 **LAW OFFICE OF RICHARD S. CORNFELD, LLC**
11 1010 Market Street, Suite 1645
   St. Louis, Missouri 63101
12 Tel: (314) 241-5799 / Fax: (314) 241-5788

13
   *Attorneys for Plaintiff*
14 *and the Proposed Class*

15

**BY FAX**

16              SUPERIOR COURT OF THE STATE OF CALIFORNIA
17                       FOR THE COUNTY OF LOS ANGELES

18  JAMES JILEK, individually and on behalf   | Case No. **19STCV38382**
    of all others similarly situated,
19
                 Plaintiff,                   | **CLASS ACTION COMPLAINT**
20
21         vs.                                | **JURY TRIAL DEMANDED**

22  COMPASS GROUP USA, INC., a
    Delaware Corporation; and DOES 1
23  through 50; inclusive,

24               Defendants.

---

**CLASS ACTION COMPLAINT**

Plaintiff James Jilek ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations based upon information and belief, except as to those allegations specifically pertaining to Plaintiff and his counsel, which are based on personal knowledge. Plaintiff brings this action for restitution and monetary damages against defendant Compass Group USA, Inc. d/b/a Canteen Vending Services ("Canteen"), and Does 1 through 50 (collectively, "Defendants"), demanding a trial by jury.

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendants to recover damages, restitution, injunctive relief and other relief available at law and in equity on behalf of himself as well as on behalf of the members of the following class:

> *All persons who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a "Class Vending Machine" using a credit, debit or prepaid card and who were charged an amount in excess of the price displayed for that item (the "Class").*

2. For purposes of the above class definition, "Class Vending Machine" includes any vending machine that at the time of the purchase at issue was: (i) owned and/or operated by one or more Defendants; (ii) located in the State of California; and (iii) did not clearly disclose, prior to the purchase, that the displayed charges would be increased (or additional fees imposed) for purchases made with a credit, debit or prepaid card and did not disclose the amount of that increase (or additional fee).

3. This action arises from Defendants' practice of charging a higher, undisclosed price and/or a hidden fee when items sold in the Class Vending Machines are paid for using a credit, debit or prepaid card.

/ / /

/ / /

## THE PARTIES

4. Plaintiff James Jilek ("Plaintiff") is a resident of Los Angeles County, California.

5. On information and belief, Defendant Compass Group USA, Inc. d/b/a Canteen Vending Services ("Canteen"), is a Delaware corporation doing business in the County of Los Angeles, California, with headquarters located in Charlotte, North Carolina. Canteen is the largest and only national vending company in the country that offers vending, office coffee and dining services in 48 states.

6. The true names and capacities, whether individual, corporate, partnership, associate or otherwise of Defendants Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names pursuant to section 474 of the Code of Civil Procedure. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.

7. Plaintiff is informed and believes, and based upon that information and belief allege, that the Defendants named in this complaint, including Does 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages alleged herein.

8. Plaintiff is informed and believes, and based upon that information and belief alleges, that each Defendant named in this complaint, including Does 1 through 50, inclusive, knowingly and willfully acted in concert, conspired and agreed together among themselves, and entered into a combination and systemized campaign of activity, to *inter alia* damage Plaintiff and the Class and to otherwise consciously and/or recklessly act in derogation of the rights of Plaintiff and the Class, and the trust reposed by Plaintiff and the Class in each of the Defendants, the acts being negligently and/or intentionally inflicted. This conspiracy, and Defendants' concerted actions, were such that, to the information and belief of Plaintiff and the Class, and to all appearances, Defendants, represented a unified body so that the actions of one Defendant were accomplished in concert with, and with knowledge, ratification, authorization and approval of each of the other Defendants.

///

— 3 —
CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

9. Plaintiff brings this action to recover damages and to seek restitution and other relief available at law or in equity. A substantial part of the acts and omissions complained of in this action took place in the State of California.

10. Venue is proper in this judicial district pursuant to California Code of Civil Procedure section 395 because a substantial part of the events or omissions giving rise to the claims occurred and/or emanated from Los Angeles County and because Defendants have caused harm to class members residing in Los Angeles County, California.

## FACTUAL ALLEGATIONS

**A. Canteen Charges an Undisclosed, Hidden Fee When Consumers Use a Credit, Debit or Prepaid Card to Purchase Items from Class Vending Machines.**

11. Canteen owns and operates vending machines in California, including vending machines located in Los Angeles, California. Those vending machines sell items such as soft drinks, water and snacks and display a price for each item.

12. The vending machines pictured below, which are owned and/or operated by Canteen, are located at 1739 East Holly Avenue, El Segundo, California ("1739 East Holly").



