# Exhibit 11

***EFILED***
Case Number 2022LA001328
Date: 10/20/2022 5:33 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

# IN THE CIRCUIT COURT
# THIRD JUDICIAL CIRCUIT
# MADISON COUNTY, ILLINOIS

| | |
|---|---|
| Jason Pemberton, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COMPASS GROUP USA, INC., D/B/A CANTEEN | ) ) ) |
| Defendant. | ) ) |

2022LA001328

Case No. 22-L-_____

JURY TRIAL DEMANDED

## PLAINTIFF'S CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

THE PARTIES .............................................................................................................. 1

    Plaintiff ................................................................................................................ 1

    Defendant ............................................................................................................. 1

JURISDICTION AND VENUE ................................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ............... 2

CLASS ACTION ALLEGATIONS ............................................................................. 4

COUNT I: BREACH OF CONTRACT ....................................................................... 6

COUNT II: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT BY MEANS OF UNFAIR PRACTICES ...................... 7

COUNT III: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIE BUSINESS PRACTICE ACT BY MEANS OF DECEPTIVE ACTS OR PRACTICES ............ 10

COUNT IV: UNJUST ENRICHMENT ..................................................................... 11

PRAYER FOR RELIEF ............................................................................................. 13

PLAINTIFF Jason Pemberton ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint against DEFENDANT COMPASS GROUP USA, INC., D/B/A CANTEEN ("Canteen") as follows based on personal knowledge as to his own actions and on information and belief as to Defendant's conduct and practices.

## INTRODUCTION

1. Plaintiff brings this class action individually and on behalf of a Class of similarly situated consumers who have purchased items from Defendant's vending machines located in the State of Illinois and been charged more than the amount displayed for those items.

2. Defendant's actions as alleged herein constitute breach of contract; violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, ("ICFA") by means of unfair practices and deception; and unjust enrichment.

## THE PARTIES

### Plaintiff

3. Plaintiff Jason Pemberton is a resident of Peoria, Illinois and a citizen of the State of Illinois who used a credit card to purchase items from a vending machine located at the Caterpillar Building KK in East Peoria, IL, after which Defendant charged his card more than the posted prices.

### Defendant

4. Defendant Compass Group USA, Inc., is a corporation incorporated in Delaware with its principal place of business located at 2400 Yorkmont Road in Charlotte, NC. It does business under the name "Canteen." Its registered agent in Illinois is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

1

5. Defendant owns, operates, services, and maintains vending machines throughout Illinois, including in Madison County. On its website, Defendant states that it is "the largest vending company in the nation...."[1]

## JURISDICTION AND VENUE

6. This court has personal jurisdiction over Defendant because Defendant purposefully directs its activities at residents of Illinois and the litigation results from injuries that arise out of or relate to those activities.

7. Venue is proper in this Court because Defendant is doing business in and, therefore, a resident of, Madison County, Illinois.

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

8. Defendant owns and operates vending machines throughout the United States, including throughout Illinois, which utilize a "two-tier" pricing structure for the products sold in the machines. A "two-tier" pricing structure means that a consumer is charged more for a product if the consumer elects to use a credit, debit or pre-paid card in lieu of paying cash for the product. Generally, the price for a credit, debit or prepaid card transaction is .10 cents higher than for a cash transaction. Hereinafter, the term "Cash Price" is the price charged by Defendant's "two-tier" vending machines for a cash transaction. Hereinafter, the term "Card Price" is the price charged by Defendant's "two-tier" vending machines for a credit, debit or pre-paid card transaction.

9. Defendant's vending machines that utilize "two-tier" pricing are required to have labeling that informs the consumer of the different prices for cash and card transactions.

---

[1] https://www.canteen.com/vending/ (accessed October 13, 2022).

10. On information and belief, many of Defendant's "two-tier" vending machines in Illinois, including the machines used by Plaintiff, failed to have such labeling informing consumers that the "Card Price" is higher than the posted "Cash Price." Instead, such machines simply listed the lower "Cash Price," with no indication to consumers that they would be charged an amount that exceeds the displayed price when paying with a card.

11. By displaying the lower "Cash Price" on the machine and not informing the consumer that they will be charged the higher "Card Price" when paying with a card, Defendant deceives the consumer into paying a higher amount than listed.

12. On information and belief, Defendant knew that many of its "two-tier" vending machines lacked labeling informing consumers that they would be charged a higher amount for purchases made with a card than the price listed on the machine.

**Plaintiff's Purchases**

13. Defendant maintained vending machines in the Caterpillar Building KK in East Peoria, IL.

14. These vending machines sold various items and displayed a price for each item. These machines were "two-tier" machines which charged a higher than advertised price for the products in the machine when a consumer used a credit, debit or prepaid card, in lieu of paying for the products with cash.

15. From approximately April 2018-March 2020, Plaintiff made almost daily purchases with his credit card from Defendant's vending machines located in the Caterpillar Building KK, in East Peoria, IL. He generally purchased diet Mountain Dew or Monster Energy drinks.

3

16. When Plaintiff made his purchases from Defendant's vending machine, there was no sign or other indication on the vending machine informing the consumer that the purchaser's card would be charged more than the displayed price.

