# Exhibit 12

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
COUNTY OF DAVIDSON             SUPERIOR COURT DIVISION
                               22 CVS 2576

JOSEPH WHITAKER, on behalf of       )
himself and all others similarly situated, )
                                    )
            Plaintiff,              )
                                    )
v.                                  )
                                    )
COMPASS GROUP USA, INC., D/B/A      )
CANTEEN                             )
                                    )
            Defendant.              )

## PLAINTIFF'S CLASS ACTION COMPLAINT
### JURY TRIAL DEMANDED

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

THE PARTIES ............................................................................................................... 1

    Plaintiff ................................................................................................................. 1

    Defendant ............................................................................................................. 1

JURISDICTION AND VENUE ..................................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY ................ 2

CLASS ACTION ALLEGATIONS ............................................................................... 4

COUNT I: BREACH OF CONTRACT ......................................................................... 6

COUNT II: VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE
PRACTICES ACT, N.C. GEN. STAT § 75-1.1 *ET SEQ*.) ........................................... 6

COUNT III: UNJUST ENRICHMENT .......................................................................... 8

PRAYER FOR RELIEF ............................................................................................... 10

PLAINTIFF JOSEPH WHITAKER ("Plaintiff"), on behalf of himself and all others similarly situated, files this Class Action Complaint against DEFENDANT COMPASS GROUP USA, INC., D/B/A CANTEEN ("Canteen") as follows based on personal knowledge as to his own actions and on information and belief as to Defendant's conduct and practices.

## INTRODUCTION

1. Plaintiff brings this class action individually and on behalf of a Class of similarly situated citizens of North Carolina who have purchased items from Defendant's vending machines located in the State of North Carolina and been charged more than the amount displayed for those items.

2. Defendant's actions as alleged herein constitute breach of contract; violation of the North Carolina Unfair and Deceptive Practices Act (N.C. Gen. Stat. §75-1.1 *et seq.* ("UDPA"); and unjust enrichment.

## THE PARTIES

### Plaintiff

3. Plaintiff JOSEPH WHITAKER is a resident of Lexington, North Carolina and is a citizen of the State of North Carolina who used a debit card to purchase items from a vending machine located at Royal Development, 325 Kettering Road, High Point, North Caolina 27263, after which Defendant charged his card amounts higher than the posted prices.

### Defendant

4. Defendant Compass Group USA, Inc., is a corporation incorporated in Delaware with its principal place of business located at 2400 Yorkmont Road in Charlotte, NC. Defendant Compass Group USA, Inc. does business under the name "Canteen." The registered agent for Defendant Compass Group USA, Inc. in North Carolina is Corporation Service Company, 2626 Glenwood Avenue, Raleigh NC 27608.

1

5.      Defendant Compass Group USA, Inc. owns, operates, services, and maintains vending machines throughout North Carolina. On its website, Defendant Compass Group USA, Inc. lists the following Canteen branches in North Carolina: Arden Asheville; Asheboro; Charlotte; Durham; Fayetteville; Forest City/Shelby; Hickory; Kinston; Sanford/Chapel Hill; Wilmington; Wilson; and Winston Salem.[1]

6.      On its website, Defendant Compass Group USA, Inc. states that it is "the largest vending company in the nation...."[2]

## JURISDICTION AND VENUE

7.      This lawsuit is a class action under Rule 23 of the North Carolina Rules of Civil Procedure.

8.      This Court has personal jurisdiction over Defendant Compass Group USA, Inc. because Defendant Compass Group USA, Inc. resides in North Carolina.

9.      Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in Davidson County.

## FACTUAL ALLEGATIONS REGARDING DEFENDANT'S LIABILITY

10.     Defendant Compass Group USA, Inc. owns and operates vending machines throughout the United States, including throughout North Carolina, which utilize a "two-tier" pricing structure for the products sold in the machines. A "two-tier" pricing structure means that a consumer is charged more for a product if the consumer elects to use a credit, debit or pre-paid card in lieu of paying cash for the product. Generally, the price for a credit, debit or prepaid card transaction is 10 cents higher than for a cash transaction. Hereinafter, the term "Cash Price" is

---

[1] https://www.canteen.com/find-your-canteen/ (accessed November 2, 2022).
[2] https://www.canteen.com/vending/ (accessed November 2, 2022).

2

the price charged by Defendant's "two-tier" vending machines for a cash transaction. Hereinafter, the term "Card Price" is the price charged by Defendant's "two-tier" vending machines for a credit, debit or pre-paid card transaction.

11. Defendant's vending machines that utilize "two-tier" pricing are required to have labeling that informs the consumer of the different prices for cash and card transactions.

12. On information and belief, many of Defendant's "two-tier" vending machines in North Carolina, including the machines used by Plaintiff, failed to have such labeling informing consumers that the "Card Price" is higher than the posted "Cash Price." Instead, such machines simply listed the lower "Cash Price," without any indication to consumers that they would be charged an amount that exceeds the displayed price when paying with a card.

13. By displaying the lower "Cash Price" on the machine and not informing the consumer that they will be charged the higher "Card Price" when paying with a card, Defendant Compass Group USA, Inc. deceives the consumer into paying a higher amount than listed.

