IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, *et al.,* on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 3:23-cv-00818-RJC-DCK<br>) |
| COMPASS GROUP USA, INC., D/B/A Canteen | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF
COMPASS GROUP USA, INC.'S MOTION TO COMPEL
PLAINTIFFS BALDWIN AND BORRERO'S DISCOVERY RESPONSES**

In accordance with Rules 26 and 37 of the Federal Rules of Civil Procedure, Defendant Compass Group USA, Inc., d/b/a Canteen ("Compass") moves (1) to compel Plaintiff Brian Baldwin to fully respond and produce documents responsive to Compass Group USA, Inc.'s First Request for Production of Documents to Brian Baldwin ("Compass' RFPs to Baldwin") served by Compass on June 14, 2023; (2) to compel Plaintiff Andres Borrero to fully respond and produce documents responsive to Compass Group USA, Inc.'s First Request for Production of Documents to Andres Borrero ("Compass' RFPs to Borrero"), and First Interrogatories to Andres Borrero ("Compass' ROGs to Borrero") served by Compass on June 16, 2023; and (3) to compel Plaintiffs Brian Baldwin and Andres Borrero to appear for a deposition. In support of its Motion, Compass states as follows:

**INTRODUCTION**

Plaintiffs Baldwin and Borrero seek to represent a putative nationwide class seeking to recover millions of dollars in damages for Compass' alleged failure to disclose a ten-cent charge for utilizing a credit or debit card to purchase items from Compass' vending machines. On June

14 and 16, 2023, Compass propounded written discovery on both Plaintiffs in an effort to discover, among other things, what, if any, purchases Plaintiffs purportedly made from the vending machines at issue in this case, how many purchases were made, the amounts charged for each purchase, and whether Plaintiffs were aware of, or had knowledge of, any alleged surcharge for each purchase. Compass has also requested the depositions of Borrero and Baldwin. Plaintiff Baldwin has failed to fully respond to discovery and Plaintiff Borrero has failed to provide any response at all. Neither have provided their availability for a deposition. Without this discovery, Compass is unable to determine the accuracy of Plaintiffs' claims, or whether Plaintiffs are adequate and proper putative class representatives.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 23, 2018, George Moore initiated this action against Compass in the St. Louis Circuit Court. The action was subsequently removed to the U.S. District Court for Eastern District of Missouri on November 11, 2018 (the "Moore Action"). (Dkt. No. 4.) Plaintiffs Virginia Carter, Frances J. Ivery, Sean Madelmayer, and James Jilek filed additional complaints, and all joined or were consolidated into the Moore Action between 2018 and 2020.[1] Of this first wave of plaintiffs, all but Mr. Jilek have withdrawn their claims against Compass. Mr. Moore announced his intention to withdraw after Compass issued a notice for his deposition in May 2023. (*See* Dkt. No. 261, Ex.

---

[1] Virginia Carter joined this action as a named plaintiff on December 18, 2018, when Moore's counsel filed an amended complaint. (Dkt. No. 15.) On May 13, 2019, Frances J. Ivery ("Jaye") and Sean Madelmayer filed a joint complaint against Compass for the same conduct in the Texas District Court, Dallas County (Cause No. DC-19-06786), which claims were transferred and consolidated into the Moore Action on August 31, 2020. (Dkt. No. 63.) James Jilek filed a complaint in October 2019 after learning about the surcharge and being solicited to join the action by an officemate who worked with Moore's counsel. (*See* Dkt. No. 260, FN 1.) Mr. Jilek's complaint against Compass, originally filed in California Superior Court, Los Angeles County (Case No. 19STCV38382) on October 25, 2019, was consolidated into the Moore Action on April 16, 2020. (Dkt. No. 56.)

1; Dkt. No. 240.) Ms. Carter and Mr. Madelmayer moved to voluntarily dismiss their claims after Compass sought to take their depositions, which motions were granted on March 1, 2023. (Dkt. No. 202.) Ms. Jaye's claims were dismissed, with prejudice, on May 1, 2023, after her written discovery responses and her March 28, 2023 deposition revealed that Jaye had never made a purchase from a Compass-owned or operated vending machine and, despite being represented by counsel, had brought her claims against the wrong party. (Dkt. No. 226.)

Plaintiffs Brian Baldwin and Andres Borrero, represented by the same counsel as Mr. Moore, Ms. Carter, and Mr. Jilek, filed their complaints in late 2022.[2] Those actions were consolidated into the Moore Action on November 23, 2023. (Dkt. No. 263.) Compass propounded written discovery on Mr. Baldwin and Mr. Borrero on June 14, 2023 and June 16, 2023, respectively. True and correct copies of the discovery requests are attached hereto as Exhibits 1-4. Responses were due on July 14, 2023 and July 17, 2023.

On July 18, 2023, after counsel for Compass inquired on the status of Plaintiffs' overdue discovery responses, the parties conferred and counsel for Compass agreed to a 30-day extension (until August 18, 2023) for Baldwin and Borrero to respond to the discovery requests. The extension was conditioned on Plaintiffs' agreement to provide responsive documents and dates of availability to sit for a deposition at the same time they provided their discovery responses. Counsel for Plaintiffs agreed to the condition. A true and correct copy of counsel for Compass' July 18, 2023 email to Plaintiffs' counsel memorializing that agreement is attached hereto as Exhibit 5.

