UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:23-cv-00818-RJC DCK ) ) |
| COMPASS GROUP USA, INC., D/B/A CANTEEN, | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFFS JAMES JILEK'S, BRIAN BALDWIN'S AND ANDRES BORRERO'S MOTION FOR CLASS CERTIFICATION

Pursuant to Fed. R. Civ. P, 23, Plaintiffs James Jilek, Andres Borrero and Brian Baldwin hereby move for certification of the following class and subclasses:

**Class:**

All persons or entities who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine owned or operated by Compass Group USA, Inc., in the United States with a credit, debit or prepaid card and were charged an amount in excess of the price displayed for that item on the vending machine, excluding purchases from (1) machines with a cash discount sticker (a label informing the consumer that the displayed price is the cash price, which is ten cents lower than the price they will be charged if they use a credit/debit/prepaid card), (2) machines with a digital shopping cart (a screen that displays both the cash and credit price), or (3) machines that only accept credit, debit and/or prepaid cards

**California Subclass:**

All persons who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine owned or operated by Compass Group USA, Inc, in California using a credit, debit or prepaid card and who were charged an amount in excess of the price displayed for that item, excluding purchases from (1) machines with a cash discount sticker (a label informing the consumer that the displayed price is the cash price, which is ten cents lower than the price they will be charged if they use a credit/debit/prepaid card), (2) machines with a digital shopping cart (a screen

that displays both the cash and credit price), or (3) machines that only accept credit, debit and/or prepaid cards.

**Florida Subclass:**

All persons who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine owned or operated by Compass Group USA, Inc, in Florida using a credit, debit or prepaid card and who were charged an amount in excess of the price displayed for that item, excluding purchases from (1) machines with a cash discount sticker (a label informing the consumer that the displayed price is the cash price, which is ten cents lower than the price they will be charged if they use a credit/debit/prepaid card), (2) machines with a digital shopping cart (a screen that displays both the cash and credit price), or (3) machines that only accept credit, debit and/or prepaid cards.

**South Carolina Subclass:**

All persons who, within the applicable statute of limitations preceding the filing of this lawsuit to the date of class certification, purchased an item from a vending machine owned or operated by Compass Group USA, Inc, in South Carolina using a credit, debit or prepaid card and who were charged an amount in excess of the price displayed for that item, excluding purchases from (1) machines with a cash discount sticker (a label informing the consumer that the displayed price is the cash price, which is ten cents lower than the price they will be charged if they use a credit/debit/prepaid card), (2) machines with a digital shopping cart (a screen that displays both the cash and credit price), or (3) machines that only accept credit, debit and/or prepaid cards.

Excluded from the Class and Subclasses are Defendant, its employees, and employees of any subsidiary, affiliate, successors, or assignees of Defendant, as well as the trial judge presiding over this case.

Plaintiffs ask that the Class and California, Florida and South Carolina Subclasses be certified with respect to the claim for breach of contract (Count I).

Plaintiffs also ask that they be be designated as Class Representatives for the Class and that James Jilek be designated as California Subclass Representative, Andres Borrero be designated as Florida Subclass Representative, and that Brian Baldwin be designated as South Carolina Subclass Representative, and that the undersigned attorneys be appointed Class Counsel.

In support of this motion, Plaintiffs submit the accompanying memorandum and exhibits filed

therewith, and the Court's file in this matter.

Dated: March 8, 2024

**GOLDENBERG HELLER & ANTOGNOLI, P.C.**

By: */s/ Richard S. Cornfeld*
Richard S. Cornfeld (admitted *pro hac vice*)
2227 South State Route 157
Edwardsville, IL 62025
Tel: 618.656.5130
rick@ghalaw.com
daniel@ghalaw.com

Mike Arias (admitted *pro hac vice*)
Anthony Jenkins (admitted *pro hac vice)*
**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, 14th Floor
Los Angeles, CA 90045
T: (310) 844-9696
F: (310) 861-0168
mike@aswtlawyers.com
anthony@aswtlawyers.com

Joel R. Rhine, NC SBN 16028
Martin A. Ramey, NC SBN 33617
**RHINE LAW FIRM, PC**
1612 Military Cutoff Rd, Suite 300
Wilmington, NC 28403
Tel: 910−772−9960
Fax: 910−772−9062
jrr@rhinelawfirm.com
mjr@rhinelawfirm.com

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2024, the foregoing served upon all counsel of record via electronic mail.

                                                             */s/ Richard S. Cornfeld*