# EXHIBIT R

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| BRIAN BALDWIN, on behalf of himself and all others similarly situated, ) ) | CASE NO. 4:23-cv-00568-JAR |
| Plaintiff, ) ) ) | |
| v. ) ) | |
| COMPASS GROUP USA, INC., D/B/A CANTEEN ) ) ) | |
| Defendant. ) | |

## PLAINTIFF BRIAN BALDWIN'S RESPONSE TO DEFENDANT COMPASS GROUP USA, INC.'S FIRST SET OF INTERROGATORIES

Plaintiff BRIAN BALDWIN hereby submits his responses to Defendant Compass Group USA, Inc's First Interrogatories, as follows:

**INTERROGATORY NO. 1:**

Identify the location of any Machine used by Plaintiff, and for each such Machine state the type of product or products Plaintiff purchased at the Machine.

**ANSWER:**

The Okonite Company located 2276 Rowesville Road, Orangeburg, South Carolina; Koyo Bearings North America, 2850 Magnolia Street, Orangeburg, South Carolina; snacks and drinks purchased from the machines at both locations.

**INTERROGATORY NO. 2:**

Identify any and all documents relating to Your use of the Machines.

**ANSWER:**

Bank statements from the three banks for the three debit cards Plaintiff used to purchase items from the Machines. The three banks were Navy Federal Credit Union, BB&C and Grand South.

**INTERROGATORY NO. 3:**

Identify all purchases made by You at the Machines, including the date of the purchase, the specific location of the Machines, the item purchased, the price displayed for that item, the price charged for that item, the method of payment used for the purchase, and the date (if any) on which You discovered facts leading You to believe that the price charged for the item was higher than the price displayed for the item.

**ANSWER:**

Plaintiff always used a debit card to make purchases from the Machines. There was no sticker, label or display on the Machines stating that purchasers would be charged ten cents more than the price displayed on the Machines if a debit or credit card was used for the purchase. The dates and amounts of the Plaintiff's purchases from the Machines are depicted on the bank statements from the banks for the debit cards Plaintiff used to purchase items form the Machines. Plaintiff does not have copies of these bank statements. Plaintiff's purchases from the Machines at 2276 Rowesville Road, Orangeburg, South Carolina, were from approximately 2010 to 2017; purchases from the Machines at 2850 Magnolia Street, Orangeburg, South Carolina, were from approximately 2017. When Plaintiff first began making purchases at 2276 Rowesville in approximately 2010, he did not know he was being charged ten cents more than the advertised price, which he discovered from looking at his statements approximately three or four months later after he noticed he was being charged ten cents more than price that was displayed on the machine. When Plaintiff first began making purchases at 2850 Magnolia in approximately 2017, he did not know the company operating these Machines was the same company that operated the Machines at 2276 Rowesville Road, and Plaintiff did not know he was being charged ten cents more than the advertised price, which he discovered from looking at his approximately three or four months later after he noticed from either his bank statement or an app on his phone that he was being charged ten cents more than price that was displayed on the machine. He continued making purchases because he was not allowed to leave the premises to obtain food or drink and he did not carry cash.

**INTERROGATORY NO. 4:**

Identify any and all purchases you made from any Machines located outside of the State of South Carolina.

**ANSWER:**

None that Plaintiff is aware of.

**INTERROGATORY NO. 5:**

Identify all communications between You and any Person regarding Your purchases of items from the Machines.

///

///

2

**ANSWER:**

Objection to the extent this request seeks information protected from disclosure by the attorney-client privilege, which will not be disclosed. Subject thereto, Plaintiff does not recall any non-privileged communications regarding purchases of items from the Machines.

**INTERROGATORY NO. 6:**

State the date on which you learned that the Machines charged different prices for purchases made with credit or debit cards than purchases made with cash, and state how you learned that fact.

**ANSWER:**

See answer to Interrogatory No. 3.

**INTERROGATORY NO. 7:**

Identify any Person who has, claims to have, or whom Plaintiff believes may have knowledge or information pertaining to any fact alleged in the Complaint or any fact underlying the subject matter of this action, and describe the specific nature and substance of the knowledge that Plaintiff believes the Person(s) may have.

**ANSWER:** .

The putative class members; the vendors, employees and independent contractors who serviced the machines; Martha Morgan; David Goldring; Michael Coffey; Peter Fetherston.

