# EXHIBIT S

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ANDRES BORRERO, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) COMPASS GROUP USA, INC., D/B/A ) CANTEEN ) ) Defendant. ) | Case No. 4:23-cv-00586-SRW |

**PLAINTIFF ANDRES BORRERO'S ANSWERS AND OBJECTIONS TO COMPASS GROUP USA, INC.'S FIRST <u>INTERROGATORIES TO ANDRES BORRERO</u>**

COMES NOW Plaintiff, Andres Borrero, by and through his attorneys, and answers the First Interrogatories propounded on him by Defendant Compass Group USA, Inc. as follows:

## <u>INTERROGATORIES</u>

1. Identify the location of any Machine used by Plaintiff, and for each such Machine state the type of product or products Plaintiff purchased at the Machine.

**ANSWER: The cafeteria of the location where he worked, Southeast Windows & Glass in Ruskin, Florida. The machine sold items like sandwiches, candy and sodas.**

2. Identify any and all documents relating to Your use of the Machines.

**ANSWER: None.**

3. Identify all purchases made by You at the Machines, including the date of the purchase, the specific location of the Machines, the item purchased, the price displayed for that item, the price charged for that item, the method of payment used for the purchase, and the date (if any) on which You discovered facts leading You to believe that the price charged for the item was higher than the price displayed for the item.

1

**ANSWER: For specific location and items purchased, see No. 1, above. Plaintiff mainly used his debit card, sometimes cash. He learned of the overcharge from an internet ad as part of joining this lawsuit. He doesn't recall the date, but it was shortly before he joined the lawsuit. He does not recall the other information asked by this interrogatory but believes it will be shown by his bank records.**

4. Identify any and all purchases you made from any Machines located outside of the State of Florida.

**ANSWER: Plaintiff doesn't recall but expects the bank records will show them.**

5. Identify all communications between You and any Person regarding Your purchases of items from the Machines.

**ANSWER: Other than communications within the attorney-client privilege – which Plaintiff objects to identifying – none.**

6. State the date on which you learned that the Machines charged different prices for purchases made with credit or debit cards than purchases made with cash, and state how you learned that fact.

**ANSWER: See No. 3, above.**

7. Identify any Person who has, claims to have, or whom Plaintiff believes may have knowledge or information pertaining to any fact alleged in the Complaint or any fact underlying the subject matter of this action, and describe the specific nature and substance of the knowledge that Plaintiff believes the Person(s) may have. Coworkers.

**ANSWER: Co-workers. Plaintiff doesn't recall their names but if he does, he will supplement.**

8. For each cause of action asserted in the Complaint, identify the type of damages sought, including the elements of each type of damages sought, the dollar amount or actual damages sought, the method by which Plaintiff calculates the damages sought including a breakdown of each category of damages, the date(s) such damages were suffered, whether such damages are continuing in nature, and how Plaintiff has mitigated the damages.

**ANSWER*:* Objection. This interrogatory is vague and ambiguous as to "including the elements of each type of damages sought" and "the method by which Plaintiff calculates the damages sought including a breakdown of each category of damages."**

**Subject to this objection, Plaintiff seeks all damages authorized by law in an amount determined to be appropriate by a jury, and further refers Defendant to his Complaint as to the types of damages sought. At this time, Plaintiff has not calculated particular dollar amounts of damages sought for specific categories of damages or broken down the amounts of his damages by category. Plaintiff was damaged on each occasion that he purchased an item from Defendant's machine and was charged a greater amount than the price listed on the machine for that item, where no sign was present indicating the additional charge for use of a credit or debit card. Plaintiff's damages are continuing with respect to lost interest on money for which he was wrongfully charged.**

9. State whether You ever have been a party in a lawsuit, arbitration, or other judicial proceeding, other than the present action, and, if so, identify the lawsuit, arbitration, or proceeding, whether You were plaintiff/claimant or defendant/respondent, the nature of the action, and the date and court, tribunal, arbitrator, administrative body, or other such entity, in which such suit, charge, matter, or arbitration was filed.

**ANSWER: To the best of Plaintiff's recollection, limited to the past 10 years, and other than minor traffic and uncontested matrimonial cases, *MIRAMAR - EAST 131ST AVENUE 1, LLC vs. BORRERO, ANDRES*, 24-CC-003967 (Hillsborough County, Florida), residential eviction. In addition, Plaintiff had a worker's compensation case but does not interpret that as coming within this interrogatory as a judicial proceeding.**

10. Identify and describe any agreements with Plaintiffs' counsel in this action covering this representation of You or this purported representation of the putative class and any monies You may receive as a result of Your role as a class representative.

**ANSWER: Objection. This interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine.**

11. Identify all persons you intend to call as a witness at any trial or hearing in this matter.

**ANSWER: Objection. Plaintiff has not yet identified which persons he intends to call as a witness at any trial or hearing in this matter. Plaintiff states that he may call as a witness any individual identified by Defendant in the discovery of this matter as having knowledge or information relating to the facts alleged in his Amended Complaint or the subject matter thereof.**

12. Identify call persons whom you expect to call at trial or any hearing in this matter to give opinion testimony and also provide the following information:

    a. a full description of all opinions each such witness is expected to give;

    b. the qualifications of each such witness;

    c. the bases for all such opinions; and

4

Case 3:23-cv-00818-JAG-DCK    Document 293-3    Filed 03/08/24    Page 4 of 6

    d. a list of all cases or arbitrations in which each such witness has been designated as an expert or has given testimony at trial, hearing, or deposition.

**ANSWER: Objection. Plaintiff has not identified any such persons at this time.**

Dated: February 29, 2024

          **GOLDENBERG HELLER
          & ANTOGNOLI, P.C.**

          By: */s/ Richard S. Cornfeld*
          Richard S. Cornfeld, admitted *pro hac vice*
          2227 S. State Route 157
          Edwardsville, IL 62025
          Telephone: (618) 656-5150
          rick@ghalaw.com

          And

          Martin A. Ramey, NC SBN 33617
          Joel R. Rhine, NC SBN 16028
          Rhine Law Firm, PC
          1612 Military Cutoff, Suite 300
          Wilmington, NC 28403
          Telephone: (910) 772-9960
          mjr@rhinelawfirm.com
          jrr@rhinelawfirm.com

          And

          Mike Arias, admitted *pro hac vice*
          M Anthony Jenkins, admitted *pro hac vice*
          Arias Sanguinetti Wang & Team LLP
          6701 Center Drive West, Suite 1400
          Los Angeles, CA 90045
          Telephone: (310) 844-9696
          mike@aswtlawyers.com
          anthony@aswtlawyers.com

          ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served upon counsel of record for Defendant via email on February 29, 2024, to the following:

Marla Tun Reschly
Marla.reschly@klgates.com

Daniel Drew McClurg
daniel.mcclurg@klgates.com

Joseph C. Wylie, II
joseph.wylie@klgates.com

Nicole C. Mueller
nicole.mueller@klgates.com

Paul W. Sweeney, Jr.
paul.sweeney@klgates.com

*Attorneys for Defendant*

/s/ Richard S. Cornfeld