IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, *et al.,* on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 3:23-cv-00818-RJC-DCK<br>) |
| COMPASS GROUP USA, INC., D/B/A Canteen | )<br>)<br>) |
| Defendant. | )<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**COMPASS GROUP USA, INC.'S MOTION TO STRIKE**

In accordance with Rules 26 and 37 of the Federal Rules of Civil Procedure, Defendant Compass Group USA, Inc., d/b/a Canteen ("Compass") respectfully submits this Memorandum of Law in Support of its Motion to Strike. Through the Motion to Strike, Compass requests that the Court exclude the three untimely and prejudicial supplemental expert reports of Plaintiff's expert,[1] Dr. Brian Kriegler: (i) the Supplemental Expert Report of Brian Kriegler, (Doc. Nos. 262-3, 257-16); (ii) the Second Supplemental Expert Report of Brian Kriegler, (Doc. Nos. 262-4, 257-18); and (iii) the "Declaration" of Brian Kriegler, (Doc. No. 293-4).

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 23, 2018, George Moore initiated this action against Compass in the St. Louis Circuit Court. The action was subsequently removed to the U.S. District Court for Eastern District of Missouri on November 11, 2018 (the "Moore Action"). (Doc. No. 4.) Current and former

---

[1] In light of the withdrawal and anticipated withdrawal of all other remaining Plaintiffs (Mr. Borrero and Mr. Baldwin), Mr. Jilek is the sole remaining Plaintiff. Nonetheless, because the conduct alleged herein occurred on behalf of all of the Plaintiffs that were parties to this action at the specified times, Compass shall refer to "Plaintiffs" for sake of accuracy.

Plaintiffs Virginia Carter, Frances J. Ivery, Sean Madelmayer, and James Jilek filed additional complaints, and all joined or were consolidated into the Moore Action between 2018 and 2020.[2] Of this first wave of plaintiffs, all but Mr. Jilek have withdrawn their claims against Compass. Brian Baldwin and Andres Borrero, represented by the same counsel as Mr. Moore, Ms. Carter, and Mr. Jilek, filed their complaints in late 2022.[3] Those actions were consolidated into the Moore Action on November 23, 2023. (Doc. No. 263.)

On March 15, 2024, after filing their Motion for Class Certification, (Doc. No. 293), Plaintiffs' counsel represented to Compass that Mr. Borrero intended to voluntarily dismiss his claims and that they would be withdrawing their request for a Florida sub-class, (*see* Doc. No. 294).[4] On March 28, 2024—about twenty-four hours before Mr. Baldwin was scheduled to be deposed—Plaintiffs' counsel represented that Mr. Baldwin intended to voluntarily dismiss his claims and that they would be withdrawing their request for a South Carolina sub-class. (S*ee* Doc. No. 294.) Mr. Baldwin and Mr. Borrero subsequently withdrew their request that the Court certify the Florida and South Carolina sub-classes. (Doc. No. 294.) To date, neither Mr. Baldwin nor Mr. Borrero have moved to dismiss their claims.

A number of scheduling orders have been issued over the course of this litigation, each of

---

[2] Virginia Carter joined this action as a named plaintiff on December 18, 2018, when Moore's counsel filed an amended complaint. (Doc. No. 15.) On May 13, 2019, Frances J. Ivery ("Jaye") and Sean Madelmayer filed a joint complaint against Compass for the same conduct in the Texas District Court, Dallas County (Cause No. DC-19-06786), which claims were transferred and consolidated into the Moore Action on August 31, 2020. (Doc. No. 63.) James Jilek filed a complaint in October 2019 after learning about the surcharge and being solicited to join the action by an officemate who worked with Moore's counsel. (*See* Doc. No. 260, n.1.) Mr. Jilek's complaint against Compass, originally filed in California Superior Court, Los Angeles County (Case No. 19STCV38382) on October 25, 2019, was consolidated into the Moore Action on April 16, 2020. (Doc. No. 56.)

