IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, *et al.*, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COMPASS GROUP USA, INC., D/B/A Canteen<br><br>Defendant. | Case No. 3:23-cv-00818-RJC-DCK |

# **COMPASS GROUP USA, INC.'S RESPONSE TO PLAINTIFFS BALDWIN AND BORRERO'S MOTIONS FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

**TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
|  | 1. Plaintiff Brian Baldwin | 2 |
|  | 2. Plaintiff Andres Borrero | 4 |
| III. | LEGAL STANDARD | 5 |
| IV. | ARGUMENT | 5 |
| V. | CONCLUSION | 7 |

Defendant Compass Group USA, Inc. d/b/a Canteen ("Compass") submits this Response in Opposition to the Motion for Voluntary Dismissal of Plaintiff Brian Baldwin's Entire Action Without Prejudice (Dkt. No. 299) ("Baldwin Motion") and the Motion for Voluntary Dismissal of Plaintiff Andre Borrero's Action Without Prejudice (Dkt. No. 300) ("Borrero Motion" and, together with the Baldwin Motion, the "Motions").

## I. INTRODUCTION

Plaintiffs Brian Baldwin ("Baldwin") and Andres Borrero's ("Borrero") Motions come after months of (1) evading discovery obligations necessitating, among other things, Compass' still-pending Motion to Compel Plaintiffs Baldwin and Borrero's Discovery Responses (Dkt. No. 288); (2) unfulfilled promises by counsel that Baldwin would be dismissing his claims and withdrawing from this case. Critically, the Motions came only after Compass filed its Response in Opposition to Plaintiff's refiled Motion for Class Certification. (Dkt. No. 295.) Compass respectfully requests that the Court dismiss Baldwin and Borrero's claims *with* prejudice, or alternatively, impose appropriate and necessary conditions on their dismissal without prejudice, including an order precluding Baldwin and/or Borrero from later seeking to rejoin as class representatives in this action or filing a class action in any court in the United States on the basis of any theory of recovery stemming from the facts stated in the complaint before this Court.

## II. FACTUAL BACKGROUND

The majority of the current and former plaintiffs in this matter filed their lawsuits in 2017 and 2018, and the actions were consolidated in August 2020. (Dkt. No. 63.) Plaintiffs Baldwin and Borrero, represented by the same counsel as former named Plaintiffs Moore, Carter, Ivery, and Madelmayer and current Plaintiff Jilek, joined the matter years later at the end of 2022, when the

1

case was nearing the end of discovery. A brief recitation of the timeline relating to their involvement in this case illustrates why their claims must be dismissed with prejudice:

1. Plaintiff Brian Baldwin

Baldwin filed his complaint against Compass on October 20, 2022 in the United States District Court for the District of South Carolina (Case No. 5:22-cv-03644-MGL), which was subsequently consolidated into this action. (Dkt. No. 263.) Baldwin's complaint alleges that he made purchases three times per day, every workday, since 2010 from unlabeled vending machines at two locations in Orangeburg, South Carolina. (*See* 1st Mueller Decl. Ex. 7, Dkt. No. 261-7, Baldwin Complaint ¶¶ 16-20.) Reports produced by Compass in discovery show that there were both labeled and unlabeled vending machines at these locations during the time that Baldwin allegedly made his purchases.[1]

Requests for production and interrogatories were served on counsel for Baldwin on June 14, 2023. On August 18, 2023, Baldwin served limited responses to written discovery. (Dkt. Nos. 289-7, 289-8.) Request No. 1 of Compass' RFPs to Baldwin sought "[a]ll documents relating to or evidencing purchases You made at the Machines, including, but not limited to, credit or debit card statements." Baldwin responded that he "is unable to comply at this time because he does not have copies of his bank statements. The bank statements from the three banks for the three debit cards Plaintiff used to purchase items from the Machines. [SIC] The three banks of Navy Federal Credit Union, BB&C and Grand South. Plaintiff will seek to acquire copies of his bank statements." In response to all other Requests, Mr. Baldwin stated that he had no responsive documents.

