# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, et al., on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:23-cv-00818-RJC DCK ) |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | ) ) ) ) |
| Defendant. | ) ) ) |

## DECLARATION OF M. ANTHONY JENKINS

I, M. Anthony Jenkins, state and declare as follows:

1. I am a Senior Associate with Arias Sanguinetti Wang & Team LLP, and I am one of the counsel of record for Plaintiff James Jilek in the above-captioned matter for which I have been granted leave to appear *pro hac vice*. I have personal knowledge of the matters stated herein, except as to those matters stated upon information and belief, which I believe to be true. If called and sworn as a witness, I could and would testify truthfully and competently to the matters stated herein. This declaration is submitted in support of Plaintiffs' Response to Motion to Strike.

2. Throughout this litigation, beginning in early 2000, Defendant has produced multiple successive reports of a survey of its vending machines that began in March 2019 and that purported to indicate which of its two-tier machines were not labeled with a sticker informing the customer that they would be charged ten cents more if they used a credit, debit or

1

prepaid card.

3. It was not until May 4, 2023, that Defendant provided an Excel spreadsheet, which it refers to as a "Survey Instance Report," with corrected and updated data regarding its survey of its two-tier machines. Then on May 22, 20223, Defendant provided a revised Survey Instance Report.

4. On the afternoon of June 27, 2023, the day before our firm was scheduled to take the deposition of Martha Morgan, Defendant's vice president of business information, and more than three years after Compass first disclosed the existence of its survey, Defense Counsel emailed our firm a Declaration signed by Ms. Morgan informing Plaintiff for the first time that Defendant's survey reports were subject to human error.

5. As of June 27, 2023, Plaintiff had taken six depositions of Compass employees about the survey, and none of the deponents had disclosed any human errors in the survey.

6. Ms. Morgan didn't describe the extent of the errors, but she said she had found some by reviewing photographs of the machines that had been taken as part of the survey. This was also the first time Defendant had told Plaintiff that there were such photographs.

7. Attached as Exhibit 1 is a true and correct copy of the cover page, excerpts cited in the attached response, and reporter's certificate from the Martha Morgan Deposition, Vol. III (June 28, 2023).

8. Attached as Exhibit 2 is a true and correct copy of Plaintiffs' First Request for Documents Directed to Defendant Compass Group USA, Inc., D/B/A Canteen served on Defendant on March 8, 2019.

9. Attached as Exhibit 3 is a true and correct copy of Defendant Compass Group USA, Inc.'s Supplement to Rule 26(a) Disclosures.

10. Defendant did not refer to or produce the photographs it took of the machines in its supplement to its Rule 26(a)(1) on November 1, 2022.

11. On July 30, 2023, Plaintiff initially requested that Defendant provide the photographs for each surveyed machine. On August 1, 2023, Defenant stated "there is no way to provide direct access to the photos linked in the spreadsheet." Accordingly, on August 1, 2023, the parties met and conferred with Plaintiff proposing a resolution whereby Compass would produce photographs of a random sample of surveyed and un-surveyed machines. On August 4, Plaintiff sent Defendant a random list of surveyed and un-surveyed machines created by Plaintiff's expert. On August 7, 2023, Defendant asked Plaintiff to serve a formal discovery request. August 7 was also the stipulated due date for Plaintiff's expert report.

12. On August 11, 2023, our firm served Defendant with Dr. Kriegler's Supplemental Report.

13. Compass took Dr. Kriegler's deposition on August 23, 2023. Dr. Kriegler followed up two days later with an errata, correcting a minor mistake that had come to light during his deposition.

14. On September 8, 2023, Defendant produced the vending machine photographs, along with a new Survey Instance Report that added more than 16,000 rows to the previous version that it had produced.

15. On October 13, 2023, Plaintiff served Defendant with the Second Supplemental Expert Report of Brian Kriegler, Ph.D., October 12, 2023.

///

16. Attached as Exhibit 4 is a true and correct copy of the cover page, excerpts cited in the attached response, and reporter's certificate from the Transcript of Status Conference, June 15, 2023.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on May 3, 2024 in Los Angeles, California.

By: */s/ M. Anthony Jenkins*
M. Anthony Jenkins

## CERTIFICATE OF SERVICE

  I hereby certify that on May 3, 2024, the foregoing was served upon all counsel of record via electronic mail.

                        /s/ *M. Anthony Jenkins*