# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE MOORE and VIRGINIA CARTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMPASS GROUP USA, INC., D/B/A CANTEEN<br><br>Defendant. | Cause No. 4:18-cv-01962-RLW |

**PLAINTIFFS' FIRST REQUEST FOR DOCUMENTS DIRECTED TO DEFENDANT COMPASS GROUP USA, INC., D/B/A CANTEEN**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs propound the following request for documents to Defendant Compass Group USA, Inc., d/b/a Canteen to be answered in writing, under oath, within the time provided by the Federal Rules of Civil Procedure:

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiffs' Interrogatories" means Plaintiffs' First Set of Interrogatories Directed to Defendant Compass Group USA, Inc., d/b/a Canteen.

2. All definitions in Plaintiffs' Interrogatories apply here.

3. Interrogatory means any Interrogatory that is part of Plaintiffs' Interrogatories.

**DOCUMENTS REQUESTED**

1. All documents that refer or relate to a charge for an item in a Canteen vending machine that is higher than the price shown on the vending machine.

2. All documents that you were asked to identify in response to an Interrogatory.

3. All photographs, drawings, or other depictions of a sign or other notification on a Canteen vending machine that the price for an item purchased with a card would be higher than the price shown.

4. Documents sufficient to show the locations of all Canteen vending machines in each state in which Defendant's vending machines are located.

5. Documents sufficient to show the total amount paid by customers for items in Canteen vending machines in excess of the aggregate prices of such items, including documents showing such excess amount paid in each respective state in which Defendant's vending machines are located.

6. Documents sufficient to show the total amount paid by customers for items in Canteen vending machines where payment was with a card, including documents showing such amount in each respective state in which Defendant's vending machines are located.

7. Documents sufficient to show the number of purchases from Canteen vending machines where payment was with a card, including documents showing such number in each respective state in which Defendant's vending machines are located.

8. Documents sufficient to show the number of purchases from Canteen vending machines in which payment was made with a card associated with an Illinois bank or credit card account and where Defendant withdrew from such account more than the price shown on the machine for the item purchased, and the amount of revenue from such withdrawals made in excess of the prices shown on the machine for the purchased item.

9. All documents that refer or relate to a withdrawal made from an Illinois bank or credit card account for an item in a Canteen vending machine that is higher than the price shown on the vending machine.

10. Documents referring or relating to the following, as referenced in Defendant's Rule 26(a) Disclosures; the Declaration of Amanda Heierman, submitted by Compass, Doc. #28-1; and Defendant Compass Group USA, Inc.'s Memorandum of Law in Support of its Motion to Transfer Venue, Doc. #28:

    A. Third parties that process credit card payments made at Compass vending machines;

    B. The financial terms of those relationships;

    C. Information transferred to Compass from these third parties;

D. A complete description of Compass's practice of offering discounts for cash transactions at Compass vending machines and the implementation of that practice, including (but not limited to), if the practice changed, the dates of such changes;

E. Any and all information transferred to Compass from third parties regarding credit card payments at Compass vending machines, and the information retained by Compass with respect to such transactions;

F. Compass's process for resolving issues involving Compass's implementation of its cash discount practice, including, but not limited to, an identification of all such issues, and also including (but not limited to) if the process changed, the dates of such changes.

11. All insurance agreements that may provide coverage for Plaintiffs' claims and the claims of the purported class.

12. A copy of Defendant's document retention policy, and all versions of said policy.

4

13. Any and all documents that refer or relate to Compass's cash discount practice.

14. Any and all documents that refer or relate to Compass's offer of discounts for cash transactions at Compass vending machines or that refer or relate to the implementation of that practice.

15. Any and all documents that refer or relate to Compass's process for resolving customer disputes or its process for resolving issues involving Compass's implementation of its cash discount process.

16. Any and all documents that refer or relate to communications with customers of Compass's cash discount policy and/or its policy of charging prices that vary depending on the customer's payment method.

Dated: March 8, 2019

Respectfully submitted,

LAW OFFICE OF RICHARD S. CORNFELD, LLC

By: */s/ Richard S. Cornfeld*
Richard S. Cornfeld, #31046MO
Daniel S. Levy, #66039MO
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Tel: (314) 241-5799
Fax: (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

*Attorneys for Plaintiffs*

5

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon Defendant's counsel of record via electronic mail this 8th day of March, 2019:

Joseph C. Wylie II, 6270852IL
(Pro Hac Vice)
K&L Gates LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602-4207
Telephone: (312) 372-1121
Facsimile: (312) 827-8000
joseph.wylie@klgates.com

Paul W. Sweeney Jr., 112511CA
(Pro Hac Vice)
K&L Gates LLP
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
paul.sweeney@klgates.com

Andrew J. Scavotto, 57826MO
Stinson Leonard Street LLP
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 719-3048
andrew.scavotto@stinson.com

*/s/ Richard S. Cornfeld*