UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, et al., on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 3:23-cv-00818-RJC DCK |
| | ) |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## REPLY IN SUPPORT OF PLAINTIFFS BALDWIN AND BORRERO'S MOTIONS FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

Compass asks the Court either to deny this motion or, in the alternative, as it states in its Conclusion, grant it "on the condition that neither Baldwin nor Borrero rejoin this action as class representatives or file or prosecute a duplicative class action in any state or federal court in the United States based on the controversy at issue in this case." Compass Group USA, Inc.'s Response to Plaintiffs Baldwin and Borrero's Motions for Voluntary Dismissal Without Prejudice, Doc. # 301, at 7. Plaintiffs Baldwin and Borrero ("Plaintiffs") are agreeable to that condition and hereby stipulate to it. On that basis this motion should be granted.

Plaintiffs only wish that, when they had asked Compass to agree to this motion, it had mentioned this condition and asked Plaintiffs to agree to it. Plaintiffs would have said yes, and the Court wouldn't have to decide a contested motion.[1]

---

[1] Plaintiff does feel the need to respond to Compass' argument that there has been an excessive delay or lack of diligence. That is not true. "Plaintiff's counsel was informed on March 28, 2024, that Plaintiff Brian Baldwin requested that he be removed from this case." Declaration of M. Anthony Jenkins, Doc. # 299-2, ¶ 2. Prior to that, on October 5, 2023, Plaintiff's counsel had informed

1

| | |
|---|---|
| Dated: May 8, 2024 | **GOLDENBERG HELLER & ANTOGNOLI, P.C.**<br>By: /s/ Richard S. Cornfeld<br>Richard S. Cornfeld (admitted *pro hac vice*)<br>2227 South State Route 157<br>Edwardsville, IL 62025<br>Tel: 618.656.5130<br>rick@ghalaw.com<br><br>Mike Arias (admitted *pro hac vice*)<br>M. Anthony Jenkins (admitted *pro hac vice*)<br>**ARIAS SANGUINETTI WANG & TEAM LLP**<br>6701 Center Drive West, 14th Floor<br>Los Angeles, CA 90045<br>T: (310) 844-9696<br>F: (310) 861-0168<br>mike@aswtlawyers.com<br>anthony@aswtlawyers.com<br><br>Joel R. Rhine, NC SBN 16028<br>Martin A. Ramey, NC SBN 33617<br>**RHINE LAW FIRM, PC**<br>1612 Military Cutoff Rd, Suite 300<br>Wilmington, NC 28403<br>Tel: 910−772−9960<br>Fax: 910−772−9062<br>jrr@rhinelawfirm.com<br>mjr@rhinelawfirm.com |

---

Defendant that "[i]t is my understanding that Mr. Baldwin is recovering from a serious health problem, and I am unable to communicate with him for the time being. I still need to talk to him about the subpoena. And I am unable to file a request for dismissal of his case because I have not yet received written authorization from him." Exhibit 1 to Reply Declaration of M. Anthony Jenkins. "Plaintiff Andres Borrero is suffering from traumatically induced brain damage, causing him short-term and long-term memory loss and therefore cannot satisfy the adequacy requirement of Rule 23. … [Plaintiff's counsel] learned that fact for the first time during a phone call with Mr. Borrero on or about March 7, 2024." Declaration of Richard S. Cornfeld, Doc. # 300-2, ¶ 2. On April 1, 2024, prior to filing these motions, Plaintiffs filed Plaintiffs' Supplement to Motion for Class Certification (Doc. # 294) to "withdraw their request that Plaintiffs Brian Baldwin and Andres Borrero be appointed class representatives and that the Court certify the South Carolina and Florida subclasses that they seek to represent." Compass knew that when it responded to the motion for class certification.

Attorneys for Plaintiffs JAMES JILEK, BRIAN BALDWIN and ANDRES BORRERO

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served upon the following Defendant's counsel of record via electronic mail this 8th day of May, 2024.

/s/ M. Anthony Jenkins