# Exhibit 4

```
 1              UNITED STATES DISTRICT COURT
 2           FOR THE EASTERN DISTRICT OF MISSOURI
 3                     EASTERN DIVISION
 4
 5   GEORGE MOORE and VIRGINIA CARTER,
 6   et al., on behalf of themselves
 7   and all others similarly situated,
 8            Plaintiffs,
 9         vs.                         Case No.
10   COMPASS GROUP USA, INC., D/B/A    4:18-cv-01962-SEP
11   CANTEEN,
12            Defendants.
13   _____
14
15
16             VIRTUAL REMOTE DEPOSITION OF
17                   PETER FETHERSTON
18               Wednesday, March 3, 2022
19
20
21
22   Reported by:
23   Laura Taylor Martin
24   CSR No. 4158
25   Job No. 5106791
```

Page 1

```
 1   APPEARANCES:
 2
 3   For Plaintiffs:
 4        ARIAS SANGUINETTI WANG & TORRIJOS LLP
 5        BY:   ROBERT M. PARTAIN, ESQ. (Via Zoom)
 6        6701 Center Drive West, 14th Floor
 7        Los Angeles, California  90045
 8        (310) 844-9696
 9        robert@aswtlawyers.com
10
11   For Defendants:
12        K&L GATES LLP
13        BY:   JOSEPH C. WYLIE II (Via Zoom)
14        70 West Madison Street, Suite 3300
15        Chicago, Illinois 60602-4207
16        (312) 372-1121
17        joseph.wylie@klgates.com
18
19
20
21
22
23
24
25
```

```
 1        Q.   Is she still with the company?
 2        A.   No, sir.
 3        Q.   Okay.  What was her role at the company back in
 4   late November of 2018?
 5        A.   She was senior vice president, responsible for
 6   the marketing and retail.
 7        Q.   Okay.  And again, same question to you, sir.  I
 8   don't see anything on your list of Alicia's areas of
 9   focus that had anything to do with either the survey or
10   the appropriate labeling on two-tier vending machines.
11   Is that right?
12        A.   That's right.
13        Q.   Finally, who's Bud, sir?
14        A.   His name is Bud Nixon.
15        Q.   Okay.  And what was his job back in late
16   November 2018 at Canteen?
17        A.   He was VP of technology for Compass, assigned
18   to Canteen.
19        Q.   I see.
20             And again, same question, sir.  I don't see
21   anything on your list of Bud's areas of focus having to
22   do with either the survey or the appropriate labeling on
23   two-tier vending machines.  Is that accurate?
24        A.   That's accurate.
25        Q.   Okay.  So on your PowerPoint that we just
```

```
 1   scrolled through here -- and again, just so we have the
 2   appropriate context, the PowerPoint itself is entitled
 3   "Canteen Technology Review."  I think you told me that in
 4   fact there was -- that the survey had itself involved a
 5   significant piece of technology that was being developed.
 6   Right?
 7        A.   Yes.
 8        Q.   Okay.  And I think you called it an app, and I
 9   won't pretend to not know about it.  In prior depositions
10   it was described to me that an app had been developed so
11   that people in the field could actually conduct a survey
12   by taking a photograph and documenting some information
13   about the machines and these sorts of things.
14             Is that what you're referring to?
15        A.   Yes.
16        Q.   Okay.
17             So at this late November 2018 meeting, which
18   was a Canteen technology review, is it fair to say, sir,
19   that none of the five folks that you identified as having
20   areas of focus were focused on the survey or the
21   appropriate labeling for two-tier vending machines?
22        A.   The -- yeah.  If I could answer that this way
23   to you, sir:  The slide does not specifically call out
24   two-tier labeling as an area of focus.  I accept that.
25   But I want to emphasize that this is a strategic slide
```

```
1                REPORTER'S CERTIFICATION
2

3           I, the undersigned, a Certified Shorthand
4    Reporter of the State of California, do hereby certify:
5           That the foregoing proceedings were taken
6    by me remotely at the time herein set forth; that
7    any witnesses in the foregoing proceedings, prior to
8    testifying, were duly sworn; that a record of the
9    proceedings was made by me using machine shorthand
10   which was thereafter transcribed under my direction;
11   that the foregoing transcript is a true record of the
12   testimony given.
13           Further, that if the foregoing pertains to
14   the original transcript of a deposition in a Federal
15   case, before completion of the proceedings, review of
16   the transcript [  ] was [  ] was not requested.
17           I further certify I am neither financially
18   interested in the action nor a relative or employee
19   of any attorney or party to this action.
20           IN WITNESS WHEREOF, I have this date subscribed my
21   my name this 24th day of March, 2022.
22
23
              *Laura T. Martin*
24            LAURA TAYLOR MARTIN
25            CSR No. 4158
```

Page 54