IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-818-RJC-DCK

| | |
|---|---|
| JAMES JILEK, et al., on behalf of himself and all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COMPASS GROUP USA, INC., )<br>d/b/a Canteen, )<br>)<br>Defendant. )<br>) | MEMORANDUM AND<br>RECOMMENDATION |

**THIS MATTER IS BEFORE THE COURT** on "Compass Group USA, Inc.'s Motion To Compel Plaintiffs Baldwin and Borrero's Discovery Responses" (Document No. 288), the "Motion For Voluntary Dismissal Of Plaintiff Brian Baldwin's Entire Action Without Prejudice" (Document No. 299), and the "Motion For Voluntary Dismissal Of Plaintiff Andrew Borrero's Action Without Prejudice" (Document No. 300). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and are now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motions to dismiss be <u>granted</u> and the motion to compel be <u>denied without prejudice</u>.

## I. BACKGROUND

This case has a long history beginning with the "Notice Of Removal By Defendant Compass Group USA, Inc." (Document No. 1) filed on November 21, 2018. On that date Defendant Compass Group USA, Inc. ("Defendant" or "Compass") removed an action from the Circuit Court for the City of St. Louis, Missouri, to the United States District Court for the Eastern

District of Missouri.  (Document No. 1, p. 1).  The case was then transferred over five (5) years later from the Eastern District of Missouri to this Court on December 1, 2023.  See (Document Nos. 263 and 264).

The related cases Baldwin v. Compass Group USA, Inc., 3:23-CV-821-RJC-DCK, and Borrero v. Compass Group USA, Inc., 3:23-CV-822-RJC-DCK, were also transferred to this Court on December 1, 2023, and notably, had already been consolidated with this case, Jilek v. Compass Group USA, Inc., 3:23-CV-818-RJC-DCK on November 15, 2023.  Id.

"Plaintiffs' Amended Consolidated Class Action Complaint" (Document No. 126) was filed on October 14, 2021.  The crux of the case(s) seems to be that Plaintiffs and "similarly situated consumers ... have purchased items from Defendant's vending machines and been charged more than the amount displayed for those items."  (Document No. 126, p. 4).

"Compass Group USA, Inc.'s Motion To Compel Plaintiffs Baldwin and Borrero's Discovery Responses"  (Document No. 288) was filed on January 30, 2024.  The "....Motion To Compel..." seeks to compel the production of discovery responses from Plaintiffs Brian Baldwin ("Baldwin") and Andres Borrero ("Borrero") to requests served on Plaintiffs in June 2023. (Document No. 288, p. 1).  The "....Motion To Compel..." was fully briefed as of February 20, 2024.  See (Document Nos. 289, 291, and 292).

The "Motion For Voluntary Dismissal Of Plaintiff Brian Baldwin's Entire Action Without Prejudice" (Document No. 299), and the "Motion For Voluntary Dismissal Of Plaintiff Andrew Borrero's Action Without Prejudice" (Document No. 300), were filed on April 17, 2024.  Both Baldwin and Borrero now seek to withdraw from this action pursuant to Fed.R.Civ.P. 41(a)(2). (Document Nos. 299 and 300).  Baldwin seeks to withdraw due to "circumstances he is facing in his personal life and because, after beginning the process of preparing for his deposition, he

concluded that this case is far more involved and would entail much more work than he anticipated. (Document No. 299, p. 1). Borrero reports that he is "suffering from traumatically induced brain damage, causing him short-term and long-term memory loss, and therefore, cannot satisfy the adequacy requirement of Rule 23." (Document No. 300, p. 1). Both Baldwin and Borrero note that James Jilek will continue as Plaintiff in this matter, and both movants seek dismissal without prejudice so they "can remain in the putative class." (Document No. 299-1, p. 1; Document No. 300-1, p. 1).

"Compass Group USA, Inc.'s Response To Plaintiffs Baldwin and Borrero's Motions For Voluntary Dismissal Without Prejudice" (Document No. 301) was filed on May 1, 2024. In short, Defendant argues that Plaintiffs should not be allowed to dismiss their claims *without* prejudice; however, Defendant does not oppose dismissal if "neither Baldwin nor Borrero rejoin this action as class representatives or file or prosecute a duplicative class action in any state or federal court in the United States based on the controversy at issue in this case." (Document No. 301, p. 9). In their "Reply In Support..." (Document No. 304) Plaintiffs Baldwin and Borrero state that they "are agreeable to that condition [proposed by Defendant] and hereby stipulate to it." (Document No. 304, p. 1).

