# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, *et al.*, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:23-cv-00818-RJC-DCK ) |
| COMPASS GROUP USA, INC., D/B/A Canteen | ) ) ) ) |
| Defendant. | ) |

**COMPASS GROUP USA, INC.'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION**

Defendant Compass Group USA, Inc. d/b/a Canteen ("Compass"), in support of its Motion for Leave to File, *instanter*, a Surreply in Opposition to the Motion for Class Certification (the "Motion for Leave" and "Proposed Surreply," respectively), (Doc. No. 307), to address false statements of fact and mischaracterizations presented by Plaintiff for the first time in his Reply in Support of Motion for Class Certification (the "Reply"), (Doc. No. 302), states as follows:

In his Response to the Motion for Leave (the "Response"), (Doc. No. 311 [hereinafter "Pl.'s Resp."]), Plaintiff does not address the Motion itself (*i.e.*, the request for leave to file the Proposed Surreply), and does not refute that the Reply presented new assertions and facts that were not previously raised. Fairness dictates that Compass be permitted a brief surreply to address the new assertions. *See Clean Juice Franchising v. Charleston Juicing, LLC*, No. 3:23-cv-00894-RJC-SCR, 2024 WL 1842174, at *2 (W.D.N.C. April 26, 2024). Therefore, because Plaintiff has waived opposition to the requested relief, the Motion for Leave should be granted. *See, e.g.*, *Ehmann v. Duke Energy Carolinas, LLC*, 3:19-CV-311-RJC-DSC, 2019 WL 8509561, at *3 (W.D.N.C. Sept.

1

4, 2019) (opposition to the requested dismissal deemed waived for failure to respond to movant's arguments).

Compounding the matter, Plaintiff improperly addresses the substance of the Proposed Surreply, and in doing so raises new arguments never presented anywhere in this case. First, Plaintiff does not refute that he raised a new fact in the Reply when he asserted, for the first time, that former Plaintiff Jaye's claims were "weeded out" through the use of Compass' survey data. (Pl.'s Resp. 1-2.) Compass should be allowed to refute this new, and false, statement of fact via the Proposed Surreply. (*See* Doc. No. 307-1 at 2-3.) Plaintiff's substantive attack of the Proposed Surreply is troubling in its suggestion that the submission of erroneous or fraudulent claims by individuals who were never harmed by the alleged wrongful conduct is irrelevant because Compass has not shown that this applies to an "overwhelming" number of claimants and because "a false claim won't increase Compass' total liability." That is not the proper standard for class certification and improperly shifts the burden of proof to Defendant. It is Plaintiff's burden to ascertain a class, avoid the inclusion of putative class members with no Article III standing, and quantify damages with some degree of certainty. *See, e.g.*, *Chatman v. GC Servs., LP,* 57 F. Supp. 3d 560, 561 (D.S.C. 2014) ("As [plaintiff] bears the burden of establishing that certification is warranted, it is incumbent on her to propose a workable definition and to demonstrate that there is a reliable and administratively feasible method of ascertaining the individuals encompassed by that definition.").

Second, in his Response, Plaintiff makes several incorrect statements or assumptions, and unsupported leaps of logic, regarding the existence or nonexistence of labeled and unlabeled machines at the same location at the same time. This confusing attack on the Proposed Surreply does nothing more than exemplify why it should be allowed, as Plaintiff raised new, but

2

Case 3:23-cv-00818-JAG-DCK    Document 312    Filed 06/27/24    Page 2 of 5

incomplete, evidence and contentions in the Reply and the Response. The Proposed Surreply corrects Plaintiff's misreporting of an incomplete data set attached to the Reply's declaration, and provides the missing data. Correcting this error is necessary to demonstrate why a class is not ascertainable: *i.e.* by noting that some locations had both labeled and unlabeled machines at the same time, thereby informing some, but perhaps not all, consumers of a surcharge at a given location. Plaintiff now takes the position that "where machines were unsurveyed at the time of a class member's purchase . . . the class member should be allowed to recover." (Pl.'s Resp. 5.) This is the first time that Plaintiff has taken the position that all purchases at unsurveyed machines should be included in damages, and it is not the opinion put forth by Plaintiff's expert. Plaintiff also now argues for the first time that Mr. Pemberton, and by extension all others similarly situated, should be allowed to recover under certain circumstances for purchases at machines that were found to be properly labeled at the time the machines were first surveyed. (Pl.'s Resp. 4.) This is also not consistent with Plaintiff's expert's opinion and Plaintiff did not advance any of these theories in either his opening Motion for Class Certification or in his Reply.

Third, the Response concedes that the declaration (Doc. No. 302-1) falsely claimed that Compass did not disclose the existence of photographs of the machines until June 27, 2023.[1] The Response compounds the problem, alleging that Compass failed to disclose "errors in its data" until June 2023. That is also not true and has previously been addressed by Compass. (*See* Compass' Reply in Support of Motion to Strike, Doc. No. 305 at 2-3 (identifying testimony collected in 2021 relating to the potential for errors inherent in the survey).) Moreover, the Response does not explain why, even if errors in the survey were first disclosed in 2023 as Plaintiff

---

[1] While Plaintiff apologized to the Court for the inclusion of false statements in the affidavit and brief, conspicuously absent was any apology to Compass for the baseless accusations of discovery misconduct.

falsely claims, that could not have been included in the arguments presented in Plaintiff's opening Motion for Class Certification filed on March 8, 2024.

Accordingly, for the reasons set forth herein, as well as those set forth in Compass' Motion for Leave and its Memorandum in Support, Compass respectfully requests that the Court grant it leave to file, *instanter*, the Proposed Surreply.

Dated: June 27, 2024

Respectfully submitted,

By: /s/ *Joseph C. Wylie II*
Joseph C. Wylie II, 6270852IL *(Pro Hac Vice)*
Nicole C. Mueller 6309735IL *(Pro Hac Vice)*
Kenn Brotman 6236771IL *(Pro Hac Vice)*
**K&L GATES LLP**
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Tel: (312) 372-1121
joseph.wylie@klgates.com
Nicole.Mueller@klgates.com
Kenn.Brotman@klgates.com

Paul W. Sweeney Jr., 112511CA
*(Pro Hac Vice)*
**K&L GATES LLP**
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
paul.sweeney@klgates.com
Secondary: litigation.docketing@klgates.com

Daniel D. McClurg
N.C. Bar Number 53768
**K&L Gates LLP**
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
Phone: (704) 331-7400
Fax: (704) 353-3114
Email: daniel.mcclurg@klgates.com

*Attorneys for Compass Group USA, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on June 27, 2024, which will serve all counsel of record.

*/s/ Joseph C. Wylie II*
Joseph C. Wylie II

5
Case 3:23-cv-00818-JAG-DCK    Document 312    Filed 06/27/24    Page 5 of 5