UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 3:23-cv-00818-JAG-DCK ) |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | ) ) ) ) |
| Defendant. | ) ) ) |

**JOINT DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Pursuant to 28 U.S.C. § 1746, we, Mike Arias and Daniel S. Levy, declare as follows:

1. I, Mike Arias, am the managing partner of the law firm of Arias, Sanguinetti, Wang & Team LLP, and am a member in good standing of the California Bar, and am admitted *pro hac vice* to this Court in this Action. Along with the law firms of Goldenberg Heller & Antognoli, P.C. and the Rhine Law Firm, P.C., my firm represents the Plaintiff in this Action (the firms are collectively referred to herein as "Class Counsel"). I am fully competent to make this declaration.

2. I, Daniel S. Levy, am an attorney with the law firm of Goldenberg Heller & Antognoli, P.C.,[1] am a member in good standing of the Illinois Bar and the Missouri Bar, and am admitted *pro hac vice* to this Court in this Action. My firm represents the Plaintiff in this Action

---

[1] I was previously an attorney with the Law Office of Richard S. Cornfeld, LLC, counsel for Plaintiff in this Action, and entered my appearance in January 2019. Mr. Cornfeld and myself joined Goldenberg Heller & Antognoli, P.C. in January 2023. Mr. Cornfeld has recently retired from the practice of law.

1

along with Arias, Sanguinetti, Wang & Team LLP and the Rhine Law Firm, P.C. I am fully competent to make this declaration.

3. The statements in this declaration are based on our personal knowledge and recollection as of this date, and we would competently testify thereto if called upon to do so.

4. We make this Joint Declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion") regarding Plaintiff's settlement with Defendant Compass Group, USA, Inc.[2]

5. Attached hereto as Exhibit 1 is a true and correct copy of the Settlement Agreement and its exhibits. The Settlement Agreement exhibits consist of (1) Proposed Preliminary Approval Order; (2) Proposed Final Approval Order; (3) Declaration of Proposed Settlement Administrator; (4) Long-Form Notice; (5) Short Form/Press Release Notice; and (6) Claim Form.

6. Class Counsel has substantial experience representing plaintiffs in consumer class litigation and in other complex litigation similar to the present Action. Resumes of Class Counsel's respective law firms are attached as Exhibits 2, 3 and 4, hereto.

7. In litigating this Action for over six and a half years, Class Counsel has vigorously and competently represented the best interests of Plaintiff and the putative class and has dedicated substantial resources to prosecuting this Action.

8. The case began in a Missouri state court in October 2018. After being removed to the Eastern District of Missouri, the case was litigated in that Court for several years, before it was transferred to the Western District of North Carolina in November 2023.

---

[2] Unless otherwise stated, all capitalized terms used herein have the meanings set forth in the Motion for Preliminary Approval (Dkt. 335) and Settlement Agreement attached as Exhibit 1.

9. Prior to reaching this Settlement, Class Counsel spent substantial time engaged in significant pre-trial motion practice and extensive discovery over several years. For instance, Class Counsel briefed multiple motions to dismiss, a motion to transfer, and Plaintiff's motion for class certification under both Eighth Circuit and Fourth Circuit law (following the above-referenced transfer). Further, Class Counsel prepared for argument on Plaintiff's motion for class certification. Class Counsel also reviewed Compass's voluminous document production (over 64,000 pages of documents), including extensive excel spreadsheets regarding Compass's survey of its vending machines at issue in the lawsuit, took several depositions of Compass's witnesses (both corporate representative and fact witnesses), and defended the deposition of Plaintiff James Jilek.

10. Additionally, Class Counsel spent significant time and expense working with Plaintiff's expert witness to, *inter alia*, analyze Compass's data, determine classwide damages, and defend the expert at his deposition.

11. As Class Counsel engaged in the aforementioned motion practice and discovery, they gained a firm understanding of the strengths and weaknesses of Plaintiff's claims and Compass's defenses, which they relied upon in negotiating the Settlement, to ensure it is fair, reasonable, and adequate.

12. On three separate occasions, February 3, 2021, May 19, 2021, and May 25, 2023, the parties engaged in court-ordered mediation sessions, which proved unsuccessful.

13. On March 26, 2025, the Court scheduled hearings for April 28, 2025, on the pending motions for class certification and motion to strike reports of Plaintiff's expert. Shortly thereafter, the parties reengaged in arms-length and hard-fought settlement negotiations, which continued throughout April 2025, until the parties reached an agreement in principle on April 25, 2025.

14. During these negotiations, the parties only discussed the terms for the Class and did not discuss the payment of attorneys' fees, costs, expenses, or Class Representative service awards.

15. The parties thereafter continued to negotiate regarding additional terms in connection with a written Settlement Agreement.

16. The parties executed the Settlement Agreement on May 13, 2025.

17. Pursuant to Rule 23(e)(3), we disclose the following agreement made in connection with this classwide Settlement: Compass is entering into separate settlement agreements with Jason Pemberton and Joseph Whitaker, two individual plaintiffs who have filed similar actions in state courts (the "State Actions") that will have the same Effective Date as this Settlement. The State Actions are *Jason Pemberton v. Compass Group USA, Inc., d/b/a Canteen*, Case Number 2022LA001328 (Madison County, Illinois) and *Joseph Whitaker v. Compass Group USA, Inc., d/b/a Canteen*, Case No. 22-CVS-2576 (County of Davidson, North Carolina). We and our firms both represent Pemberton and Whitaker in the State Actions. Compass did not remove the State Actions and both have been stayed pending the outcome of the this class action. The individual settlements regarding plaintiffs Pemberton and Whitaker are to become effective on the Effective Date of the classwide settlement. The individual settlements consist of an agreement to dismiss the State Actions with prejudice promptly after the Effective Date in exchange for a settlement payment of $5,000 each to Pemberton and Whitaker (which payment will also not occur until after the Effective Date). Pemberton and Whitaker have also agreed to forego filing claims in the class Settlement to avoid a conflict with the Class or a double recovery. In our opinion, the individual settlements do not affect the reasonableness, fairness, or adequacy of the class Settlement. The individual settlements were not a term of the Class Settlement. The alternative to settling the State Actions now in connection with this Settlement Agreement would have been to wait until after the

Effective Date to negotiate and enter individual settlement agreements regarding the State Actions, but we do not believe that approach would have impacted the Settlement Agreement in any material way.

18. As described more fully in the Motion for Preliminary Approval, Class Counsel fully endorse the plan of allocating Settlement Payments to class members as provided by the Settlement Agreement. This allocation plan sets forth eleven separate tiers for Claimants based on the number (by range) of their purchases from Subject Vending Machines, with Settlement Payments rising by each tier and taking into account damages and prejudgment interest in a reasonable way within each tier. Such allocation plan facilitates a relatively simply claims process and is reasonable, rational, and equitable.

19. Based on Class Counsel's extensive experience in prosecuting complex consumer class actions, and after being informed of the facts, claims, and defenses at issue in this Action along with the risks of proceeding through trial and appeal, Class Counsel fully endorses this Settlement without reservation as being fair, reasonable, and adequate, and in the best interests of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of May, 2025.

                                        */s/ Mike Arias*
                                        Mike Arias

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 13th day of May, 2025.

                                        */s/ Daniel S. Levy*
                                        Daniel S. Levy

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the Court's CM/ECF system on May 14, 2025, which will serve all counsel of record.

/s/ *Daniel S. Levy*