— 4 —
CLASS ACTION COMPLAINT

13. These vending machines, which allow for payment either via cash or with a credit, debit or prepaid card ("card"), display the price for each item offered for sale. Thus, for example, sodas are priced at $1.00 and a package of Skittles are priced at $1.25.

 

14. A single price is displayed for each of the items offered for sale in the two above-pictured vending machines at 1739 East Holly. The vending machines do not contain or provide any disclosure that an additional fee will be charged if the items offered for sale are paid for using a card or that a different, higher price will be charged for items that are paid for using a card.

15. In fact, however, as the experience of Plaintiff Jilek shows, a hidden, undisclosed fee is imposed when items are purchased using a card.

B. **Plaintiff Jilek's Experiences.**

16. On or about July 26, 2019, Plaintiff Jilek purchased a soda with a display price of $1.00 from a vending machine at 1739 East Holly using his credit card. Using the same credit card, on or about August 14, 2019, Plaintiff Jilek purchased a package of Skittles with a display price of $1.25 from a vending machine at 1739 East Holly.

17.     When Plaintiff Jilek made the above purchases on July 26, 2019 and August 14, 2019, there was no sign or other indication on either of the two vending machines that the purchaser's card would be charged more than the displayed price.  However, as shown on his credit card statement, Plaintiff was actually charged more than the display price for the items he purchased from these vending machines.  Instead of the $1.00 display price for the soda, Plaintiff was charged $1.10.  Likewise, instead of the $1.25 display price for a package of Skittles, Plaintiff was charged $1.35.

| Date | Description | Amount |
|---|---|---|
| Aug 14, 2019 | CANTEEN LA 714-899-2520 | $1.35 |

| Date | Description | Amount |
|---|---|---|
| Jul 26, 2019 | CANTEEN LA 714-899-2520 | $1.10 |

## CLASS ALLEGATIONS

18.     Plaintiff brings this action individually and as a representative of all others who are similarly situated.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Section 382 of the Code of Civil Procedure. Plaintiff seeks certification of a class initially defined as follows:

> *All persons who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a "Class Vending Machine" using a credit, debit or prepaid card and who were charged an amount in excess of the price displayed for that item (the "Class").*

19.     For purposes of the above class definition, "Class Vending Machine" includes any vending machine that at the time of the purchase at issue was: (i) owned and/or operated by one or more Defendants; (ii) located in the State of California; and (iii) did not clearly disclose, prior to the purchase, that charges would be increased (or additional fees imposed) for purchases made

with a credit, debit or prepaid card and did not disclose the amount of that increase (or additional fee).

20.  Excluded from the above Class are Defendants, including any entity in which Defendants have a controlling interest, are a parent or subsidiary, or which are controlled by Defendants, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendants.  Also excluded are the judges and court personnel in this case and any members of their immediate families.

21.  Plaintiff reserves the right to amend or modify the above class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

22.  This action has been brought and may be properly maintained on behalf of the Class proposed herein under section 382 of the California Code of Civil Procedure.

23.  <u>Numerosity</u>.  The members of the Class are so numerous that joinder of all members is impractical.  Plaintiff is informed and believes that there are likely thousands of members of the Class.  The precise number of Class members can be ascertained from Defendants' records.

24.  <u>Commonality and Predominance.</u> There are questions of law and fact common to the Class, which predominate over any questions affecting individual members of each respective class.  These common questions of law and fact include, without limitation:

    a.  Whether Defendants entered into contracts with Plaintiff and members of the Class;

    b.  Whether Defendants breached their agreements with Plaintiff and the Class;

    c.  Whether Defendants' conduct as alleged herein is unfair, unlawful and or fraudulent in violation of the California's Unfair Competition Law (Bus. & Prof. Code, §§ 17200, *et seq.*;

    d.  Whether Defendants' conduct as alleged herein violates the Consumers Legal Remedies Act, Civil Code sections 1750, *et seq.*; and

    e.  Whether Plaintiff and the members of the Class have been damaged by the wrongs complained of herein, and if so, the measure of those damages and the nature and extent of other relief that should be afforded.

— 7 —
CLASS ACTION COMPLAINT

25. <u>Typicality.</u>  Plaintiff's claims are typical of the claims of the Class he seeks to represent.  Plaintiff and all Class members were exposed to uniform practices and sustained injuries arising out of and caused by Defendants' conduct.

26. <u>Adequacy.</u> Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in the prosecution of class actions.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

27. <u>Superiority.</u> A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, Class members will continue to suffer losses and Defendants' misconduct will proceed without remedy.  Even if Class members themselves could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court.  Finally, Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

<b><u>FIRST CLAIM FOR RELIEF</u></b><br><b>Breach of Contract</b><br><b>(By Plaintiff and the Class Against Defendants)</b>

28. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint, as though fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

29. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants under California law.