17. Plaintiff made his purchases from Defendant's vending machines, as alleged above, for personal, family or household purposes.

## CLASS ACTION ALLEGATIONS

18. Plaintiff seeks to represent the following Class:

All persons or entities in the State of Illinois who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, (1) purchased with a credit, debit or prepaid card (2) an item from a vending machine owned or operated by Defendant that did not state charges would be increased for purchases with a credit, debit or prepaid card and (3) were charged an amount in excess of the price displayed for that item on the vending machine.

19. Excluded from the Class are any employees of Defendant, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families.

20. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

21. The Class Period is that period within the statute of limitations for this action and extending until a Class is certified herein.

22. The Class is certifiable under 735 ILCS 5/2-801.

23. **Numerosity.** 735 ILCS 5/2-801(1). The members of the Class are so numerous that joinder of all members is impractical.

24. **Commonality and Predominance.** 735 ILCS 5/2-801(2). There are questions of law and fact common to the Class, which predominate over any questions affecting individual members of the Class. These common questions of law and fact include, without limitation:

   a. Whether Defendant sells items in vending machines with a particular displayed price;

   b. Whether Defendant charges customers' cards or accounts for more than the displayed price;

   c. Whether and where Defendant had vending machines that did not state charges would be increased for purchases with a credit, debit or prepaid card;

   d. Whether Defendant as a result has breached a contract for the sale of items from its vending machines;

   e. Whether Plaintiff and the members of the Class are entitled to an award of compensatory damages and/or restitution and/or disgorgement;

   f. Whether Defendant's conduct as alleged herein violates the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*, ("ICFA");

   g. Whether injunctive, declaratory, and/or or other equitable relief is warranted pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act;

   h. Whether Plaintiff and the Class are entitled to an award of punitive damages as permitted by the Illinois Consumer Fraud and Deceptive Business Practices Act; and

   i. Whether Defendant's actions constitute unjust enrichment.

25. **Adequacy.** 735 ILCS 5/2-801(2). Plaintiff is a member of the Class he seeks to represent, is committed to the vigorous prosecution of this action, and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

26. **Appropriateness.** 735 ILCS 5/2-801(4). A class action is an appropriate method for the fair and efficient adjudication of the controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the

financial resources of Defendant, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, Class members will continue to suffer losses and Defendant's misconduct will proceed without remedy. Even if Class members themselves could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard that might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale and comprehensive supervision by a single court. Finally, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

27. **Class Action on Limited Issues.** 735 ILCS 5/2-802(b). Because there are common individual issues among the Class, it is appropriate for this action to be maintained as a class action with respect to particular issues if necessary.

## COUNT I: BREACH OF CONTRACT
(Plaintiff and the Class)

28. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

29. Plaintiff and Class Members entered into contracts with Defendant; pursuant to those contracts Defendant offered to sell to Plaintiff and Class Members the items that were for sale in its vending machines for the displayed prices and Plaintiff and Class Members agreed to pay those prices.

6

30. Plaintiff and Class Members performed pursuant to those contracts by using their cards to buy the items at the displayed prices.

31. Defendant breached those contracts by charging Plaintiff's and Class Members' cards more than the displayed prices.

32. Plaintiff and Class Members thereby suffered damages.

33. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

### COUNT II: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT BY MEANS OF UNFAIR PRACTICES
(Plaintiff and the Class)

34. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

35. The items that Defendant sells through its vending machines are "merchandise" pursuant to 815 ILCS § 505/1(b). The advertising, offering for sale, sale, and/or distribution of such items constitutes "trade" or "commerce" pursuant to 815 ILCS § 505/1(f).

36. Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce . . . whether any person has in fact been mislead, deceived or damaged thereby."

7

37. Pursuant to ICFA, Defendant has a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, it breached that duty.

38. As set forth above, Defendant knew or should have known that it was charging consumers more for items in its vending machines than the listed price when consumers pay with a card, without providing any notice to Plaintiff and the Class about the higher "Card Price."

39. At a minimum, Defendant omitted material facts by not disclosing to Plaintiff and the Class prior to their purchases: (a) that the listed price on its machines was only for purchases made with cash; and (b) that consumers were charged an amount higher than the listed price on its machines when they pay with a card.

40. The above stated facts are facts which a reasonable consumer would likely consider to be important in making a purchasing decision, or which would be likely to induce a person to manifest his/her assent, or which the seller knows would be likely to induce a particular consumer to manifest his/her assent, or which would be likely to induce a reasonable consumer to act, respond or change his/her behavior in any substantial manner.

41. Defendant's omission of the above stated facts constituted a failure to disclose material facts that were known to it, or that, upon reasonable inquiry, would be known to it.

42. Charging consumers more for items in Defendant's vending machines than the listed price when consumers pay with a card, without providing any notice to consumers about the higher "Card Price," is unfair and unethical and violates generally accepted principles of ethical business conduct.

43. Defendant's unfair and unethical actions in failing to inform Plaintiff and the Class about the undisclosed higher "Card Price" was therefore purposeful, as Defendant chose not to give them any information about the higher "Card Price" prior to their purchases.