14. On information and belief, Defendant knew that many of its "two-tier" vending machines lacked labeling informing consumers that they would be charged a higher amount for purchases made with a card than the price listed on the machine.

**Plaintiff's Purchases**

15. Defendant Compass Group USA, Inc. maintained vending machines at Royal Development, 325 Kettering Road, High Point, North Caolina 27263

16. These vending machines sold various items and displayed a price for each item. These machines were "two-tier" machines that charged a higher than advertised price for the products in the machine when a consumer used a credit, debit or prepaid card, in lieu of paying for the products with cash.

3

17. Plaintiff JOSEPH WHITAKER used Defendant's vending machines at Royal Development, 325 Kettering Road, High Point, North Caolina 27263 four days a week, every week during the years of 2019 and 2020. Plaintiff JOSEPH WHITAKER purchased soda and snacks from the machines on a regular basis throughout this time period using his bank debit card.

18. When Plaintiff made his purchases from Defendant's vending machine, there was no sign or other indication on the vending machine informing the consumer that the purchaser's card would be charged more than the displayed price.

## **CLASS ACTION ALLEGATIONS**

19. Plaintiff seeks to represent the following Class:

> All citizens of North Carolina who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine in the State of North Carolina owned or operated by Defendant with a credit, debit or prepaid card and were charged an amount in excess of the price displayed for that item on the vending machine, except for items purchased from a vending machine that stated that charges would be increased for purchases with a card.

20. Excluded from the Class are any employees of Defendant, as well as the officers, directors, affiliates, legal representatives, predecessors, successors, and assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families.

21. Plaintiff reserves the right to amend or modify the Class definition with greater specificity or division into subclasses after having had an opportunity to conduct discovery.

22. The Class Period is that period within the statute of limitations for this action and extending until a Class is certified herein.

23. The action is properly maintainable as a class action under North Carolina Rule of Civil Procedure 23.

4

Case 3:23-cv-00818-JAG-DCK    Document 261-12    Filed 11/10/23    Page 7 of 14

24.     **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time.

25.     **Commonality and Predominance.** There are numerous questions of law and fact common to the Class, which predominate over any questions affecting individual members of the Class. These common questions of law and fact include, without limitation:

   a. Whether Defendant sells items in vending machines with a particular displayed price;

   b. Whether Defendant charges customers' cards or accounts for more than the displayed price;

   c. Whether Defendant as a result has breached a contract for the sale of items from its vending machines;

   d. Whether Plaintiff and the members of the Class are entitled to an award of compensatory damages and/or restitution and/or disgorgement;

   e. Whether Defendant's conduct as alleged herein violates the North Carolina Unfair and Deceptive Practices Act, North Carolina Gen. Stat.§75-1.1 *et seq.*;

   f. Whether injunctive, declaratory, and/or or other equitable relief is warranted pursuant to the North Carolina Unfair and Deceptive Practices Act;

   g. Whether Plaintiff and the Class are entitled to an award of treble or punitive damages as permitted by the North Carolina Unfair and Deceptive Practices Act; and

   h. Whether Defendant's actions constitute unjust enrichment.

26.     **Adequacy.** Plaintiff is a member of the Class he seeks to represent, is committed to the vigorous prosecution of this action, and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

27.     **Typicality.** Plaintiff's claims are typical of the claims of the Class Members.

28.     **Superiority.** A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in

5

Case 3:23-cv-00818-JAG-DCK   Document 261-12   Filed 11/10/23   Page 8 of 14

the management of this action that would preclude its maintenance as a class action. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action. Absent a class action, the vast majority of Class Members would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims. Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

## COUNT I: BREACH OF CONTRACT
(Plaintiff and the Class)

29. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

30. Plaintiff and Class Members entered into contracts with Defendant Compass Group USA, Inc.; pursuant to those contracts Defendant offered to sell to Plaintiff and Class Members the items that were for sale in its vending machines for the displayed prices and Plaintiff and Class Members agreed to pay those prices.

31. Plaintiff and Class Members performed pursuant to those contracts by using their cards to buy the items at the displayed prices.

32. Defendant breached those contracts by charging Plaintiff's and Class Members' cards more than the displayed prices.

33. Plaintiff and Class Members thereby suffered damages.

34. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Complaint.

## COUNT II: VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE PRACTICES ACT, N.C. GEN. STAT § 75-1.1 *ET SEQ.*)
(Plaintiff and the Class)

6

35. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

36. This cause of action is brought pursuant to the North Carolina Unfair and Deceptive Practices Act, North Carolina Gen. Stat. § 75-1.1, *et seq.*, because Defendant's actions and conduct described herein constitute unfair or deceptive trade practices in the sale of a consumer good.

37. Defendant is engaged in "commerce" within the meaning of North Carolina Gen. Stat. § 75-1.1(b).

38. The UDPA broadly prohibits "unfair or deceptive acts or practices in or affecting commerce." North Carolina Gen. Stat. § 75-1.1(a). As alleged herein, Defendant willfully committed unfair or deceptive acts or practices in violation of the UDPA.