On August 18, 2023, the parties conferred again via email. In that correspondence, counsel

---

[2] Mr. Baldwin's complaint was filed on October 20, 2022 in the United States District Court for the District of South Carolina, Case No. 5:22-cv-03644-MGL. Mr. Borrero's complaint was filed on the same day in the United States District Court for the Middle District of Florida, Case No. 8:22-cv-2407-WFJ-MRM. Both were transferred in response to agreed motions.

for Plaintiffs provided possible deposition dates for Baldwin, but also informed Compass' counsel that Baldwin did not yet possess any documents responsive to Compass' RFPs, and that he would need to request copies of his bank statements from his banks. Compass' counsel agreed to schedule Baldwin's deposition for October 3, 2023, but cautioned that Mr. Baldwin would need to be re-deposed if he produced responsive documents after his deposition was completed. A true and correct copy of counsel's August 18, 2023 email exchange is attached hereto as Exhibit 6.

Later that same day, on August 18, 2023, Baldwin served limited responses to written discovery. True and correct copies of Baldwin's discovery responses are attached hereto as Exhibits 7 and 8. Request No. 1 of Compass' RFPs to Baldwin seeks "[a]ll documents relating to or evidencing purchases You made at the Machines, including, but not limited to, credit or debit card statements." Baldwin responded that he "is unable to comply at this time because he does not have copies of his bank statements. The bank statements from the three banks for the three debit cards Plaintiff used to purchase items from the Machines. [SIC] The three banks of Navy Federal Credit Union, BB&C and Grand South. Plaintiff will seek to acquire copies of his bank statements." In response to all other Requests, Mr. Baldwin stated that he had no responsive documents. (*See* Ex. 7.)

Mr. Baldwin never supplemented his written discovery responses or provided any records from his banks. In fact, as Plaintiffs Moore, Carter, and Madelmayer had done after Compass noticed their depositions, and less than one week before the previously agreed upon October 3, 2023 deposition date, Plaintiffs' counsel advised that Mr. Baldwin would not appear for his deposition because he intended to dismiss his claims against Compass. (*See* Dkt. No. 261, Ex. 6.) As of the date of this filing, Baldwin has not taken any steps to seek dismissal of his claims, and remains a named plaintiff and putative class representative.

In the August 18, 2023 email exchange between counsel discussing Baldwin's discovery responses and deposition, Plaintiffs' counsel also requested an additional one-week extension for Mr. Borrero to provide his discovery responses. Compass' counsel agreed to this additional extension. (*See* Ex. 6.) On October 25, 2023, Plaintiffs' counsel advised that Mr. Borrero had been unable to obtain any documents from his banking institution to verify his purchases, and that he would need to subpoena the banks in order to obtain documents necessary for Borrero to prove his claims. (*See* Dkt. No. 261, Ex. 10.)

To date, despite the passing of more than four months since the expiration of the extended deadline, and three months since Plaintiffs' counsel stated they were going to subpoena the banks, Mr. Borrero has not served responses to any discovery request, has not produced any documents, and has not provided a date for him to sit for a deposition.

On January 4, 2024, counsel for Compass again conferred with Plaintiffs' counsel regarding the outstanding discovery requests. Plaintiffs' counsel did not indicate they had taken any steps to respond to the outstanding discovery requests or obtain responsive documents. Counsel for Compass informed Plaintiffs' counsel that if they did not receive full responses to the discovery requests by January 12, 2024, Compass would move to compel Plaintiffs' responses.

As of the date of this filing, Plaintiffs Baldwin and Borrero have not produced any responsive documents, moved to dismiss their claims, or provided available dates for their depositions. Plaintiffs have rebuffed all of Compass' attempts to obtain discovery related to their claims, leaving Compass with no choice but to file this Motion to Compel.

**LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The rules of discovery are to be accorded broad and liberal construction." *Cincinnati Ins. Co. v. Zurich Ins. Co.*, 198 F.R.D. 81, 84 (W.D.N.C. 2000). "Whether to grant or deny a motion to compel is generally left within the district court's broad discretion." *Id.* (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). The party opposing a motion to compel must demonstrate why discovery should not be granted. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 534 (E.D.N.C. 2012), *aff'd*, 551 F. App'x 646 (4th Cir. 2014).

## ARGUMENT

The discovery sought is reasonably calculated to lead to admissible, non-privileged evidence. The documents and responses sought in Compass' RFPs to Mr. Baldwin, Compass' RFPs to Mr. Borrero, and Compass' ROGs to Mr. Borrero relate to the allegations set forth in their complaints. Without any responsive documents from Plaintiffs, it is impossible for Compass to test the veracity of Plaintiffs' allegations. Most critically, documents responsive to Request No. 1 in Compass' RFPs to Mr. Baldwin and Mr. Borrero are needed to assess whether Plaintiffs in fact made any purchases at a Compass vending machine and to determine what amounts they were charged for such purchases. This is critical because the history of this case revealed that certain plaintiffs had asserted claims assuming they made purchases from a Compass vending machine, only to later discover, through the production of documents and a deposition, that they had no such claim. (*See* Dkt. No. 260 ¶ II (B)(4).)