**INTERROGATORY NO. 8:**

For each cause of action asserted in the Complaint, identify the type of damages sought, including the elements of each type of damages sought, the dollar amount or actual damages sought, the method by which Plaintiff calculates the damages sought including a breakdown of each category of damages, the date(s) such damages were suffered, whether such damages are continuing in nature, and how Plaintiff has mitigated the damages.

**ANSWER:**

Objection to the extent this question seeks the disclosure of expert opinions before they are due under the FRCP. Further objection on the grounds of ambiguity as to the meaning of "how Plaintiff has mitigated the damages." Subject thereto, damages are equal to the undisclosed upcharge, i.e., additional ten cents charges for cashless purchases for machines that did not have a cash discount sticker or digital shopping cart, and the dates and amounts of those purchasers can be determined from Defendant's records, and damages can be calculated using simple arithmetic, plus interest. As a belt and suspenders approach, damages may also be calculated by an expert extrapolating from a random sample, for which an expert report will be provided in accordance with the FRCP.

**INTERROGATORY NO. 9:**

State whether You ever have been a party in a lawsuit, arbitration, or other judicial proceeding, other than the present action, and, if so, identify the lawsuit, arbitration, or proceeding, whether You were plaintiff/claimant or defendant/respondent, the nature of the action, and the date and court, tribunal, arbitrator, administrative body, or other such entity, in which such suit, charge, matter, or arbitration was filed.

**ANSWER:**

Plaintiff is a party to a marital dissolution case pending in Calvin County Family Court.

**INTERROGATORY NO. 10:**

Identify and describe any agreements with Plaintiffs' counsel in this action covering this representation of You or this purported representation of the putative class and any monies You may receive as a result of Your role as a class representative.

**ANSWER:**

Objection on the grounds of attorney-client privilege.

**INTERROGATORY NO. 11:**

Identify all persons you intend to call as a witness at any trial or hearing in this matter.

**ANSWER:**

Objection to the extent this question seeks information protected from disclosure by the work product doctrine and to the extent this question seeks the disclosure of expert opinions before they are due under the FRCP. Without disclosing any attorney work product, Plaintiff anticipates the following may be witnesses: Plaintiff and his expert witness, Martha Morgan, David Goldring, Michael Coffey and Peter Fetherston.

**INTERROGATORY NO. 12:**

Identify all persons whom you expect to call at trial or any hearing in this matter to give opinion testimony and also provide the following information: a. a full description of all opinions each such witness is expected to give; b. the qualifications of each such witness; c. the bases for all such opinions; and d. a list of all cases or arbitrations in which each such witness has been designated as an expert or has given testimony at trial, hearing, or deposition.

///

///

///

**ANSWER:**

Objection to the extent this question seeks the disclosure of expert opinions before they are due under the FRCP.

August 18, 2023                    Respectfully Submitted,

                      **GOLDENBERG HELLER & ANTOGNOLI, P.C.**

                      By: */s/ Richard S. Cornfeld*
                      Richard S. Cornfeld, Esq.
                      Daniel S. Levy, Esq.
                      2227 South State Route 157
                      Edwardsville, Illinois 62025
                      Tel: (618) 656-5150
                      rick@ghalaw.com
                      daniel@ghalaw.com

                      Mike Arias (*Pro Hac Vice*)
                      M. Anthony Jenkins (*Pro Hac Vice*)
                      **ARIAS SANGUINETTI WANG**
                       **& TORRIJOS, LLP**
                      6701 Center Drive West, 14th Floor
                      Los Angeles, CA 90045
                      T: (310) 844-9696
                      F: (310) 861-0168
                      mike@aswtlawyers.com
                      anthony@aswtlawyers.com

                      *Attorneys for Plaintiffs*

DocuSign Envelope ID: 6B9BA797-6990-4208-A7B5-7C7BA2E967FA

## **VERIFICATION**

I, BRIAN BALDWIN, declare that:

I am the plaintiff in the above-captioned matter. I am familiar with the contents of the foregoing **PLAINTIFF BRIAN BALDWIN'S RESPONSE TO DEFENDANT COMPASS GROUP USA, INC.'S FIRST SET OF INTERROGATORIES.**

The information supplied therein is based on my own personal knowledge and/or has been supplied by my attorneys or other agents and is therefore provided as required by law. The information contained in the foregoing document is true, except as to the matters which were provided by my attorneys or other agents, and, as to those matters, I am informed and believe that they are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this verification was executed on 8/18/2023 at Cameron, South Carolina.

DocuSigned by:
_____
D002E125C43345F...
BRIAN BALDWIN