[3] Mr. Baldwin's complaint was filed on October 20, 2022 in the U.S. District Court for the District of South Carolina, Case No. 5:22-cv-03644-MGL. Mr. Borrero's complaint was filed on the same day in the U.S. District Court for the Middle District of Florida, Case No. 8:22-cv-2407-WFJ-MRM. Both were transferred to the U.S. District Court for the Eastern District of Missouri in response to agreed motions.

[4] The representation that Mr. Borrero intended to withdraw from the case was made in response to one of many requests on the part of Compass seeking Mr. Borrero's availability to be deposed.

which provided a date certain deadline for Plaintiffs' expert disclosures and reports on class certification issues:

- In a January 24, 2019 Joint Proposed Scheduling Plan, the parties to the Moore Action proposed January 6, 2020 as the deadline for "Plaintiffs to disclose their experts on class certification issues and provide expert reports" and that the "depositions of Plaintiffs' experts on class certification to be completed by February 6, 2020."[5] (Doc. No 21.) District Judge Ronnie L. White adopted these proposed deadlines in his January 25, 2019 Case Management Order. (Doc. No. 23.)

- In a May 12, 2020 Updated Joint Proposed Scheduling Plan, the parties proposed a October 26, 2020 deadline for "Plaintiffs to disclose their expert(s) on class certification issues and provide expert reports" and that the "depositions of Plaintiffs' experts on class certification to be completed by November 26, 2020."[6] (Doc. No. 57.) In a May 19, 2020 Case Management Order, District Judge Sarah E. Pitlyk adopted these proposed deadlines. (Doc. No. 58.)

- On March 5, 2021, the parties filed an Updated Joint Proposed Scheduling Plan, in which they proposed a June 17, 2021 deadline for "Plaintiffs to disclose their expert(s) on class certification issues and provide expert reports" and that the "depositions of Plaintiffs' experts on class certification to be completed by July 16, 2021."[7] (Doc. No. 86.) Judge Pitlyk adopted these proposed deadlines in her March 8, 2021 Amended Case Management Order. (Doc. No. 87.)

---

[5] The parties also proposed a February 21, 2020 deadline for Compass to disclose its experts on class certification issues and provide expert reports. (Doc. No. 23.)

[6] The parties proposed extending the deadline for Compass to disclose its experts on class certification issues and provide expert reports to December 9, 2020. (Doc. No. 57.)

[7] The March 5, 2021 proposal contemplated an August 16, 2021 deadline for Compass to disclose its experts on class certification issues and provide expert reports. (Doc. No. 86.)

3

- In a January 14, 2022, Joint Proposed Amended Scheduling Plan and Motion to Amend the First Amended Case Management Order, the parties proposed an April 15, 2022 deadline for "Plaintiffs to disclose their expert(s) on class certification issues and provide expert reports" and that the "depositions of Plaintiffs' experts on class certification to be completed by May 13, 2022."[8] (Doc. No. 144.) In a January 18, 2022 Second Amended Case Management Order, Judge Pitlyk adopted the jointly proposed deadlines for Plaintiffs' experts. (Doc. No. 146.)

- In a June 10, 2022 Joint Motion to Amend the Second Amended Case Management Order and Joint Proposed Amended Scheduling Plan, the parties proposed a January 6, 2023 deadline for "Plaintiffs to disclose their expert(s) and provide expert reports" and that the "depositions of Plaintiffs' experts to be completed by February 3, 2023."[9] (Doc. No. 173.) Judge Pitlyk's June 13, 2023 Third Amended Case Management Order adopted these proposed deadlines. (Doc. No. 174.)

- On December 22, 2022, Plaintiffs filed an Unopposed Motion to Extend Discovery Schedule, seeking a four-month extension of certain deadlines, including those related to expert disclosures and depositions. (Doc. No. 196.) In a January 12, 2023 Fourth Amended Case Management Order, Judge Pitlyk ordered that Plaintiffs disclose all expert witnesses and provide expert reports by no later than May 5, 2023, setting a June 2, 2023 deadline for those experts to be deposed.[10] (Doc. No. 198.)