---

[1] (*See* 1st Mueller Decl. ¶ 18 (citing CG-0022195), Dkt. No. 261.) This report was produced to Plaintiffs on July 19, 2022, three months before Baldwin filed his complaint. (*Id.* ¶¶ 10, 18.)

According to his limited responses to Compass' Interrogatories, Baldwin purportedly learned about the price differential on his own, approximately three to four months after his first purchases at each of the two locations, and he continued to make purchases at Compass's vending machines after he learned about the differential. (1st Mueller Decl. Ex. 8, Dkt. No. 261-8, Baldwin Resp. Compass's 1st Set Interrogs. ["Baldwin ROG Resp."] at No. 3.) Baldwin was not able to obtain bank records documenting his purchases. (*Id.*) Baldwin did not attempt to estimate the number of purchases he made, or how many he made before he learned of the price differential. (*Id.*) These facts are material to Compass' defense, as set forth in its Response in Opposition to Plaintiff's refiled Motion for Class Certification. (Dkt. No. 295.)

Baldwin's deposition was noticed for October 3, 2023, a date proposed by Plaintiff's counsel. Less than a week before the deposition, on September 29, 2023, Baldwin's counsel informed Compass that Baldwin was refusing to appear for his deposition and intended to dismiss his claims "next week." (1st Mueller Decl. ¶ 9, Dkt. No. 261; 1st Mueller Decl. Ex. 6, Dkt. No. 261-6, 9/29/23 e-mail from A. Jenkins.) Though five months passed, Baldwin did not dismiss his claims; instead, and only in response to Compass's motion to compel Baldwin to dismiss his claims or sit for a deposition, did Baldwin "agree[] to sit for his deposition at a mutually agreeable date and time and location." (Dkt. No. 291 at 2.)

Baldwin's deposition was re-noticed for March 29, 2024 and confirmed by Baldwin's counsel. On March 28, 2024, counsel for Baldwin informed Compass that Baldwin did not intend to appear for his deposition and would be withdrawing from the case. (2nd Mueller Decl. Ex. 15, Dkt. 296-2, E-mails from Counsel.)

The Baldwin Motion, through which Baldwin seeks an unconditional dismissal without prejudice, was not filed until April 17, 2024 (*i.e.*, after Compass filed its Response in Opposition to Plaintiff's refiled Motion for Class Certification).

2. Plaintiff Andres Borrero

Andres Borrero filed his complaint against Compass on October 20, 2022 in the United States District Court for the Middle District of Florida (No. 8:22-cv-2407-WFJ-MRM), which was subsequently consolidated into this action on November 15, 2023. (Dkt. No. 263.) In his complaint, Borrero alleges he made purchases once or twice a day from unlabeled Compass vending machines located at New South Window in Tampa, Florida, which was allegedly his place of work. (1st Mueller Decl. Ex. 9, Dkt. No. 261-9, Borrero Compl. ¶¶ 16-18.) However, reports produced by Compass in discovery show that of the six machines located there, four were surveyed and found to have Labels. (1st Mueller Decl. ¶ 19, Dkt. No. 261.)

Requests for production and interrogatories were served on counsel for Borrero on June 16, 2023. Borrero did not respond to any of the discovery propounded upon him until February 29, 2024, after Compass filed its pending Motion to Compel Plaintiffs Baldwin and Borrero's Discovery Responses. In his discovery responses, Borrero inexplicably changed the location of his alleged purchases to Southeast Windows & Glass in Ruskin, Florida. (Pl.'s Ex. S, Dkt. No. 293-3, Borrero Resp. Compass's 1st Set Interrogs. at No. 1 ["Borrero ROG Resp."].) <u>Compass does not own or operate any vending machines at this location.</u> (2nd Mueller Decl. ¶ 6, Dkt. No. 296.) Borrero claimed to have no bank statements or other documents evidencing any purchases he made. (Borrero ROG Resp. No. 2.) Though counsel promised in September 2023 to issue subpoenas on Borrero's financial institutions, there is no indication that any subpoena was ever served.