These pending motions have been fully briefed and are ripe for review and a recommended disposition to the Honorable Robert J. Conrad, Jr.[1]

## II. STANDARD OF REVIEW

According to Fed.R.Civ.P. 41, a Plaintiff "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for

---

[1] Also pending, but not referred, are "Plaintiffs James Jilek's, Brian Baldwin's And Andres Borrero's Motion For Class Certification" (Document No. 293) and "Compass Group USA, Inc.'s Motion To Strike" (Document No. 297).

3

Case 3:23-cv-00818-RJC-DCK   Document 306   Filed 05/30/24   Page 3 of 6

summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed.R.Civ.P. 41(a)(1)(A). Otherwise, "**an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper**." Fed.R.Civ.P. 41(a)(2) (emphasis added).

"A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986).

> The purpose of Rule 41(a)(2) is "to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (citation omitted). In determining whether to allow a motion to dismiss without prejudice, the Court should consider such factors as "[1] the opposing party's effort and expense in preparing for trial, [2] excessive delay and lack of diligence on the part of the movant, and [3] insufficient explanation of the need for a voluntary dismissal, as well as [4] the present stage of litigation." Id. at 179 (citing Miller v. Terramite Corp., 114 F.App'x 536, 540 (4th Cir. 2004) (internal quotation marks omitted)).

5-Star Athlete Dev., LLC v. City of Shelby, N. Carolina, No. 1:21-CV-323-MR-WCM, 2022 WL 3136957, at *2 (W.D.N.C. Aug. 5, 2022).

"The decision to grant a voluntary dismissal under Rule 41(a)(2) is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987) (citing McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986) and Kenrose Mfg. Co. v. Fred Whitaker Co., 512 F.2d 890, 895 (4th Cir. 1972)).

### III. DISCUSSION

It appears to the undersigned that the parties are now in agreement that Plaintiffs Brian Baldwin and Andres Borrero should be allowed to voluntarily dismiss their claims pursuant to

4

Fed.R.Civ.P. 41(a)(2), with the condition that they will not rejoin this action as class representatives or file or prosecute a duplicative class action in any state or federal court in the United States based on the controversy at issue in this case.  See (Document No. 301, p. 9; Document No. 304, p. 1).  In the event a class is certified in this case, Plaintiff Jilek establishes liability, and Baldwin and/or Borrero show they are ascertainable members of the class – Baldwin and Borrero may recover as members of the class.  See (Document No. 301, pp. 7-8).

Based on the parties' briefs, and adopting the foregoing conditions agreed to by the parties, the undersigned will recommend that the pending motions to dismiss be granted.

Next, the undersigned notes that neither side's more recent briefs regarding dismissal address the still pending "…Motion To Compel…" (Document No. 288).  However, since the parties agree that Baldwin and Borrero should be dismissed from this action, the undersigned will further recommend that the "…Motion To Compel…" be denied without prejudice.  If Defendant Compass contends that discovery production from Baldwin and/or Borrero is still necessary, Defendant may file an objection to this Memorandum And Recommendation or re-file an appropriate motion later in this litigation.  Since Baldwin and Borrero no longer seek to continue as Plaintiffs, it appears likely that the need for their discovery responses has been mooted.

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Compass Group USA, Inc.'s Motion To Compel Plaintiffs Baldwin and Borrero's Discovery Responses"  (Document No. 288) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the "Motion For Voluntary Dismissal Of Plaintiff Brian Baldwin's Entire Action Without Prejudice" (Document No. 299) be **GRANTED** pursuant to the conditions described herein.

**IT IS FURTHER RECOMMENDED** that "Motion For Voluntary Dismissal Of Plaintiff Andrew Borrero's Action Without Prejudice" (Document No. 300) be **GRANTED** pursuant to the conditions described herein.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 30, 2024

David C. Keesler
United States Magistrate Judge