— 8 —

30. An implied-in-fact contract was formed between Plaintiff and Class members on the one hand and Defendants on the other with respect to the sale of items from the Class Vending Machines (the "Purchase Agreement").

31. Defendants offered to enter into the Purchase Agreement when they demanded payment for items in the Class Vending Machines at the prices displayed for those items.

32. Plaintiff and other Class members accepted Defendants' offer by paying for items in the Class Vending Machines at the prices displayed for those items. Through their payment, Plaintiff and other members of the Class performed all conditions, covenants and promises required of Plaintiff and other Class members in accordance with the Purchase Agreement.

33. Defendants breached the Purchase Agreement by charging Plaintiff and other members of the Class a price higher than the prices displayed for the items and/or by charging a hidden, undisclosed fee for the use of a credit, debit or prepaid card.

34. Defendants' breaches were willful and not the result of mistake or inadvertence.

35. As a direct and proximate result of Defendants' breach of contract, Plaintiff and the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff and the Class pray judgment against Defendants as hereafter set forth.

### SECOND CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law**
**Cal. Bus. & Prof. Code §§ 17200, et seq.**
**(By Plaintiff and the Class Against Defendants)**

36. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint, as though fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

37. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants under California law.

38. Plaintiff has standing to pursue this cause of action as Plaintiff has suffered injury in fact and has lost money or property as a result of Defendants' actions as delineated herein.

///

39. California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200, *et seq.*, defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

40. Defendants' scheme, as delineated herein, constitutes unlawful, unfair, or fraudulent business practices in violation of the UCL.

41. Defendants' business practices, as alleged herein, violate the "unfair" prong of the UCL because: (i) the utility of Defendants' scheme is significantly outweighed by the gravity of the harm the scheme imposes on Plaintiff and the Class; (ii) the injury suffered by Plaintiff and the Class as a result of Defendants' scheme is not one that Plaintiff and the Class could have reasonably avoided; and (iii) Defendants' scheme runs counter to legislatively declared and public policy.

42. Defendants' business practices, as alleged herein, violate the "unlawful" prong of the UCL because they constitute a breach of the contracts between Plaintiff and members of the Class on the one hand and Defendants on the other, and because they constitute a violation of the Consumer Legal Remedies Act.

43. Defendants' business practices, as alleged herein, violate the "fraudulent" prong of the UCL because they are likely to deceive a reasonable consumer. Specifically, Defendants have violated the "fraudulent" prong of the UCL by: (i) representing items for sale in the Class Vending Machines at one price but charging a higher, undisclosed price for those items; (ii) failing to disclose that the purchase price displayed for items in the Class Vending Machines would be increased if the items were purchased using a credit, debit or prepaid card; (iii) failing to disclose that Defendants would charge a fee for the use of a credit, debit or prepaid card to purchase items from the Class Vending Machines; and/or (iv) failing to disclose the amount of the fee that Defendants would charge if a credit, debit or prepaid card was used to purchase items from the Class Vending Machines.

44. Accordingly, Defendants violated, and continues to violate the UCL's proscription against engaging in unlawful business acts or practices.

///

45. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff and the Class have suffered injury in fact and lost money or property, in that they were charged and paid more for items in the Class Vending Machines than the price displayed for those items and/or were charged and paid a hidden, undisclosed fee for the use of a credit, debit or prepaid card to purchase items from the Class Vending Machines.

46. Pursuant to California Business and Professions Code section 17203, Plaintiff and the Class seek an order of this court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth in the complaint.

47. Plaintiff and the Class also seek an order requiring Defendants to make full restitution of all monies they wrongfully obtained from Plaintiff and the Class.

WHEREFORE, Plaintiff and the Class pray judgment against Defendants as hereafter set forth.

### THIRD CLAIM FOR RELIEF
**Violation of Consumers Legal Remedies Act**
**Cal. Civil Code §§ 1750,** *et seq.*
**(By Plaintiff and the Class Against Defendants)**

48. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 27, inclusive, of this Complaint, as though fully set forth herein and, to the extent necessary, pleads this cause of action in the alternative.

49. This cause of action is brought pursuant to the Consumers Legal Remedies Act, Civil Code sections 1750, *et seq.* (the "CLRA") because Canteen's actions and conduct described herein constitute transactions that have resulted in the sale or lease of goods or services to consumers.

50. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendants under California law.