44. Section 2 of ICFA further prohibits unfair methods of competition and unfair or deceptive acts or practices, including "the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act[.]'"

45. Section 2 also provides: "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

46. As set forth above, Defendant engaged in, *inter alia*, the following deceptive trade practices described in Section 2 of the Uniform Deceptive Trade Practices Act in transactions with Plaintiff and the Class in Illinois which were intended to result in, and did result in, the sale of Defendant's merchandise:

   a. Concealing, omitting, and/or suppressing material facts regarding the items in its vending machines so as to create a likelihood of confusion or misunderstanding.

47. The acts and practices engaged in by Defendant, as set forth herein, constitute unfair business practices in violation of 815 ILCS § 505/1 et seq. because they: (a) offend public policy; (b) are immoral, unethical, oppressive, or unscrupulous; and/or (c) cause substantial injury to consumers.

48. The aforesaid unfair acts and practices occurred in the course of conduct involving trade or commerce.

49. Defendant intended that Plaintiff and the Class rely on the aforesaid unfair acts and practices.

50. Defendant's conduct as set forth herein involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns.

51. As a direct and proximate result of the aforesaid violations of ICFA, Plaintiff and the Class have suffered an ascertainable loss of money by being charged more than the listed price for items in Defendant's machines without being told of the higher price for purchases made with a card.

52. Defendant's acts and practices alleged herein have directly, foreseeably, and proximately caused loss, damages, and injury to Plaintiff and the Class in an amount to be determined at trial.

53. Defendant's conduct as aforesaid was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

54. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT III: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIE BUSINESS PRACTICE ACT BY MEANS OF DECEPTIVE ACTS OR PRACTICES
(Plaintiff and the Class)

55. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

56. Defendant's false statements, omissions, and misrepresentations described herein constitute deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of material facts in connection with the sale of merchandise in Illinois.

57. The acts and practices engaged in by Defendant, as set forth herein, constitute deceptive and/or fraudulent business practices in violation of 815 ILCS § 505/1 *et seq*.

58. The aforesaid fraudulent and deceptive acts and practices occurred in the course of conduct involving trade or commerce.

59. Defendant intended that Plaintiff and the Class rely on the aforesaid deceptive advertising, acts and practices.

60. As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the Class have suffered an ascertainable loss of money and/or property in that they were charged more than the listed price for items in Defendant's machines without being told of the higher price for purchases made with a card, in an amount to be proved at trial.

61. Defendant's conduct as aforesaid was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

62. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## COUNT IV: UNJUST ENRICHMENT
(Plaintiff and the Class)

63. Plaintiff incorporates by reference paragraphs 1- 17 as if fully set forth herein, and pleads this Count in the alternative to his breach of contract claim.

64. If there is not a contract, then Defendant is liable for unjustly enriching itself at the expense of Plaintiff and the Class.

65. Plaintiff and the Class members conferred a monetary benefit on Defendant when they paid for items in Defendant's machines.

66. As set forth above, Defendant knowingly misrepresented and concealed material facts in connection with its marketing, advertising, and sale of the items in its machines, when it charged consumers a higher price for purchases made with a card than the price listed on the machine, without disclosing the higher Card Price.

67. Defendant has retained Plaintiff's and the Class members' purchase price despite its knowing misrepresentations and concealments in connection with the sale of items in its machines.

68. As a result, Defendant is unjustly enriched at the expense of Plaintiff and the Class.

69. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class that Defendant gained through deceptive and fraudulent material misrepresentations and omissions in the marketing, advertising, and selling of items from its machines.

70. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class members overpaid for items from Defendant's machines, in that they were charged more than the listed price for items without being told of the higher price for purchases made with a card.

71. Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein, an amount which will be proved at trial.

72. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, pray judgment against Defendant as follows:

1. Certifying the Class as requested herein;

2. Entering an Order appointing Plaintiff as class representative and undersigned counsel as lead counsel for the Class;

3. Awarding actual damages from Defendant in an amount to be determined;

4. Awarding punitive damages against Defendant as the Court deems necessary or proper;

5. Awarding pre-judgment and post-judgment interest;

6. Awarding reasonable attorneys' fees and costs herein;

7. Awarding such other and further relief as the Court deems fit and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

LAW OFFICE OF RICHARD S. CORNFELD, LLC

By: */s/ Richard S. Cornfeld*
Richard S. Cornfeld, #0519391
Daniel S. Levy, #6315524
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Tel: (314) 241-5799
Fax: (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mike Arias (*Pro Hac Vice* to be submitted)
Robert Partain (*Pro Hac Vice* to be submitted)

13

Anthony Jenkins (*Pro Hac Vice* to be submitted)
ARIAS SANGUINETTI WANG & TORRIJOS, LLP
6701 Center Drive West, 14th Floor
Los Angeles, CA
T: (310) 844-9696
F: (310) 861-0168
robert@aswtlawyers.com
mike@aswtlawyers.com

Kevin P. Green #06299905
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
kevin@ghalaw.com
T: (618) 656-5150

*Attorneys for Plaintiff*