39. In the course of its business, Defendant Compass Group USA, Inc. willfully failed to inform consumers that they would be charged a higher price for items in its machines than the listed price when they made a purchase with a card, and otherwise engaged in activities with a tendency or capacity to deceive. Defendant engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, in connection with the sale of items from its vending machines. Additionally, Defendant's conduct was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. Defendant is directly liable for engaging in unfair and deceptive acts or practices in the conduct of trade or commerce in violation of the UDPA.

40. As alleged herein, Defendant Compass Group USA, Inc. knew that many of its vending machines in North Carolina lacked labeling informing consumers of the higher price for

purchases made with a card, while the Class was deceived by Defendant's omission into believing there was no such higher price for purchases made with a card, and this information could not have reasonably been known by the consumer.

41. Defendant Compass Group USA, Inc. knew or should have known that its conduct violated the UDPA.

42. As alleged herein, Defendant Compass Group USA, Inc. made representations to Plaintiff and the Class regarding the price of items in its vending machines that were either false or misleading.

43. Defendant's unfair or deceptive acts or practices were likely to deceive reasonable consumers, including the Class, about the price of items in its vending machines for purchases made with a card. Defendant intentionally and knowingly misrepresented material facts regarding the items in its vending machines with an intent to mislead the Class.

44. The accurate disclosure of the price of items in Defendant's vending machines for purchases made with a card was material to Plaintiff and the Class.

45. As a direct and proximate result of the unfair and/or deceptive trade practices described herein, Plaintiff and the Class suffered injury-in-fact and were damaged by being charged more than the listed price for items in Defendant's machines without being told of the higher price for purchases made with a card.

46. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT III: UNJUST ENRICHMENT
(Plaintiff and the Class)

47. Plaintiff incorporates by reference paragraphs 1-18 as if fully set forth herein, and to the extent necessary pleads this Count in the alternative to his breach of contract claim.

8

48. If there is not a contract, then Defendant is liable for unjustly enriching itself at the expense of Plaintiff and the Class.

49. Plaintiff and the Class members conferred a monetary benefit on Defendant when they paid for items in Defendant's machines.

50. As set forth above, Defendant Compass Group USA, Inc. knowingly misrepresented and concealed material facts in connection with its marketing, advertising, and sale of the items in its machines, when it charged consumers a higher price for purchases made with a card than the price listed on the machine, without disclosing the higher Card Price.

51. Defendant has retained Plaintiff's and the Class members' purchase price despite its knowing misrepresentations and concealments in connection with the sale of items in its machines.

52. As a result, Defendant is unjustly enriched at the expense of Plaintiff and the Class.

53. Under principles of equity and good conscience, Defendant should not be permitted to retain the money belonging to Plaintiff and the Class that Defendant gained through deceptive and fraudulent material misrepresentations and omissions in the marketing, advertising, and selling of items from its machines.

54. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class members overpaid for items from Defendant's machines, in that they were charged more than the listed price for items without being told of the higher price for purchases made with a card.

55. Accordingly, Plaintiff and the Class seek full disgorgement and restitution of the amounts Defendant has retained as a result of the unlawful and/or wrongful conduct alleged herein, an amount which will be proved at trial.

9

56. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, pray judgment against Defendant as follows:

1. Certifying the Class as requested herein;

2. Entering an Order appointing Plaintiff as class representative and undersigned counsel as lead counsel for the Class;

3. Awarding actual damages from Defendant in an amount to be determined;

4. Awarding treble and/or punitive damages against Defendant under the UDPA based on Defendant's willful, knowing, and malicious conduct, as the Court deems necessary or proper;

5. Awarding declaratory and injunctive relief as permitted by law or equity including a preliminary and permanent injunction enjoining Defendant from continuing the unlawful practices as set forth herein;

6. Awarding pre-judgment and post-judgment interest;

7. Awarding reasonable attorneys' fees and costs herein;

8. Awarding such other and further relief as the Court deems fit and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury.

This the 15 day of December, 2022.

ABRAMS & ABRAMS, P.A.

_____
Douglas B. Abrams (NC State Bar No. 8621)
Noah B. Abrams (NC State Bar No. 38735)
1526 Glenwood Ave.
Raleigh, NC 27608
Telephone:	(919) 755-9166
Facsimile:	(919)755-9396
dabrams@abramslawfirm.com

Richard S. Cornfeld (*Pro Hac Vice* to be submitted)
Daniel S. Levy (*Pro Hac Vice* to be submitted)
LAW OFFICE OF RICHARD S. CORNFELD, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Telephone: (314) 241-5799
Facsimile: (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mike Arias (*Pro Hac Vice* to be submitted)
Robert Partain (*Pro Hac Vice* to be submitted)
Anthony Jenkins (*Pro Hac Vice* to be submitted)
ARIAS SANGUINETTI WANG & TORRIJOS, LLP
6701 Center Drive West, 14th Floor
Los Angeles, CA
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
robert@aswtlawyers.com
mike@aswtlawyers.com
anthony@aswtlawyers.com

***Attorneys for Plaintiff***

11