In addition to identifying whether they made purchases from Compass vending machines,

the discovery will also help reveal whether Plaintiffs Borrero and Baldwin were charged ten-cents more than the price reflected on a vending machine, and whether they had knowledge of the charge prior to making any such purchase. This discovery is essential to the basic elements of their claims against Compass.

Compass is entitled to Plaintiffs' complete responses to its interrogatories and requests for production and is entitled to depose Plaintiffs regarding their allegations in the complaint. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F. Supp. 2d 503, 534 (E.D.N.C. 2012), *aff'd,* 551 F. App'x 646 (4th Cir. 2014) (granting defendant's motion to compel complete responses to its interrogatories and requests for production); *CSX Transportation, Inc. v. Peirce*, No. 5:05-CV-202, 2012 WL 12892735, at *2 (N.D.W. Va. July 18, 2012) (granting defendants' motion to compel responses to defendants' document requests to plaintiff regarding allegations in the complaint); *Stafford v. Bojangles Restaurants, Inc.*, No. 3:20-CV-266-MOC, 2023 WL 1457235, at *1 (W.D.N.C. Feb. 1, 2023) (holding that the named plaintiffs' failure to appear for depositions and to abide by the court's previous order compelling their appearance for deposition warrants their dismissal).

By utterly failing to respond in any fashion to any of the written discovery, Plaintiff Borrero, in particular, has waived his right to object to the outstanding discovery requests. *Watterson v. Green*, No. 3:13-CV-159-FDW-DCK, 2017 WL 1293985, at *4 (W.D.N.C. Jan. 20, 2017), *report and recommendation adopted sub nom. Watterson v. Burgess*, No. 313CV00159FDWDCK, 2017 WL 833062 (W.D.N.C. Mar. 2, 2017), *aff'd*, 738 F. App'x 247 (4th Cir. 2018) (holding a party "long ago waived his right to such objections when he failed to timely respond to the discovery requests"); *RDLG, LLC v. RPM Group, LLC*, Case No. 1:10-CV-204-DLH, 2015 WL 4647811, at *3 (W.D.N.C. Aug. 5, 2015) (holding a party waived the right to

assert any objection to the discovery request where the party did not respond nor raise any objection in a timely manner to the discovery request); *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 222 (N.D.W. Va. 2007) (holding plaintiffs waived their right to object to defendant's discovery requests by failing make timely objections).

Therefore, Compass respectfully requests that this Court (a) order Plaintiffs Baldwin and Borrero to produce documents responsive to Compass' RFPs before sitting for deposition, (b) order Borrero to answer Compass' ROGs to Borrero, and (c) order Baldwin and Borrero to appear for a deposition on or before February 29, 2024. Compass further respectfully requests that the Court enter a finding that Plaintiff Borrero has waived his right to object to the discovery requests and must provide complete substantive responses without objection.

If Plaintiffs Baldwin and Borrero fail to fully respond to Compass' discovery requests and appear for their depositions, or fail to withdraw their claims by February 29, 2024, then the Court should order their dismissal from the case as named plaintiffs. *See Pennington v. Fluor Corp.*, No. 0:17-CV-02094-JMC, 2019 WL 1979674, at *4 (D.S.C. May 3, 2019) (granting defendants' motion to compel named plaintiffs' full responses to defendants' initial discovery requests where plaintiffs only answered with "general, boilerplate objections," and holding that the named plaintiffs will be removed from the case if they fail to timely respond); *Stafford*, 2023 WL 1457235, at *1 (dismissing named plaintiffs who failed to appear for their depositions).

## CONCLUSION

For all the foregoing reasons, Defendant requests that the Court (1) grant its Motion to Compel in its entirety, (2) order Plaintiffs Baldwin and Borrero to produce documents responsive to Compass' RFPs, (3) order Borrero to answer Compass' ROGs to Borrero, (3) order Baldwin and Borrero to appear for a deposition on or before February 29, 2024, and (4) find that Borrero's

failure to timely and completely respond to discovery has resulted in a waiver of any objections he may have. Defendant further requests that, should Plaintiffs fail to fulfill their discovery obligations by February 29, 2024, the Court dismiss their claims.

Dated: January 30, 2024

Respectfully submitted,

By: */s/ Joseph C. Wylie II*
Joseph C. Wylie II, 6270852IL
*(Pro Hac Vice)*
Nicole C. Mueller 6309735IL
*(Pro Hac Vice)*
**K&L GATES LLP**
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Tel: (312) 372-1121
Fax: (312) 827-8000
joseph.wylie@klgates.com

Paul W. Sweeney Jr., 112511CA
*(Pro Hac Vice)*
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
paul.sweeney@klgates.com
Secondary:
litigation.docketing@klgates.com

*Attorneys for Compass Group USA, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on **January 30, 2024**, which will serve all counsel of record.

*/s/ Joseph C. Wylie II*