---

[8] While Plaintiffs proposed a June 10, 2022 deadline for Compass to disclose its experts on class certification issues and provide expert reports, Compass proposed June 24, 2022. (Doc. No. 144.) Judge Pitlyk adopted Compass's proposal. (Doc. No. 146.)
[9] In turn, the parties proposed a March 3, 2023 deadline for Compass to disclose its experts and provide expert reports. (Doc. No. 173.)
[10] Additionally, pursuant to that Order, Compass was to serve any expert report on or before July 7, 2023. (Doc. No. 198.)

On June 15, 2023, Judge Pitlyk denied the final Consent Motion to Extend Schedule, which had been filed on June 5, 2023. (*See* Doc. No. 236 (June 15, 2023 Hr'g Tr.) at 20:9-11 (denying Doc. No. 232).) The proposed amended schedule sought to extend all deadlines by three months: (i) Plaintiffs were to serve any expert report on or before August 7, 2023; (ii) Compass was to serve any expert report on or before October 9, 2023; (iii) Plaintiffs were to serve any rebuttal reports by November 20, 2023; (iv) Plaintiffs' experts were to be deposed by December 8, 2023; and (v) discovery would close on December 22, 2023. (*Id.*)

In denying this final motion, the Court found that extending the expert deadlines again would not be in the interest of judicial efficiency and that "nothing but the most exceptional circumstances would justify another [extension]." (*Id.* at 12:24-13:15). Judge Pitlyk indicated that she would allow the parties to extend the expert disclosure schedule by agreement so long as it did not otherwise disturb the deadlines that the Court had set. (*Id.* at 22:24-23:9). The Court stated the following at that time: "If you want to conduct discovery after that, you may by mutual agreement, but it will not be governed or policed by this Court." (*Id.* at 22:11-13.) Judge Pitlyk further stated that, "[i]f there is a dispute about it, I'm going to defer to the CMO as written as the deadlines that you all are obliged to meet." (*Id*. at 23:7-9.)

After this hearing, counsel for Plaintiffs and Compass subsequently agreed that (i) Plaintiffs would serve their expert report(s) on or before August 7, 2023; (ii) Compass would depose Plaintiffs' experts on or before August 28, 2023; (iii) Compass would serve any rebuttal expert reports on or before September 18, 2023; and (iv) Plaintiffs would depose Compass's rebuttal experts on or before October 6, 2023.

Plaintiffs served Dr. Kriegler's opening expert report on August 7, 2023 (the "Opening Report"), a copy of which is attached as Exhibit 1 to Compass's prior Motion to Strike. (Doc. No.

262-1 [hereinafter "Opening Rpt."].)  The Opening Report presents a methodology by which Dr. Kriegler proposed to analyze a random sample of Compass's two-tier survey data in order to extrapolate purported nationwide, class-wide damages and prejudgment interest at certain confidence intervals.  (Opening Rpt. ¶ 7.)  The Opening Report does not, however, perform the sampling and analysis Dr. Kriegler deemed necessary to calculate an actual estimate of damages.  (*Id.* ¶ 38; *see also* Dep. Tr. of Dr. B. Kriegler ("Dep. Tr.") at 17:15-22:19, a copy of which was filed as Exhibit 2 to Compass's prior Motion to Strike, Doc. No. 262-2.)

On August 9, 2023 and August 15, 2023, Plaintiffs served Interrogatories and Requests for Production Regarding Vending Machines, which requested for the very first time specific information about, and photographs of, certain vending machines.[11]

Plaintiffs served Dr. Kriegler's first supplemental expert report on August 11, 2023 (the "First Supplemental Report"), a copy of which was attached as Exhibit 2 to Compass's prior Motion to Strike.  (Doc. No. 262-3 [hereinafter "1st Suppl. Rpt."].)  The First Supplemental Report purported to apply the same methodologies presented in the Opening Report to a random sample or subset of machines located in California in order to calculate potential principal damages and pre-judgment interest pertaining to the machines located in California.

Counsel for Compass took Dr. Kriegler's deposition on August 23, 2023.  Plaintiffs served an "Errata" to Dr. Kriegler's First Supplemental Report on August 25, 2023 (the "Errata").  The Errata purported to rectify certain errors contained in Dr. Kriegler's First Supplemental Report that had been identified by Compass during Dr. Kriegler's deposition.  The agreed upon deadline for Compass to depose Dr. Kriegler expired on August 23, 2023.