On March 15, 2024, after Compass requested a date for Borrero's deposition, counsel informed Compass that Borrero intended to dismiss his claims and could not appear for a deposition. (2nd Mueller Decl. Ex. 15, Dkt. 296-2, E-Mails from Counsel.) This is, presumably, because counsel learned that Borrero did not actually have a claim against Compass, notwithstanding the fact that he had maintained a lawsuit against Compass for a year and a half. As with the Baldwin Motion, the Borrero Motion was not filed until April 17, 2024 (*i.e.*, after Compass filed its Response in Opposition to Plaintiff's refiled Motion for Class Certification) and seeks an unconditional dismissal without prejudice.

### III. LEGAL STANDARD

Because no class has been certified, Federal Rule of Civil Procedure 41(a), not Rule 23(e), governs the Motions. Additionally, because Compass has filed an answer, Rule 41(a)(2) provides that Baldwin and Borrero's claims "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper[.]" Fed. R. Civ. P. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* The Fourth Circuit has clarified that "[i]t is implicit in this language that the district court may dismiss the plaintiff's action either without prejudice or, by so specifying, with prejudice." *Choice Hotels Int'l., Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993).

### IV. ARGUMENT

As an initial matter, Plaintiffs cite no authority to support the purported justification for seeking dismissal without prejudice (*i.e.*, that a dismissal with prejudice would foreclose their ability to recover as members of the class represented by Plaintiff Jilek). To be sure, in the unlikely event that a class is certified in this case, that Plaintiff Jilik establishes liability, and that Baldwin and/or Borrero are able to show they are ascertainable members of the class (which they we unable

5

to do in years of litigation), Compass does not object to Baldwin and/or Borrero recovering as members of the class.

Compass does, however, object to an unconditional dismissal without prejudice, which would leave Baldwin and/or Borrero free to file duplicative class actions arising out of the same facts and take another bite at the class certification apple in the likely event Compass prevails on Plaintiff Jilik's pending Motion for Class Certification. *Cf. Shappell v. PPL Corp.*, No. 06-2078, 2007 WL 893910, 2007 U.S. Dist. LEXIS 20041, at *9-11 (D.N.J. Mar. 20, 2007) (to avoid gerrymandering around CAFA, court granted plaintiffs' motion to voluntarily dismiss on the condition that they not file another case in any court in the United States asserting the same claims stemming from the same facts); *Nelson v. Mission Foods Co.*, No. 00-2336, 2001 U.S. Dist. LEXIS 1259, at *2-3 (N.D. Tex. Feb. 7, 2001) (because plaintiff may have sought dismissal "for improper purposes, such as forum shopping or an effort to defeat federal jurisdiction," court granted dismissal "on the condition that he not file in any court in the United States a duplicative class action based on the controversy at issue here"); *In re Phillips Petroleum Securities Lit.*, 109 F.R.D. 602, 609 (D. Del. 1986) (same).

"The factors the court must consider in ruling on a motion under Rule 41(a)(2) are: '(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a dispositive motion is pending.'" *Gravely v. Doe*, No. 7:18-cv-00394, 2019 WL 1049386, 2019 U.S. Dist. LEXIS 34296, at *6 (W.D. Va. Mar. 5, 2019) (quoting *Hobbs v. Kroger Co.*, No. 98-1831, 1999 U.S. App. LEXIS 5029, 1999 WL 156045, at *1 (4th Cir. Mar. 23, 1999)). The court may consider whether a defendant has "incurr[ed] substantial costs of discovery" in determining whether dismissal is proper, or if conditions on