51. Plaintiff and each member of the Class are consumers as defined by section 1761(d) of the Civil Code.

///

52. The items sold by Defendants in the Class Vending Machines are "goods" as defined in section 1761(a) of the Civil Code.

53. Defendants violated the CLRA in at least the following respects:

    a. In violation of section 1770(a)(9), Defendant advertised items for sale in the Class Vending Machines with no intent to sell those items as advertised (because Defendants intended to, and did, charge a higher, undisclosed price for those items and/or charged a hidden, undisclosed fee for the use of a credit, debit or prepaid card);

    b. In violation of section 1770(a)(14), Defendants represented that a transaction involves obligations (*i.e*, to pay the posted price) that it does not have or involve or which are prohibited by law (because Defendants charged the higher, undisclosed price and/or charged the hidden, undisclosed fee for the use of a credit, debit or prepaid card to consumers without clearly and conspicuously disclosing the higher prices and/or the undisclosed fee and without the consumers' express, informed consent to pay the higher price and/or undisclosed fee); and

    c. In violation of section 1770(a)(16), Defendants represented that the subject of a transaction has been supplied in accordance with a previous representation (that only the price displayed will be charged for the purchase of the item) when it was not (because Defendant intended to, and did, automatically charge a higher, undisclosed price and/or a hidden, undisclosed fee for the use of a credit, debit or prepaid card).

54. Defendants knew, or should have known, that their representations and advertisements were false and misleading.

55. Plaintiff and the other Class members have suffered damages as a direct and proximate result of Defendants' actions in violation of the CLRA.

56. Plaintiff, on behalf of himself and for all similarly situated, seeks an order from this Court under section 1780(a)(2) of the Civil Code enjoining Defendants from continuing to engage in the practices set forth in this Complaint and a declaration that Defendants' conduct violates the CLRA.

57. Plaintiff is not presently seeking compensatory or exemplary damages, pursuant to sections 1780 and 1782(b) of the Civil Code. Plaintiff, however, will be serving Canteen, in

accordance with section 1782(a) of the Civil Code, with notice of Canteen's alleged violations of the CLRA by certified mail, return receipt requested. If Canteen fails to provide appropriate relief for its violations of the CLRA within 30 days of Plaintiff's notification letter, Plaintiff will seek to amend this complaint to seek compensatory and exemplary damages, pursuant to sections 1780 and 1782(b) of the Civil Code.

WHEREFORE, Plaintiff and the Class pray judgment against Defendants as hereafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment against Defendants, as follows:

1. An order certifying appropriate classes and/or subclasses, designating Plaintiff as the class representatives and his counsel as class counsel;

2. An order enjoining Defendants from continuing to engage in the practices complained of herein;

3. An award of restitution, damages, and disgorgement to Plaintiff and the Class in an amount to be determined at trial;

4. An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded, as allowed by law;

5. An award of costs and attorneys' fees, as allowed by law; and

6. Such other or further relief as may be appropriate.

Dated: October 25, 2019          **ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

By: _____
Mike Arias (SBN 115385)
mike@aswtlawyers.com
Elise R. Sanguinetti (SBN 191389)
elise@aswtlawyers.com
Alfredo Torrijos (SBN 222458)
alfredo@aswtlawyers.com
6701 Center Drive West, 14th Floor

Los Angeles, CA 90045
(310) 844-9696 / (310) 861-0168 (fax)

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**
Richard S. Cornfeld (To be admitted *Pro Hac Vice*)
    rcornfeld@cornfeldlegal.com
Daniel Scott Levy (To be admitted *Pro Hac Vice*)
    dlevy@cornfeldlegal.com
1010 Market Street, Suite 1645
St. Louis, MO 63101
(314) 241-5799 / (314) 241-5788 (fax)

*Attorneys for Plaintiff and the Proposed Class*

— 14 —
CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury of any and all issues in this action so triable of right.

Dated: October 25, 2019

**ARIAS SANGUINETTI WANG & TORRIJOS, LLP**

By: _____
Mike Arias (SBN 115385)
  mike@aswtlawyers.com
Elise R. Sanguinetti (SBN 191389)
  elise@aswtlawyers.com
Alfredo Torrijos (SBN 222458)
  alfredo@aswtlawyers.com
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
(310) 844-9696 / (310) 861-0168 (fax)

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**
Richard S. Cornfeld (To be admitted *Pro Hac Vice*)
  rcornfeld@cornfeldlegal.com
Daniel Scott Levy (To be admitted *Pro Hac Vice*)
  dlevy@cornfeldlegal.com
1010 Market Street, Suite 1645
St. Louis, MO 63101
(314) 241-5799 / (314) 241-5788 (fax)

*Attorneys for Plaintiff and the Proposed Class*