---

[11] Compass timely served its Responses to Plaintiffs' Interrogatories and Requests for Production Regarding Vending Machines on September 8, 2023.  Compass also served the documents sought in the Requests for Production Regarding Vending Machines, as well as a supplemental Survey Instance Report, on September 8, 2023.

Compass served the report of its expert, David Kalat, on September 18, 2023, according to the schedule that the parties had agreed to.

Approximately two hours before filing the prior Motion for Class Certification in the Eastern District of Missouri, Plaintiffs served Dr. Kriegler's second supplemental report on October 13, 2023 (the "Second Supplemental Report"). The Second Supplemental Report evaluates Compass's rebuttal expert report, and, for the first time, applies the methodologies presented in the Opening Report to assess alleged class-wide damages and interest. A copy of the Second Supplemental Report was attached to Compass's prior Motion to Strike as Exhibit 4. (Doc. No. 262-4 [hereinafter "2nd Suppl. Rpt."].) Compass moved to strike the First and Second Supplemental Reports on November 10, 2023. (Doc. No. 262.)

After the consolidated action was transferred to the Western District of North Carolina on December 1, 2023, (Doc. Nos. 263, 264), this Court granted the parties' joint request to re-file Plaintiffs' Motion for Class Certification and Compass's Motion to Strike in order to apply the legal standards of the new Circuit in which this case is now pending, and set a schedule for the motions to be re-filed and re-briefed. (Doc. No. 290.)

Plaintiffs subsequently doubled down on their improper use of untimely expert reports. On March 7, 2024—*i.e.*, the day before filing their new Motion for Class Certification—Plaintiffs served yet another supplemental expert report from Dr. Kriegler. Despite being styled as a "Declaration," (Doc. No. 293-4 [hereinafter "3rd Suppl. Rpt."]), in substance, Plaintiffs served a third supplemental report. In his Third Supplemental Report, Dr. Kriegler purported to apply the same methodologies presented in the Opening Report to random samples or subsets of machines located in Florida and South Carolina in order to calculate the purported damages of the Florida and South Carolina sub-classes. The opinions contained in the Third Supplemental Report are

7
Case 3:23-cv-00818-JAG-DCK   Document 298   Filed 04/05/24   Page 7 of 16

largely, if not exclusively, based upon documents and information which were available to him when he prepared the Opening Report seven months prior. On April 1, 2024, Plaintiffs "withdr[e]w their request that . . . the Court certify the South Carolina and Florida subclasses." (Doc. No. 294 at 1.)

To date, Plaintiffs have never asked—and Compass never agreed—to allow additional expert reports to be filed after the Court-ordered or the agreed-to deadlines. Nevertheless, in their Memorandum in Support of Plaintiffs' Motion for Class Certification, Plaintiffs rely upon Dr. Kriegler's untimely and prejudicial supplemental reports *ad nauseam*. (Doc. No. 293-1 at 1, 7, 19-23, 31, 37-38.)

## ARGUMENT

A "failure to disclose in a timely manner is equivalent to a failure to disclose." *United States v. $307,970.00, in U.S. Currency*, 156 F. Supp. 3d 708, 713 (E.D.N.C. 2016) (quoting *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998)). Rule 16(b) grants the district court broad discretion to preserve the integrity and purpose of its scheduling order and Rule 37(c)(1) authorizes the Court to sanction a party for failing to provide information or identify a witness as required by Rule 26. Under Rule 37(c)(1), "a party who fails to comply with the expert witness disclosure rules is prohibited from 'us[ing] that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 189-90 (4th Cir. 2017) (quoting Fed. R. Civ. P. 37(c)(1)). In determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless, courts are guided by the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