dismissal are warranted. *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986); see also *Braud v. Transport Servs. of Ill.*, No. 05-1898, 2009 U.S. Dist. LEXIS 16121, 2009 WL 413505, at *2 (E.D. La. Feb. 17, 2009) (denying the plaintiffs' motion to withdraw class allegations and to dismiss voluntarily under Rule 41(a)(2) where the parties had incurred considerable expense and delay in connection with class certification issues which were fully briefed by the time plaintiffs moved to dismiss). Each of these factors weigh against allowing unconditional dismissals without prejudice, particularly with respect to Baldwin. *See Howard v. Inova Health Servs.*, 302 F. App'x 166, 180 (4th Cir. 2008) ("Given the stage of the litigation, [the plaintiff's] insufficient explanation for a voluntary dismissal, and his lack of diligence . . . the district court did not abuse its discretion in finding a 'sufficient basis' to deny [the plaintiff's] motion to dismiss without prejudice." (quoting *Andes v. Versant Corp.*, 788 F.2d 1033, 1036-37 (4th Cir. 1986)).

Separately, a dismissal with prejudice or a conditional dismissal is warranted here given Baldwin and Borrero's failures to provide responsive evidence in discovery which tends to show they are members of the class and sub-classes they sought to represent. *See GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007) (noting courts should "prevent[] plaintiffs from litigating, losing, and then wiping the slate clean by voluntarily dismissing their action.").

## V. CONCLUSION

Compass respectfully requests that the Court deny the Motions or, in the alternative, grant the Motions on the condition that neither Baldwin nor Borrero rejoin this action as class representatives or file or prosecute a duplicative class action in any state or federal court in the United States based on the controversy at issue in this case.

Dated: May 1, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ *Joseph C. Wylie II*
　　　　　　　　　　　　　　　　　　　　　Joseph C. Wylie II, 6270852IL *(Pro Hac Vice)*
　　　　　　　　　　　　　　　　　　　　　Nicole C. Mueller 6309735IL *(Pro Hac Vice)*
　　　　　　　　　　　　　　　　　　　　　Kenn Brotman 6236771IL *(Pro Hac Vice)*
　　　　　　　　　　　　　　　　　　　　　**K&L GATES LLP**
　　　　　　　　　　　　　　　　　　　　　70 West Madison Street, Suite 3300
　　　　　　　　　　　　　　　　　　　　　Chicago, IL 60602-4207
　　　　　　　　　　　　　　　　　　　　　Tel:　　(312) 372-1121
　　　　　　　　　　　　　　　　　　　　　Fax:　　(312) 827-8000
　　　　　　　　　　　　　　　　　　　　　joseph.wylie@klgates.com
　　　　　　　　　　　　　　　　　　　　　Nicole.Mueller@klgates.com
　　　　　　　　　　　　　　　　　　　　　Kenn.Brotman@klgates.com

　　　　　　　　　　　　　　　　　　　　　Paul W. Sweeney Jr., 112511CA
　　　　　　　　　　　　　　　　　　　　　*(Pro Hac Vice)*
　　　　　　　　　　　　　　　　　　　　　**K&L GATES LLP**
　　　　　　　　　　　　　　　　　　　　　10100 Santa Monica Blvd., 8th Floor
　　　　　　　　　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　　　　　　　　　paul.sweeney@klgates.com
　　　　　　　　　　　　　　　　　　　　　Secondary:　litigation.docketing@klgates.com

　　　　　　　　　　　　　　　　　　　　　Daniel D. McClurg
　　　　　　　　　　　　　　　　　　　　　N.C. Bar Number 53768
　　　　　　　　　　　　　　　　　　　　　**K&L Gates LLP**
　　　　　　　　　　　　　　　　　　　　　300 South Tryon Street, Suite 1000
　　　　　　　　　　　　　　　　　　　　　Charlotte, North Carolina 28202
　　　　　　　　　　　　　　　　　　　　　Phone: (704) 331-7400
　　　　　　　　　　　　　　　　　　　　　Fax:　　(704) 353-3114
　　　　　　　　　　　　　　　　　　　　　Email: daniel.mcclurg@klgates.com

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Compass Group USA, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on May 1, 2024, which will serve all counsel of record.

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II