Courts routinely reject supplemental expert reports that are served after the expert disclosure deadline has passed and where the other party would be prejudiced, especially where, as here, the remedy for such prejudice—a significant extension of all of the remaining deadlines in the case—would require disrupting the order and efficiency of the trial. *See, e.g.*, *Wegener v. Johnson*, 527 F.3d 687, 694 (8th Cir. 2008) (affirming exclusion of expert's untimely supplemental testimony where admitting the supplemental testimony might have made it necessary to grant the defendant a continuance and further dispute the district court's trial calendar); *Morgan v. City of Charlotte*, No. 3:22-CV-00003-KDB-DCK, 2023 U.S. Dist. LEXIS 103888, at *10-16 (W.D.N.C. June 13, 2023); *W. Plastics, Inc. v. Dubose Strapping, Inc.*, 334 F. Supp. 3d 744, 755 (E.D.N.C. 2018) (granting motion to strike supplemental expert report where defendant "did not have an opportunity to conduct discovery or address the new expert opinion"); *Petersen v. Midgett*, 140 F. Supp. 3d 490, 502-03 (E.D.N.C. 2015); *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797-98 (D. Md. 2013).

"Supplementation of an expert report permits a party to correct inadvertent errors or omissions." *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630-31 (E.D.N.C. 2008); *see Morgan v. City of Charlotte*, No. 3:22-CV-00003-KDB-DCK, 2023 U.S. Dist. LEXIS 103888, at *10-16 (W.D.N.C. June 13, 2023) ("Rule 26(e) permits supplemental reports only for the ***narrow purpose*** of correcting inaccuracies or adding information that was unavailable at the time of the initial report." (emphasis added)). However, Rule 26(e) "does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report[.]" *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630-31 (E.D.N.C. 2008); *see Raszkiewicz v. Progressive Max Ins. Co.,* No. 5:21-CV-38, 2023 U.S. Dist.

LEXIS 117331, at *6 (N.D.W. Va. May 23, 2023) ("Permitting supplementation in this case would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given.") (citation omitted); *EEOC v. Freeman*, 961 F. Supp. 2d 783, 797-98 (D. Md. 2013) (noting that Rule 26(e) does not create a "right to produce information in a belated fashion"). Courts distinguish "true supplementation" from gamesmanship. *W. Plastics, Inc. v. Dubose Strapping, Inc.*, 334 F. Supp. 3d 744, 755 (E.D.N.C. 2018); *see Akeva LLC. v. Mizuno Corp.,* 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc on docket control and amount to unlimited expert preparation.").

Here, the First, Second, and Third Supplemental Reports should be excluded as untimely. With regard to the First Supplemental Report, there can be no justification for its untimeliness. The First Supplemental Report uses the same documents and information relied upon by Dr. Kriegler in the Opening Report to calculate the purported damages of a sub-class of California residents. Compass did not produce any new documents or information, nor did any depositions occur, between the agreed-upon expert disclosure deadline (August 7, 2023) and service of Dr. Kriegler's First Supplemental Report (August 11, 2023). *See EEOC v. Freeman*, 961 F. Supp. 2d 783, 797-98 (D. Md. 2013) (excluding untimely "supplemental reports and declarations" because expert's analyses therein were "based on materials that were available to him prior to his initial submission deadline, not on newly discovered information"); *Petersen v. Midgett*, 140 F. Supp. 3d 490, 502-03 (E.D.N.C. 2015) (noting that "supplemental reports may be necessary and proper when ***new information*** is obtained" (emphasis added)).

With regard to the Second Supplemental Report, Compass risks severe prejudice if it is admitted into evidence. The Second Supplemental Report attacks Compass's rebuttal expert's opinions and analysis. In essence, it allows Mr. Jilek the opportunity to submit an expert "reply brief," despite the fact that none of the long-standing, prior court-ordered schedules contemplated any such thing. (*See* Doc. No. 236 (Scheduling Order) at 1-2; *see also* Doc Nos. 23, 58, 87, 146, 174, 198.) *Cf. Raszkiewicz v. Progressive Max Ins. Co.*, No. 5:21-CV-38, 2023 U.S. Dist. LEXIS 117331, at *5-6 (N.D.W. Va. May 23, 2023) ("[T]he tactic of providing a 'preliminary opinion' only to provide a final opinion after having the benefit of reviewing a defendant's expert disclosures is a cheap tactic, which amounts to nothing more than sandbagging.") (citation omitted).

Not only does the Second Supplemental Report go beyond the scope of expert opinions that the parties contemplated and agreed to, but the timing of the report is highly prejudicial to Compass. The Second Supplemental Report, served just hours before Plaintiff Jilek's prior Motion for Class Certification was filed, came five weeks after Plaintiffs' expert deadline (as agreed and extended by the parties) and weeks after Dr. Kriegler's deposition. Compass was unable to test these opinions through deposition or a rebuttal report. Even if the Court allowed Compass to do so, it would require extending the Scheduling Order, which the Court previously informed the parties, it was extremely reluctant to do. *See Morgan v. City of Charlotte*, No. 3:22-CV-00003-KDB-DCK, 2023 U.S. Dist. LEXIS 103888, at *10-16 (W.D.N.C. June 13, 2023) (striking untimely supplemental expert report where plaintiff "waited until filing her opposition to the motions for summary judgment to attach" the report where "the only meaningful cure — allowing the parties to reopen discovery to depose [the expert] and perhaps conduct follow up related discovery — would disrupt the . . . trial by delaying the Court's ruling" on pending motions);

*Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630-31 (E.D.N.C. 2008) (excluding untimely expert report where prejudice to opposing party could not be cured "without further delay and further discovery, including another deposition" of the expert and noting that, "[a]lthough a trial date ha[d] not been set, this case has been pending [for two years], and reopening discovery would trample the Scheduling Order and disrupt proceedings").

The Third Supplemental Report, which was served a full seven months after Plaintiffs' expert deadline, is plagued with the same issues underlying both the First and Second Supplemental Reports. For starters, as with the First Supplemental Report, the Third Supplemental Report relies upon the same documents and information relied upon by Dr. Kriegler in the Opening Report to calculate the purported damages of sub-classes, this time for Florida and South Carolina residents. Even if the Florida and South Carolina sub-classes were still at issue in this case,[12] the timing of the Third Supplemental Report is highly prejudicial to Compass, as it was served almost contemporaneously with Plaintiff Jilek's re-filed Motion for Class Certification. In doing so, Plaintiff again seeks to deprive Compass of the opportunity to test the opinions set forth in the Third Supplemental Report through deposition or a rebuttal report. *See Petersen v. Midgett*, 140 F. Supp. 3d 490, 502-03 (E.D.N.C. 2015) (striking untimely supplemental expert report, concluding the "late submission was prejudicial to the defendants because it denied defendants the opportunity to redepose [the expert] on his supplemental opinions," and declining to "reopen the discovery period for this long-pending case to cure [plaintiff's] failure to timely disclose the [report]"); *see also Williams v. TESCO Servs., Inc.*, 719 F.3d 968, 976 (8th Cir. 2013) (holding

---

[12] In addition to being untimely and prejudicial, the Third Supplemental Report is also irrelevant in light of recent developments in this case. As of this week, Plaintiffs have "withdraw[n] their request that . . . the Court certify the South Carolina and Florida subclasses." (Doc. No. 294 at 1.) Because the opinions set forth in the Third Supplemental Report exclusively relate to the purported damages of the now-withdrawn South Carolina and Florida sub-classes, (*cf.* Doc. No. 293-1 at 20, 22-23), the Court should strike the Third Supplemental Report on the independent basis of relevance.

that "untimeliness was not substantially harmless" when "allowing the belated second report would require reopening discovery" to re-depose the expert, "thus delaying trial"); *GenoSource, LLC v. Secura Ins.*, 637 F. Supp. 3d 633, 639 (N.D. Iowa 2022) (striking the plaintiff's untimely supplemental expert report where the "new opinions are such that [defendant] may wish to obtain its own expert to analyze the data in rebuttal, necessitating a continuation of the discovery deadline and trial date, as well as perhaps re-briefing the dispositive motion. This delay would prejudice [defendant] and disrupt the court's schedule").

If Dr. Kriegler's First, Second, and Third Supplemental Reports were allowed to stand, it would require substantial revisions to the current Scheduling Order. Expert discovery would need to be significantly extended—which in turn would cause a cascading extension of the remainder of the deadlines in the case. It would also improperly permit one party an endless material supplementation of expert opinion based on known information.

It is inconsequential that Compass produced additional information and documents after the Opening Report was served because these materials were produced ***in response to additional discovery requests that were also served after Plaintiffs' expert report deadline***. Plaintiff's delays in litigating this case are not grounds to reconsider a previously-requested—and denied—extension. *See Beach Mart, Inc. v. L & L Wings, Inc.*, No. 2:11-CV-44-F, 2016 U.S. Dist. LEXIS 9566, 2016 WL 347398, at *3 (E.D.N.C. Jan. 27, 2016) (striking defendant's untimely supplemental expert report where report was used "to shoehorn in a piece of evidence that [the defendant]'s counsel sought out after fact discovery had already closed"); *In re Fla. Cement & Concrete Antitrust Litig.*, No. 09-23493-CIV, 2011 WL 13174537, at *8 (S.D. Fla. Nov. 17, 2011) ("Plaintiffs' own delays and inefficiencies in taking discovery do not justify their failing to comply with Rule 16, the Court's Scheduling Order, and Rule 26. This is especially true in a case such as

this where there exists a rigid class-certification briefing schedule and the Court has previously denied Plaintiffs an extension of time . . ."); *James v. Crate & Barrel, Inc.*, No. CIV.A. H-14-1086, 2015 WL 687809, at *3 (S.D. Tex. Feb. 18, 2015) (denying plaintiff's request for a discovery extension where plaintiff "failed to diligently pursue this case"); *MacDonald v. Maricopa Cnty.*, No. 03-0374-PHX-SMM, 2006 WL 2772849, at *11 (D. Ariz. Sept. 27, 2006) (denying plaintiffs' motion for extension of time where the case had "been pending for more than three years, in large part due to delays [plaintiff] caused, and where plaintiff had previously sought a discovery extension that was denied). Each of Dr. Kriegler's three supplemental reports is untimely, and highly prejudicial to Compass. Parties are not allowed to game the system in this manner with expert opinion, and it is appropriate, under the laws of this Circuit and the Federal Rules of Civil Procedure, that they be stricken.

## CONCLUSION

For the foregoing reasons, Compass respectfully requests that the Court strike Dr. Kriegler's First, Second, and Third Supplemental Reports.

Dated: April 5, 2024                    Respectfully submitted,


                                        By: */s/ Joseph C. Wylie II*
                                            Joseph C. Wylie II, 6270852IL *(Pro Hac Vice)*
                                            Nicole C. Mueller 6309735IL *(Pro Hac Vice)*
                                            Kenn Brotman 6236771IL *(Pro Hac Vice)*
                                            **K&L GATES LLP**
                                            70 West Madison Street, Suite 3300
                                            Chicago, IL 60602-4207
                                            Tel:    (312) 372-1121
                                            Fax:    (312) 827-8000
                                            joseph.wylie@klgates.com
                                            Nicole.Mueller@klgates.com
                                            Kenn.Brotman@klgates.com

                                            Paul W. Sweeney Jr., 112511CA
                                            *(Pro Hac Vice)*
                                            **K&L GATES LLP**
                                            10100 Santa Monica Blvd., 8th Floor
                                            Los Angeles, CA 90067
                                            paul.sweeney@klgates.com
                                            Secondary:  litigation.docketing@klgates.com

                                            Daniel D. McClurg
                                            N.C. Bar Number 53768
                                            **K&L Gates LLP**
                                            300 South Tryon Street, Suite 1000
                                            Charlotte, North Carolina 28202
                                            Phone: (704) 331-7400
                                            Fax:    (704) 353-3114
                                            Email: daniel.mcclurg@klgates.com

                                            *Attorneys for Compass Group USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on **April 5, 2024**, which will serve all counsel of record.

*/s/ Joseph C. Wylie II*

16
Case 3:23-cv-00818-JAG-DCK    Document 298    Filed 04/05/24    Page 16 of 16