# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between James Jilek ("Plaintiff"), on behalf of himself and all members of the Class, as defined herein, and Compass Group USA, Inc., d/b/a Canteen ("Compass"). Each party to this Agreement shall be referred to as a "Party" and collectively as the "Parties."

## RECITALS

1.      This Action originated in a Missouri state court in October 2018 and has evolved through different jurisdictions, consolidations, and amended complaints, with the operative complaint being the Amended Consolidated Class Action Complaint filed on October 14, 2021 (Dkt. 126, the "Operative Complaint").

2.      Plaintiff alleges that Compass, which owns and operates vending machines across the United States, engaged in a widespread practice of charging customers' credit, debit, or prepaid cards more than the displayed prices for items it sold in certain of its vending machines, without informing purchasers of that extra charge for use of a card.

3.      At three separate times throughout the case, on February 3 and May 19, 2021, and May 25, 2023, the parties engaged in court-ordered mediation sessions, which proved unsuccessful.  Prior to the hearing on the pending motions for class certification and to strike experts, the parties reengaged in settlement negotiations and reached an agreement in principle on April 25, 2025.  This Agreement embodies and finalizes the full settlement agreement of the parties.

4.      At all times, the negotiations leading to this Agreement have been adversarial and at arm's length.

5.      Counsel for Plaintiff and the Settlement Class have conducted a thorough study and investigation of the law and facts relating to the claims that were asserted, the scope and identity

1

of the Settlement Class, the benefits of this settlement, as defined below, and the risks and delays to Plaintiff and the Settlement Class associated with further litigation, and concluded that this settlement is fair, adequate, and reasonable and in the best interests of the Settlement Class.

6. Compass denies any wrongdoing; does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged against it in the Action; and denies that it has any liability whatsoever but has agreed to this settlement because of the uncertainties and expenses associated with litigation and the disruption to its business operations.

7. The Parties wish to settle the Action, effect a compromise, and terminate the Action against Compass. As provided herein, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, and subject to approval of the Court, all claims against Compass in the Action shall be settled and compromised upon the terms and conditions contained herein.

**<u>AGREEMENT</u>**

**A. DEFINITIONS**

In addition to the terms defined at various points within this Agreement, the following terms set forth in this Section have the following meanings throughout this Settlement Agreement:

1. "**Action**" or "**Litigation**" means *Jilek v. Compass Group USA, Inc. d/b/a Canteen*, No. 3:23-cv-00818-JAG-DCK, currently pending in the United States District Court for the Western District of North Carolina.

2. "**Agreement**" or "**Settlement Agreement**" means this Settlement Agreement and all its attachments and exhibits, including any subsequent amendments and any exhibits to such amendments, which are, collectively, the settlement (the "Settlement").

3.    "**Claimant**" means each member of the Class who submits a Claim Form during the Claim Period that is determined to be timely and eligible for a Settlement Payment pursuant to the procedures described in Section G herein.

4.    "**Claimant Tiers**" means the tiers into which Claimants will be divided for classification on the Claim Form and for allocation and distribution of the Settlement Payment as set forth in Section J.1.a herein, consisting of:

| Claimant Tier | Number of Purchases |
|---|---|
| A | Up to 250 purchases |
| B | More than 250 purchases |
| C | More than 500 purchases |
| D | More than 750 purchases |
| E | More than 1,000 purchases |
| F | More than 1,250 purchases |
| G | More than 1,500 purchases |
| H | More than 1,750 purchases |
| I | More than 2,000 purchases |
| J | More than 2,250 purchases |
| K | More than 2,500 purchases |

5.    "**Claim Form**" means the form in substantially the same form as shown in Exhibit 6 hereto, which members of the Class must complete and submit to the Settlement Administrator during the Claims Period to receive the Settlement Payment.  The "Claim Form" includes an online version of the Claim Form that may be completed on the Settlement Website and electronically signed and submitted.

6. "**Claims Period**" means the period beginning on the Preliminary Approval Date and ending on the date that is one hundred (100) days after the Settlement Notice Date.

7. "**Claims Process**" means the process established by Section G of this Agreement pursuant to which members of the Class may elect to receive the Settlement Payment.

8. "**Class**" or "**Settlement Class**" means:

All persons who, at any time between 2014 and the date the Court enters a Preliminary Approval Order, purchased in the United States an item from a "Subject Vending Machine" using a credit, debit, or prepaid card.

- The **"Subject Vending Machines"** means a vending machine owned or operated by Compass Group USA, Inc. (doing business as Canteen) that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit, or prepaid card.

- The Subject Vending Machines do *not* include:

  o Canteen vending machines that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card);

  o Canteen vending machines that displayed both the cash and credit price for each item; or

  o Canteen vending machines with a digital shopping cart (a screen that displays both the cash and credit price).

- A list of locations with the Subject Vending Machines will be posted on the Settlement Website.

- The Class excludes Compass, its officers and directors, and officers and directors of any subsidiary, affiliate, successors, or assignees of Compass; the trial judge presiding over this case; all persons who submit a Claim Form that is deemed invalid; and all persons in the Class who timely and properly opt out of this Agreement pursuant to the procedures set forth herein.

9. "**Class Counsel**" means Joel R. Rhine, Ruth Sheehan, and John Bruno of Rhine Law Firm, P.C.; Kevin P. Green and Daniel S. Levy of Goldenberg, Heller, & Antognoli, P.C.;

and Mike Arias and M. Anthony Jenkins of Arias Sanguinetti Wang & Team LLP, who represent Plaintiff and the Settlement Class.

10. "**Compass**" or "**Defendant**" means Compass Group USA, Inc. d/b/a Canteen.

11. "**Court**" means the U.S. District Court for the Western District of North Carolina.

12. "**Days**" means, for a period expressed in "days," the number of calendar days identified in the period, excluding the day of the event that triggers the period, but including the last day of the period except when the last day is a Saturday, Sunday, or federal holiday, in which case the period runs until the end of the next day that is not a Saturday, Sunday, or federal holiday.

13. "**Defendant's Counsel**" means Joseph C. Wylie II, Nicole C. Mueller, Kenn Brotman, Paul Sweeney Jr., Marla T. Reschly, and Daniel D. McClurg of K&L Gates LLP, who represent Compass, or any subsequently identified counsel for Compass.

14. "**Effective Date**" means the date on which the Final Judgment becomes final. "Final" as applicable to the Final Judgment means:

    **(a)**    If no appeal is taken, at the expiration of the time period allowed for appeal; or

    **(b)**    If any appeal is taken, on the date on which all appeals, including petitions for rehearing or reargument, petitions for review and petitions for certiorari or any other form of further review, have been finally disposed of in a manner resulting in affirmance of all the material provisions of the Final Order and Judgment.

15. "**Fee Application**" means Class Counsel's application to the Court for attorneys' fees and Rule 54 and 23 Costs, and the Service Award, which shall be filed at least ten (10) days prior to the Objection/Opt-Out Deadline.

16.    "**Fee Award**" means the Court's award of attorneys' fees, costs, and any Service Award pursuant to the Fee Application.

17.    "**Final Approval**" means the Court's entry of its Final Judgment granting final approval of this Agreement.

18.    "**Final Approval Hearing**" means the hearing before the Court for Final Approval as required by Federal Rule of Civil Procedure 23(e).

19.    "**Final Judgment**" means the Court's Final Order and Judgment that is substantially consistent with this Agreement in the form attached as Exhibit 2 hereto.  In the event that the Court issues separate orders addressing the matters constituting Final Approval, then Final Judgment includes all such orders.

20.    "**Long Form Notice**" means the Long Form Notice substantially in the form attached hereto as Exhibit 4 that shall be available to members of the Class as provided in Section F of this Agreement.

21.    "**Net Settlement Fund**" means the Settlement Amount less the Fee Award, Service Award, Settlement Administration Expenses, and any taxes as described in Section E.2.

22.    "**Notice Commencement Date**" means the date 21 days after the Preliminary Approval Order, or other date set by the Court in the Preliminary Approval Order, by which the Settlement Administrator is to commence the Notice Program.

23.    "**Notice Program**" means the notice plan described in Section F of this Agreement and in Exhibit 3 hereto.

24.    "**Objection Deadline**" means the date seventy-five (75) days after the Notice Commencement Date by which any member of the Class must file and serve a written statement objecting to this Agreement, to the Fee Application, or to any proposed Service Award. The

6

Objection Deadline shall also be the deadline for a member of the Class to file a written notice of intention to appear and for any counsel intending to represent a member of the Class to file an entry of appearance.

25. "**Opt-Out Deadline**" means the date seventy-five (75) days after the Notice Commencement Date by which a Request for Exclusion must be postmarked.

26. "**Opt-Out List**" means the list created by the Settlement Administrator identifying all persons who have opted-out of the Agreement by submitting a timely and proper Request for Exclusion.

27. "**Plaintiff**" means plaintiff in the Action: James Jilek.

28. "**Preliminary Approval**" means the Order entered by the Court granting Preliminary Approval of this Agreement, in substantially the same form as Exhibit 1 hereto.

29. "**Preliminary Approval Date**" means the date on which the Court enters its Order granting Preliminary Approval.

30. "**Released Parties**" means Compass Group USA, Inc., and each and all of its predecessors, successors, parents, subsidiaries, affiliates, customers and clients, and related entities, and each their respective present and former officers, directors, employees, attorneys, insurers, and reinsurers, together with each and all of their successors, heirs, and assigns, jointly and severally.

31. "**Request for Exclusion**" means a request to be excluded from the Agreement, submitted in accordance with Section H hereof.

32. "**Service Award**" means the award to the Plaintiff, to be determined by the Court, as a service payment for the time and resources put into representing the Settlement Class Members.

33. "**Settlement Administrator**" means, subject to Court approval, Simpluris, Inc. Class Counsel and Compass may, by agreement, substitute a different organization as Settlement Administrator, subject to approval by the Court if the Court has previously approved the Agreement preliminarily or finally. Either Class Counsel or Compass may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the Settlement Administrator.

34. "**Settlement Administration Expenses**" means all costs incurred in connection with services provided by the Settlement Administrator, or other parties, in connection with this Agreement, including services required for notice, administration, distribution, and/or facilitation of the settlement, and all other services required to effectuate this Agreement. Excluded from the Settlement Administration Expenses are Defendant's internal expenses required to effectuate this Agreement.

35. "**Settlement Amount**" means a common fund of Six Million Nine Hundred Forty Thousand Dollars ($6,940,000.00), which shall be used to pay the: (i) Claimants' Settlement Payment; (ii) Fee Award; (iii) Service Award; (iv) Settlement Administration Expense; (v) any taxes as described in Section E.2; and (vi) any *cy pres* recipient authorized by the Court as described herein.

36. "**Settlement Escrow**" means an account established by the Settlement Administrator to hold the Settlement Amount, or periodic installments thereof, paid by Compass under Sections C and E hereof, and from which amounts due pursuant to this Agreement will be paid.

37. "**Settlement Payment**" means the per-person portion of the Net Settlement Fund distributed to each Claimant, to be determined as set forth in Section J herein.

38. "**Settlement Website**" means the website created by the Settlement Administrator pursuant to Section F hereof.

**B. THE SETTLEMENT CLASS AND PRELIMINARY APPROVAL**

1. **Settlement Class Certification.** For settlement purposes only, the Parties agree that the Court may certify the Class in this Action pursuant to Federal Rule of Civil Procedure 23(b)(3). Plaintiff shall seek certification of the Class in connection with the motion for preliminary approval of this settlement. Compass agrees not to contest certification of the Class but reserves its rights to contest any motion to certify a class for trial.

2. **Preliminary Approval.** As soon as practicable following the execution of this Agreement, Plaintiff shall move the Court under Rule 23(e), substantially in the form of Exhibit 1 hereto, seeking an order, *inter alia*:

      **(a)**      preliminarily approving this Agreement;

      **(b)**      certifying the Class for settlement purposes;

      **(c)**      approving the Parties' selection of the Settlement Administrator;

      **(d)**      approving the Notice Program described herein;

      **(e)**      approving the Opt-Out Deadline and Objection Deadline;

      **(f)**      approving the Claim Form, Claims Process, and Claims Period; and

      **(g)**      setting a Final Approval Hearing date.

A motion for Final Approval will be filed after the Opt-Out/Objection Deadline and at least fourteen (14) days prior to a Final Approval Hearing, or as otherwise directed by the Court. In the event that Final Approval is not achieved for whatever reason or the Effective Date does not otherwise occur, the Court's orders contemplated by this Section shall be null, void, and vacated,

and shall not be used or cited thereafter by any person or entity for any purpose in the Action or otherwise. In the event that Preliminary Approval and/or Final Approval is not achieved, the Parties shall meet and confer within seven (7) days of the Court's Order denying approval to engage in good faith efforts to address concerns raised by the Court. Within fourteen (14) days of this good-faith conference or such time as the Court may direct, the Parties shall file a revised version of this settlement agreement with the Court in an attempt to address the Court's concerns.

## C.    THE SETTLEMENT RELIEF

In consideration for the dismissal of the Action with prejudice, as contemplated in this Settlement Agreement, and for the Release set forth herein, and other good and valuable consideration, Compass agrees to pay the Settlement Amount of $6,940,000.00, which shall be used to pay the: (i) Claimants' Settlement Payment; (ii) Fee Award; (iii) Service Award; (iv) Settlement Administration Expenses; (v) any taxes as described in Section E.2; and (vi) any *cy pres* recipient authorized by the Court, as described herein. No portion of the Settlement Amount shall revert back to Compass.

## D.    COURT APPOINTMENT AND RETENTION OF SETTLEMENT ADMINISTRATOR

The Parties agree to propose that the Court appoint Simpluris, Inc. as the Settlement Administrator. The Settlement Administrator will facilitate the Notice Program by assisting the Parties and providing professional guidance in the implementation of the notice. The Settlement Administrator's duties will include administering: (a) the Notice Program described herein and directed by the Court; (b) the Opt-Out and Objection Process set forth herein; (c) the Claims Process set forth herein; (d) the receipt and distribution of all payments required by this Agreement pursuant to the schedules set forth herein, or as otherwise directed by the Court; and (e) all Class Action Fairness Act notices required pursuant to 28 U.S.C. § 1715.

E.    THE SETTLEMENT AMOUNT

1.    **Depositing the Settlement Amount.**  Compass will deposit the Settlement Amount into the Settlement Escrow, as follows.

a.    **Initial Deposit into Settlement Escrow.** Within thirty (30) days after the Preliminary Approval Date, Compass will deposit an amount to cover the Settlement Administrator's estimated Expenses into the Settlement Escrow, pursuant to the payment instructions of the Settlement Administrator (the "Initial Deposit").

b.    **Additional Deposits of Settlement Amount.** To the extent the Initial Deposit will not cover incurred or expected Settlement Administration Expenses, Compass agrees to make additional deposits of the Settlement Amount into the Settlement Escrow as may be requested by the Settlement Administrator.

c.    **Deposit of Remainder.**  No later than twenty-one (21) days after the Court enters Final Approval, Compass will transfer to the Settlement Escrow the remainder of the Settlement Amount, less the Initial Deposit and any amount(s) already transferred pursuant to Section E.1.b above.

2.    **Qualified Settlement Fund.**  The funds in the Settlement Escrow shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Settlement Escrow. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Settlement Escrow or otherwise, including any taxes or tax detriments that may be imposed upon Compass, Defendant's Counsel, Plaintiff and/or Class Counsel with respect to income earned by the Settlement Escrow for any period during which the Settlement Escrow does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Settlement Escrow. Compass and Defendant's

Counsel and Plaintiff and Class Counsel shall have no liability or responsibility for any of the Taxes. The Settlement Escrow shall indemnify and hold Compass and Defendant's Counsel and Plaintiff and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

       3.    **Use of Settlement Amount.**  The Settlement Amount shall be used for the following purposes:

          **a.**    Payments to Claimants;

          **b.**    Payment of any Settlement Administration Expense;

          **c.**    Payment of the Court-ordered Fee Award;

          **d.**    Payment of all Taxes as set forth in Paragraph E.2;

          **e.**    Payment to any *cy pres* recipient authorized by the Court; and

          **f.**    Payment of any other fees, costs and expenses not specifically enumerated in Subparagraphs (a) through (e) of this Paragraph, subject to approval of Class Counsel, Defendant's Counsel, and the Court.

       4.    **No Reversion.**  No portion of the Settlement Amount shall revert to Compass, except where the Settlement Agreement is terminated as described herein. In no event shall Compass be required to pay more than the Settlement Amount in connection with this Settlement.

**F.**    **NOTICE**

       The Notice Program will be in substantially the form identified in the Declaration of the Settlement Administrator, or a form subsequently agreed to by the Parties and the Court, which includes the following components:

       1.    **Settlement Website and Long-Form Notice.**  Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will launch the Settlement Website (www.vendingmachinesettlement.com, or another website address agreed to by the Parties), which

12

will include links to the Long-Form Notice, the Settlement Agreement, the Claim Form (including a mechanism to complete and submit an electronic Claim Form), the list of locations for the Subject Vending Machines, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the Settlement. Class Counsel and Defendant's Counsel shall jointly approve any content in advance of posting on the Settlement Website. The Settlement Website will remain active for at least 180 days after the Effective Date.

2. **Toll Free Number.** By the Notice Commencement Date, the Settlement Administrator will establish and maintain a toll-free telephone number specific to the Action to further apprise members of the Class of the rights and options in the Settlement. The toll-free telephone number will be listed on the Settlement Website. The toll-free telephone number will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This toll-free telephone number will be accessible 24 hours a day, 7 days a week, and will remain active for at least 180 days after the Effective Date. Class Counsel and Defendant's Counsel shall jointly approve all responses used on the IVR system.

3. **Publication Notice to PR Newswire.** By the Notice Commencement Date, the Settlement Administrator will initiate publication of a release on PR Newswire's national US1 newswire, up to 700 words, in substantially the form attached as Exhibit 5. The US1 newswire reaches thousands of media outlets across the United States, including print publications, radio, and television stations. The Settlement Administrator will issue a second press release on PR Newswire's national US1 newswire by 30 days prior to the close of the Claims Period.

4. **Publication on Top Class Actions.** By the Notice Commencement Date, the Settlement Administrator will also initiate publication of notice of the settlement on the Top Class

Actions ("TCA") website (www.topclassactions.com). The TCA website received 3 million views per month and also distributes a monthly newsletter to 900,000 subscribers. Class Counsel and Defendant's Counsel shall jointly approve the content of the TCA publication. The TCA publication will remain active for the entire Claims Period.

5. **Targeted Social Media Publication.** By the Notice Commencement Date, the Settlement Administrator will initiate a social media program utilizing Facebook, Instagram, and Snapchat that will provide settlement-related information and links to the Settlement Website. This targeted social media program will include geotargeting in the zip codes of the Subject Vending Machines, hyper-local targeting to the location of each vending machine, and retargeting to users who visit the Settlement Website but do not submit a Claim Form. Class Counsel and Defendant's Counsel shall jointly approve the content of social media publication by the Settlement Administrator. The social media publication campaign will run for at least 30 days after the Notice Commencement Date.

6. **Website/Banner Ads.** By the Notice Commencement Date, the Settlement Administrator will initiate banner advertisements across high-visibility Google properties including YouTube, Gmail, and Google Discover using visually engaging images to direct people to the Settlement Website. Banner ads will also be purchased on national online publications including The Wall Street Journal and USA Today and national news outlets including CNN, Fox News, and NYTimes. Additionally, the Website/Banner ads will be retargeted to users who visit the Settlement Website but do not file a Claims Form. Class Counsel and Defendant's Counsel shall jointly approve the content of Website/Banner ads. The Website/Banner Ads campaigns will run for at least 30 days after the Notice Commencement Date.

7.      **Google Search.**  By the Notice Commencement Date, the Settlement Administrator will initiate Google Search to display ads relating to the Settlement to users who search for keywords related to the case or settlement. This will also facilitate and enhance other notice efforts by directing potential Class members to the Settlement Website when they use key phrases instead of a specific website address.

8.      **Parties and Counsel.**  Any Party, Class Counsel, or Defendant's Counsel may publicize the Settlement; however, no public communication concerning the Settlement Agreement will be initiated by any Party or counsel before the filing of the motion for preliminary approval. Class Counsel agrees that any article it writes and publishes will include language to the effect that Compass denies liability or that the Court did not determine who was right. Notwithstanding the foregoing, Compass may make regulatory disclosures deemed necessary at any time.

9.      **Class Action Fairness Act Notice.**  The Settlement Administrator shall send to each appropriate State and Federal official, the materials specified in 28 U.S.C. § 1715, and shall otherwise comply with its terms. The identities of such officials and the content of the materials shall be mutually agreeable to the Parties and in all respects comport with statutory obligations.

G.      **CLAIMS SUBMITTAL AND REVIEW PROCESS**

1.      **Submission of Claim Form.**  Members of the Class who wish to receive the Settlement Payment must submit to the Settlement Administrator a completed Claim Form on or before the close of the Claims Period. The primary manner in which members of the Class may file a claim will be online. The online Claim Form will be designed to be easily accessible and viewed from all types of electronic devices, and will collect the information specified in the Claim Form attached hereto. Class members who are unable to file a Claim Form online, or would prefer

to file a paper Claim Form, will have the opportunity to download a printable copy of the form from the Settlement Website or to request that a paper copy be mailed to them.

      **2.**      **Timely and Valid Claim Forms.**

         **a.**      **Timeliness.** A Claim Form is timely if it is postmarked or electronically submitted on or before the last day of the Claims Period. The timeliness of the submission of any Claim Form will be conclusively determined by the Settlement Administrator based on the postmark or other like proof of the date of mailing or transmission, including the time stamp of submission of the online Claim Form. The Settlement Administrator may contact any person to correct a defect in a submitted Claim Form for up to five (5) days after the Claims Period has ended.

         **b.**      **Validity.** A properly completed Claim Form that is timely submitted is presumptively valid; however, the Settlement Administrator will notify the Parties of any suspected fraudulent claims, and the Parties can agree to authorize follow-up communications regarding such claims, even if such communications occur after the Claims Period has ended. If the Parties do not agree on how to resolve a dispute regarding a Claimant, the Settlement Administrator will make a final and binding decision as to the Claimant. Any excluded Claimant will not be deemed a member of the Class who is subject to the Release in this Agreement. All final decisions regarding the validity of claims shall be made on or before twenty-five (25) days after the Claims Period Ends (the "Claimant Determination Deadline").

         **c.**      **Good Faith.** The Parties agree to work together in good faith to resolve any disputes regarding the timeliness or validity of a Claim Form.

      **3.**      **Reporting of Claimants and Final List of Claimants.** The Settlement Administrator will provide periodic updates of the number of all Claimants, and divisions within

the Claimant Tiers, throughout the Claims Period, or upon request of Class Counsel or Defendant's Counsel. Within seven (7) days after the end of the Claimant Determination Deadline, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a list of the final number of all Claimants, divided into the Claimant Tiers.

## H. OPT-OUT RIGHTS

**1. Right to Opt Out of Agreement.** A Class member shall have the right to opt out of this Settlement Agreement on or before the Opt-Out Deadline by following the procedures set forth in this Section. All persons who timely and properly opt out of the Settlement Agreement shall not: (1) be bound by any orders or judgments entered in this Action; (2) be entitled to relief under or be affected by this Settlement Agreement; (3) gain any rights or release any claims by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement. Except for those persons who have timely and properly opted out, all other Class members will be bound under this Settlement Agreement. If a person submits a Claim Form and also submits a Request for Exclusion, he/she will only be deemed as excluded if he/she contacts the Settlement Administrator in writing to expressly revoke or rescind submission of the Claim Form prior to the Opt-Out Deadline.

**2. Procedures for Opting Out.** In order to exercise the opt-out right, the person must execute and submit (by mail or email) a written Request for Exclusion to the Settlement Administrator postmarked or emailed on or before the end of the Opt-Out Deadline at

*Jilek v Compass Group USA Inc d/b/a Canteen*
P.O. Box 25417
Santa Ana, CA 92799
info@VendingMachineSettlement.com

A Request for Exclusion must include the person's present name, address, telephone number, and email, a clear and unequivocal statement that the person wishes to be excluded from the Settlement

Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative. A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion. No Request for Exclusion may be made on behalf of a group of persons. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with copies of all completed Requests for Exclusion within five (5) days of receipt.

       **3.**       **Revocation of Request for Exclusion.**  Any person who timely submits a Request for Exclusion may, prior to the Opt-Out Deadline, submit to the Settlement Administrator a written revocation of the Request for Exclusion, such revocation to simply bear the person's name, address, signature, and a statement of the person revoking the prior Request for Exclusion.

       **4.**       **Non-Solicitation of Opt-Outs.**  No Party or their respective counsel will encourage any person to opt out of the Settlement Agreement.

       **5.**       **List of Class Members Timely Electing to Opt Out.**  Within seven (7) days after the Opt-Out Deadline, the Settlement Administrator shall provide the Opt-Out List to Class Counsel and Defendant's Counsel.

**I.**       **OBJECTIONS BY SETTLEMENT CLASS MEMBERS**

       **1.**       **Procedure for Objections.**  Only Class members who do not timely submit a valid Request for Exclusion may object to the Settlement Agreement, Fee Application, or any payment identified herein or related to this Agreement. Any Class Member who wishes to object must file a written objection with the Court and serve the objection on Class Counsel and Defendant's Counsel by mail or electronic delivery to the addresses listed in Section N.1, on or before the Objection Deadline. To be valid, objections must be filed electronically with the Court on or before the Objection Deadline or mailed to the Clerk of Court with a postmark dated on or before the Objection Deadline. Any objections made by a Settlement Class Member who is represented by

counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class Members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

2.    **Content of Objections.**    Written objections must include: (i) the case name and number; (ii) the objector's name, residential address, mailing address (if different), telephone number, and email address and, if represented by counsel, the name, address, and telephone number of his or her counsel; (iii) proof of membership in the Class, as well as all other materials the Class member wants the Court to consider; (iv) a statement of whether the objector has objected to a class action settlement within the five years preceding the date the objection is filed, and, if so, the number of times the objector has so objected, the caption and case number of each case in which such objection has been made, and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon the prior such objections that were issued by the trial and appellate courts in each listed case; (v) a statement of each objection; (vi) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; and (vii) the objector's handwritten signature. No objection may be made on behalf of a group of Class members.

If an objection is made through a lawyer, the objection must also include (in addition to the above items): (i) the full name, telephone number, mailing address, and email address of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement and/or the request for attorneys' fees, costs and expenses; (ii) the identity of all counsel representing you who will appear at the Fairness Hearing; and (iii) the number of times your counsel has represented an individual

or entity on whose behalf counsel has objected to a class action settlement within the five years preceding the date that they have filed the objection, and the caption and case number of each case in which your counsel has made such objection and the caption and case number of any related appeal.

**3.** **Waiver of Objection.** Class members who fail to file and to serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

**4.** **Notice of Appearance.** Any Class member who files and serves a written objection satisfying the requirements of this Section may appear at the Final Approval Hearing, either in person or through personal counsel hired at the Settlement Class member's expense, to object to any aspect of the fairness, reasonableness, or adequacy of the Settlement Agreement. Class members, or their attorneys, intending to make an appearance at the Final Approval Hearing must deliver to Class Counsel and Defendant's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Class member anticipates needing to present the objection; (ii) identify, by name, address, telephone number all witnesses the Class member proposes to have testify; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Class member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits.

**5.** **Non-Solicitation of Objections.** Neither Party or their respective counsel, will encourage any person to file an objection.

**J.** **ALLOCATION AND DISTRIBUTION OF THE SETTLEMENT AMOUNT**

**1.** **Settlement Payment.** Claimants will be paid from the Net Settlement Fund.

a. **Amount.** Within 14 days after the Claimant Determination Deadline, the Claims Administrator will calculate and report to Class Counsel and Defendant's Counsel each Claimant's expected Settlement Payment, as follows: The Settlement Administrator will multiply the number of Claimants in each of the Claimant Tiers by the settlement payments shown below:

| Claimant Tier | Settlement Payment |
|---------------|--------------------|
| A | $30 |
| B | $60 |
| C | $90 |
| D | $120 |
| E | $150 |
| F | $180 |
| G | $210 |
| H | $240 |
| I | $270 |
| J | $300 |
| K | $360 |

If there are sufficient funds in the Net Settlement Fund to pay Claimants the amounts above (accounting for any remaining estimated Settlement Administration Expenses), then such amounts shall constitute the expected Settlement Payment. If there are insufficient funds in the Net Settlement Fund to pay each Claimant the amounts above, then the Settlement Administrator will calculate each Claimant's expected Settlement Payment by making *pro rata* adjustments to these amounts, which adjusted amounts shall constitute the expected Settlement Payment.

Within thirty (30) days after the Court enters Final Approval, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel an accounting of the Settlement Escrow, a

calculation of the Net Settlement Fund, and a final calculation of the Settlement Payment in the manner set forth above.

   **b.**  **Timing.** Within fourteen (14) days after the Effective Date, the Settlement Administrator will distribute the Settlement Payments to the Claimants.

   **c.**  **Method of Delivery of Settlement Payment.** Claimants will be able to select their preferred payment type on the Claim Form. Payment options will include physical checks, electronic payments (via PayPal, Venmo, or Zelle), or payment cards. Physical checks will be valid for 180 days after the date issued. The Settlement Payment will be accompanied by a statement indicating that it is from a settlement of the Action. For payment methods that require delivery, the Settlement Administrator will mail the Settlement Payment to the address indicated on the Claim Form. If any Settlement Payment is returned by the U.S. Postal Service as undeliverable, neither the Settlement Administrator, Compass, Defendant's Counsel, nor Class Counsel shall have any further obligations to the Claimant, except that:

    **i.**  within 75 days after the Effective Date, for any Settlement Payment returned by the U.S. Postal Service bearing a forwarding address, the Settlement Administrator will mail the Settlement Payment to the forwarding address;

    **ii.**  within 75 days after the Effective Date, for any Settlement Payment returned by the U.S. Postal Service without a forwarding address, the Settlement Administrator will use publicly available databases as is practicable to update Claimant's addresses and will cause the Settlement Payment to be re-mailed to such Claimant as can be located;

    **iii.**  the Parties agree that all Claimants waive and abandon any ownership interest in any returned and undeliverable Settlement Payments that are returned as

undeliverable more than 75 days after the Effective Date, and further agree that no obligation has been generated or proven with respect to such returned or undeliverable Settlement Payments.

      **d.**    **Tax Consequences.** No opinion concerning the tax consequences of this Settlement Agreement to any member of the Class is given or will be given by Compass, Defendant's Counsel, or Class Counsel; nor is any Party to this Agreement or his/her/its counsel providing any representation or guarantee respecting the tax consequences of the Settlement as to any member of the Class. The Long Form Notice will direct Settlement Class Members to consult their own tax advisors regarding the tax consequences of the Settlement and any tax reporting obligations with respect thereto. Each member of the Class is responsible for his or her own tax reporting and other obligations, if any, respecting the Settlement.

      **e.**    **Distribution of Net Settlement Fund Balance.** Any amounts that remain in the Net Settlement Fund after all Settlement Payments have been made in accordance with this Agreement and after the time for physical checks to expire has passed (180 days from date of issuance), will be distributed to a *cy pres* recipient.. The timing and recipient of a *cy pres* distribution is subject to the Court's approval. If a *cy pres* distribution is needed, the Parties will submit proposed recipient(s) for the Court's review.

      **2.**    **Settlement Administration Expenses.** The Settlement Amount will be utilized to pay the Settlement Administration Expenses. This amount may vary based on the number of claims received. Currently, the Settlement Administrator anticipates a total cost of settlement administration could reach approximately $850,000.00. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement. The Settlement Administrator will provide Class Counsel and Defendant's Counsel monthly invoices for all

services rendered and may distribute from the Settlement Escrow the full amount of each invoice within seven (7) days after submitting such invoice if no objection is raised to the charges listed on the invoice. The Parties and the Settlement Administrator agree to work in good faith to timely resolve any disputes related to the Settlement Administrator's invoices and/or estimates, and shall seek judicial intervention only as a last resort.

3. **Attorneys' Fees and Costs.** At least ten (10) days prior to the Objection/Opt-Out Deadline, Class Counsel will file its Fee Application. Without the Parties having negotiated the issue of attorneys' fees at any point in their negotiations, and with no consideration given or received, Class Counsel has elected to limit its petition for attorneys' fees to no more than one-third (1/3) of the Settlement Amount, plus reimbursement of litigation costs and expenses. Defendant reserves the right to contest Class Counsel's Fee Application. The Fee Award will be paid from the Settlement Amount. In the event the Court does not approve the award of attorney fees and litigation expenses requested by Class Counsel, or the Court awards an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement Agreement and shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. The Parties agree that Class Counsel may file a supplement to the Fee Application up to seven days (7) before the Final Approval Hearing to provide the Court updated information and/or to address issues raised in an objection. The Settlement Administrator will deliver the Court's Fee Award to Class Counsel within fourteen (14) days after the Effective Date.

4. **Service Award.** As part of its Fee Application, Class Counsel will seek the Court's approval of a "Service Award" for the Plaintiff, to be paid from the Settlement Amount, for his time and effort spent conferring with Class Counsel, pursuing the litigation in his own name, and recovering compensation on behalf of the Class. Without the Parties having negotiated the issue

of Service Awards at any point in their negotiations, and with no consideration given or received, Class Counsel has elected to seek no more than ten thousand dollars ($10,000.00) for Mr. Jilek. In the event the Court does not approve the Service Award requested by Class Counsel, or the Court awards an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement Agreement and shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable. The Settlement Administrator will deliver the Court's Service Award to Class Counsel within fourteen (14) days after the Effective Date.

     **5.**    **Accounting.**  In addition to any accounting described above, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel an accounting of the Settlement Escrow 60, 100, and 120 days after the Effective Date, as well as on the date that the Settlement Administrator's services are concluded.

**K.**    **RELEASE**

     Except for the obligations set forth in this Agreement and in the Court's Fee Award, Final Approval, and Final Judgment, for and in consideration of the Settlement Amount and other consideration, and the mutual promises contained in this Settlement Agreement, Plaintiff and all member of the Class, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives (the "Releasing Parties"), fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, liabilities, rights, demands, suits, petitions, demands in law or equity, matters, obligations, damages (including consequential damages), losses or costs, liquidated damages, statutory damages, attorneys' fees and costs, actions or causes of action, of every kind and description, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, fixed or contingent, accrued or not accrued, matured or not yet matured, asserted or unasserted, whether based on direct, successor, agency, or

respondeat superior liability, whether suspected or unsuspected, including without limitation those related to unknown or unsuspected injuries as well as unknown or unsuspected consequences of known or suspected injuries that the Releasing Parties now own or hold, or have owned or held at any time prior to the Effective Date of this Agreement, that were or could have been asserted in the Action, or are based on or in any way related to the factual predicate relating to the Action (the "Released Claims").

Upon the Effective Date, as to the Released Claims only, the Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released any and all provisions, rights, and benefits conferred by (i) Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or (ii) any equivalent, similar, or comparable present or future law or principle of law in any jurisdiction; or (iii) any law or principle of law in any State or territory of the United States, any foreign state or any other jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. The Releasing Parties, and each of them, may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim, accrued or unaccrued claim, loss, or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The foregoing release

of unknown, unanticipated, unsuspected, and unaccrued losses or claims with respect to the Released Claims is contractual and intentional, and not a mere recital.

## L. NO ADMISSION

Compass denies liability for the claims asserted in this Action. Neither the Settlement documents nor any other item pertaining to the Settlement Agreement contemplated herein shall be offered in any other case or proceeding as evidence of any admission by Compass of any liability with respect to any claim for damages or other relief, or of any admission by Plaintiff that he would not have prevailed on liability on any of his claims. Any stipulation or admission by Compass or Plaintiff contained in any document pertaining to the Settlement Agreement is made for settlement purposes only. In the event this Agreement is not finally approved, nothing contained herein shall be construed as a waiver by Compass that class certification is not appropriate or is contrary to law in this Action or any other case or proceeding, or by Plaintiff that class certification is appropriate, in this case or any other case or proceeding.

## M. FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

As part of Final Approval, the Parties shall jointly seek entry of a Final Judgment and Order of Dismissal With Prejudice that is substantially in the form attached here as Exhibit 2. Within seven (7) days of the Effective Date, the parties shall file a stipulation of dismissal with prejudice, with all costs to be born by the parties other than as set forth herein, in the Fee Award, or Final Judgment.

## N. ADDITIONAL MATTERS

**1.      Notice to Parties or Counsel.**  Any communication, verification, or notice sent by any Party or their counsel in connection with this Settlement Agreement shall be effected by personal delivery, regular first class mail, email, and/or overnight courier as follows:

**To Plaintiff:**
Kevin P. Green
Daniel S. Levy
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
kevin@ghalaw.com
daniel@ghalaw.com

Mike Arias
M. Anthony Jenkins
Arias Sanguinetti Wang and Team LLP
6701 Center Drive West 14th Floor
Los Angeles, CA 90045
mike@aswtlawyers.com
anthony@aswtlawyers.com

**To Compass:**
Joseph C. Wylie
Nicole C. Mueller
K&L Gates LLP
70 West Madison Street, Suite 3100
Chicago, Illinois 60603
joseph.wylie @klgates.com
nicole.mueller@klgates.com

2.      **Best Efforts.**  The Parties and their respective counsel agree that the terms of the Settlement Agreement are fair and reasonable and reflect a good-faith settlement of disputed claims. The Parties and their respective counsel shall reasonably cooperate with each other and use their best efforts to perform all of the terms of this Settlement Agreement and to effect its prompt consummation consistent with its terms.

3.      **Termination of Agreement.**  This Settlement Agreement shall be deemed terminated if there is no Effective Date.

4.      **Admissibility.**  The term sheet, this Settlement Agreement, any drafts of the term sheet or Settlement Agreement, or any other documents relating to the implementation of this Settlement Agreement or the term sheet, shall not be admissible or discoverable in this or another case, proceeding, or cause, except as otherwise provided herein to enforce the terms of this Settlement Agreement in this Action, or to effectuate the settlement.

5.      **Entire Agreement.**  This Settlement Agreement sets forth the entire agreement between the Settlement Parties with respect to its subject matter and the Parties and their counsel

expressly acknowledge that no other agreements or understandings unexpressed in this Settlement Agreement exist between them relating to the subject matter hereof.

6. **Amendment.** This Settlement Agreement may be amended or modified only by a written instrument signed by all Parties or their successors in interest or their duly authorized representatives.

7. **Time Periods.** The time periods and dates described in this Settlement Agreement with respect to the giving of notices and hearings are subject to Court approval and modification by the Court or by written stipulation of Class Counsel and Defendant's Counsel.

8. **Binding Effect.** This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns.

9. **Construction.** This Settlement Agreement shall be deemed to have been drafted equally by Class Counsel and Defendant's Counsel and no rule of strict construction shall be applied against or in favor of any of the Parties.

10. **Counterparts.** This Settlement Agreement may be executed in counterparts, each of which shall constitute an original, and all of which shall be deemed a single agreement. The Agreement may be executed by verified electronic signature, including via DocuSign or similar software. For purposes of this Settlement Agreement, a facsimile or electronic copy shall constitute an original signature and shall have the same binding effect as an original.

11. **Exhibits.** The exhibits to this Settlement Agreement are:

**Exhibit 1 –** Proposed Preliminary Approval Order

**Exhibit 2 –** Proposed Final Judgment

**Exhibit 3 –** Notice Program (Declaration)

**Exhibit 4 –** Long Form Notice

**Exhibit 5 –** Sample Press Release

**Exhibit 6** – Claim Form

## O.    EXECUTION

The undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below and agree that it shall take effect on that date upon which it has been executed by the last of all of the undersigned.

[This portion of the page intentionally left blank]

**JAMES JILEK**

_[signature]_

James Jilek

Date: _____05/14/2025_____


**GOLDENBERG HELLER &
ANTOGNOLI, P.C.,**

By: _[signature]_

Title: _Kevin P. Green, Shareholder_

Date: _05/14/2025_


**ARIAS SANGUINETTI WANG AND
TEAM, LLP**

By: _____

Title: _Senior Associate_

Date: _5/14/2025_


**RHINE LAW FIRM, P.C.**

By: _[signature]_

Title: _Attorney_

Date: _5/14/2025_


**COMPASS GROUP USA, INC**

By: _[signature]_

Title: _Managing Legal Counsel_

Date: _____05/14/2025_____

31

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| JAMES JILEK, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 3:23-cv-00818-JAG-DCK |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | ) ) ) | |
| Defendant. | ) ) ) | |

### [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff James Jilek's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement between Plaintiff and Defendant Compass Group USA, Inc., d/b/a Canteen ("Compass"), set forth in the Settlement Agreement between the parties (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.     Unless defined herein, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement.

### Certification of the Settlement Class and Preliminary Approval of the Settlement

2.     The Settlement Agreement includes a Settlement Class which consists of:

All persons who, at any time between 2014 and the date the Court enters a Preliminary Approval Order, purchased in the United States an item from a "Subject Vending Machine" using a credit, debit, or prepaid card.

- The "Subject Vending Machines" means a vending machine owned or operated by Compass Group USA, Inc. (doing business as Canteen) that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit, or prepaid card.

- The Subject Vending Machines do *not* include:

    o Canteen vending machines that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card);

    o Canteen vending machines that displayed both the cash and credit price for each item; or

    o Canteen vending machines with a digital shopping cart (a screen that displays both the cash and credit price).

- A list of locations with the Subject Vending Machines will be posted on the Settlement Website.

- Excluded from the Settlement Class are Defendant's officers and directors, and officers and directors of any subsidiary, affiliate, successors, or assignees of Compass; the undersigned trial judge presiding over this case; all persons who submit a Claim Form that is deemed invalid; and all persons in the Class who timely and properly opt out of the Settlement Agreement pursuant to the procedures set forth therein.

3.      Solely for purposes of the proposed Settlement of this Action, the Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) because each element required for certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met, namely:

(a) Rule 23(a)(1) is satisfied, as the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

(b) Rule 23(a)(2) and Rule 23(b)(3) are satisfied, as there are questions of law and fact common to the Settlement Class which predominate over any individual questions, including among others whether Compass breached contracts with class members by charging an undisclosed extra ten-cents for card purchases. Such common issues will be resolved through generalized and common proof, such as Compass's records which show

the revenue it obtained from such extra ten cent amounts from its no-label machines. Such common issues are more substantial than any that may be subject to individualized proof;

(c) Rule 23(a)(3) is satisfied, as the claims of Plaintiff are typical of the claims of the Settlement Class members, as all arise from Defendant's conduct related to the alleged charging, and non-disclosure of, the extra amount for using a card to purchase items from its machines, and are based on the same legal theory;

(d) Rule 23(a)(4) is satisfied, because Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class. Further, Plaintiff's interests are aligned with, and not antagonistic to, those of the Settlement Class members in seeking to vindicate the rights of the Class as set forth in the Action. Additionally, Plaintiff has proceeded with counsel who have vigorously pursued this case and have fairly and adequately protected the interests of the Class; and

(e) Rule 23(b)(3) is further satisfied, because a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.     Accordingly, subject to the Final Approval Hearing referred to in this Order, the Court certifies the Settlement Class and appoints James Jilek as Class Representative of the Settlement Class.

5.     Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Joel R. Rhine, Ruth Sheehan, and John Bruno of Rhine Law Firm, P.C., Kevin P. Green and Daniel S. Levy of Goldenberg, Heller, & Antognoli, P.C., and Mike Arias and M. Anthony Jenkins of Arias Sanguinetti Wang & Team LLP, as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and have and will fairly and adequately protect the interests of the Settlement Class.

6. The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the settlement is fair, reasonable and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against Compass, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter. Therefore, the Court grants preliminary approval of the settlement.

7. An escrow account (the "Settlement Escrow"), which shall be considered a common fund created as a result of the Action, shall be established by the Settlement Administrator (defined below) to hold the Settlement Amount of $6,940,000.00 and periodic installments thereof (the "Settlement Amount"), which by this order Compass shall pay in accordance with the Settlement Agreement, and from which the amounts, payments and distributions due pursuant to the Settlement Agreement as ordered by the Court will be paid. There shall be no reversion of the Settlement Amount to Compass. All reasonable costs incurred by the Settlement Administrator in implementing the Notice Procedure shall be paid from the Settlement Escrow as set forth in the Settlement Agreement without further order of the Court.

4

**Notice and Administration**

8.      Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court directs that notice of the Settlement Agreement shall be provided to the members of the Settlement Class as set forth herein.

9.      The Court hereby approves the appointment of Simpluris, Inc. as the Settlement Administrator responsible for administering the Class Notice and the claims for relief submitted by Class Members in accordance with the terms of the Settlement Agreement. The Settlement Administrator shall have all the necessary powers, and take all necessary steps, to effectuate the terms of the Settlement Agreement or other responsibilities as may be agreed to by counsel for the Parties. Such powers include facilitating the Notice Program, receiving and processing information from Class members pertaining to their claims, opt-outs, and objections, allocating and distributing the Settlement Escrow, and in general supervising the administration of the Settlement Agreement, in accordance with its terms and this Order.

10.     The Court approves the proposed content and method for giving notice to the Settlement Class. Counsel for the Parties are directed to modify such notices to reflect the dates set by this order prior to publication and dissemination. The proposed method of dissemination of Notice set forth in the Settlement Agreement is the best notice practicable under the circumstances, is a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is approved. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and their rights under the Settlement Agreement, including the right to object to or exclude themselves from

the settlement. Class Counsel and Compass' Counsel, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication. Therefore, the Settlement Administrator is directed to provide notice, in accordance with the Settlement Agreement, including as follows:

a. **Settlement Website and Long-Form Notice.** Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will launch the Settlement Website (www.vendingmachinesettlement.com, or another website address agreed to by the Parties), which will include links to the Long-Form Notice, the Settlement Agreement, the Claim Form (including a mechanism to complete and submit an electronic Claim Form), the list of locations for the Subject Vending Machines, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the Settlement. Class Counsel and Compass' Counsel shall jointly approve any content in advance of posting on the Settlement Website. The Settlement Website will remain active for at least 180 days after the Effective Date.

b. **Toll Free Number.** Within 21 days after the Preliminary Approval Date, the Settlement Administrator will establish and maintain a toll-free telephone number specific to the Action to further apprise members of the Class of the rights and options in the Settlement. The toll-free telephone number will be listed on the Settlement Website. The toll-free telephone number will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This toll-free telephone number will be accessible 24 hours a day, 7 days a week, and will remain active for at least 180 days after the Effective Date. Class Counsel and Defendant's Counsel shall jointly approve all responses used on the IVR system.

6

c.    **Publication Notice to PR Newswire.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate publication of a release on PR Newswire's national US1 newswire, up to 700 words, in substantially the form attached as Exhibit 5 to the Settlement Agreement. The Settlement Administrator will issue a second press release on PR Newswire's national US1 newswire by 30 days prior to the close of the Claims Period.

d.    **Publication on Top Class Actions.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will also initiate publication of notice of the settlement on the Top Class Actions ("TCA") website (www.topclassactions.com). The TCA publication will remain active for the entire Claims Period. Class Counsel and Defendant's Counsel shall jointly approve the content of the TCA publication. The TCA publication will remain active for the entire Claims Period.

e.    **Targeted Social Media Publication.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate a social media program utilizing Facebook, Instagram, and Snapchat that will provide settlement-related information and links to the Settlement Website. This targeted social media program will include geotargeting in the zip codes of the Subject Vending Machines, hyper-local targeting to the location of each vending machine, and retargeting to users who visit the Settlement Website but do not submit a Claim Form. Class Counsel and Defendant's Counsel shall jointly approve the content of social media publication by the Settlement Administrator. The social media publication campaign will run for at least 30 days after the Notice Commencement Date.

f.    **Website/Banner Ads.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate banner advertisements across high-visibility Google properties including YouTube, Gmail, and Google Discover using visually engaging images to

7

direct people to the Settlement Website. Banner ads will also be purchased on national online publications including The Wall Street Journal and USA Today and national news outlets including CNN, Fox News, and NYTimes. Additionally, the Website/Banner ads will be retargeted to users who visit the Settlement Website but do not file a Claims Form. Class Counsel and Defendant's Counsel shall jointly approve the content of social media publication by the Settlement Administrator. The Website/Banner Ads campaigns will run for at least 30 days after the Notice Commencement Date.

g. **Google Search.** Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate Google Search to display ads relating to the Settlement to users who search for keywords related to the case or settlement.

11. No later than seven (7) days before the Final Approval Hearing (defined below), the Settlement Administrator shall provide the Court with a declaration showing that Notice was disseminated in accordance with this Order and the Settlement Agreement.

**Claims**

12. The Court approves the Claim Form attached to the Settlement Agreement. Any member of the Settlement Class who qualifies for and wishes to receive a Settlement Payment must submit to the Settlement Administrator a completed Claim Form on or before the close of the Claims Period, which closes 100 days after the Notice Commencement Date (the "Claims Period").

**Exclusions**

13. A member of the Settlement Class may request to be excluded (or "opt out") from the Settlement Agreement  A person who wishes to opt out of the Settlement Agreement must submit to the Settlement Administrator (by mail or email) a written Request for Exclusion, including the person's present name, address, telephone number, and email, a clear and

unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative. To be timely and valid, the Request for Exclusion must be postmarked or emailed no later than 75 days from the Notice Commencement Date (the "Opt-Out Deadline"), to:

Email:

info@VendingMachineSettlement.com

Mailing Address:

Jilek v Compass Group USA Inc d/b/a Canteen

P.O. Box 25417

Santa Ana, CA 92799

14.    A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion. No Request for Exclusion may be made on behalf of a group of persons. Any person who timely submits a Request for Exclusion may, prior to the Opt-Out Deadline, submit to the Settlement Administrator a written revocation of the Request for Exclusion, such revocation to simply bear the person's name, address, signature, and a statement of the person revoking the prior Request for Exclusion. If a person submits a Claim Form and also submits a Request for Exclusion, he/she will only be deemed as excluded if he/she contacts the Settlement Administrator in writing to expressly revoke or rescind submission of the Claim Form prior to the Opt-Out Deadline.

15.    Any person who properly and timely submits a Requests for Exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain

any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

16. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; and (b) shall be forever barred from requesting exclusion from the Settlement Class.

### Objections

17. Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested service award to the Class Representative. To object, Settlement Class Members must sign and file a written objection with the Court and serve the objection on Class Counsel and Compass's Counsel no later than 75 days after the Notice Commencement Date (the "Objection Deadline").

18. The written statement of objection shall include: (i) the case name and number; (ii) the objector's name, residential address, mailing address (if different), telephone number, and email address and, if represented by counsel, the name, address, and telephone number of his or her counsel; (iii) proof of membership in the Class, as well as all other materials the Class member wants the Court to consider; (iv) a statement of whether the objector has objected to a class action settlement within the five years preceding the date the objection is filed, and, if so, the number of times the objector has so objected, the caption and case number of each case in which such objection has been made, and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon the prior such objections that were issued by the trial and

appellate courts in each listed case; (v) a statement of each objection; (vi) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; and (vii) the objector's handwritten signature. No objection may be made on behalf of a group of Class members.

19. Settlement Class Members, or their attorneys, intending to appear at the Final Approval Hearing must deliver to Class Counsel and Compass's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number of each proposed testifying witness; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits. Any Settlement Class Member who does not timely file and serve a notice of intention to appear shall not be permitted to appear, except for good cause shown.

20. To be valid, objections must be filed with the Clerk of Court, Katherine Hord, United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Street, Room 1200, Charlotte, NC 28202, and served on Class Counsel and Compass' Counsel by mail or email as follows:

| To Class Counsel: | To Defense Counsel: |
|---|---|
| Joel R. Rhine<br>Ruth A. Sheehan<br>John A. Bruno<br>Rhine Law Firm, P.C.<br>1612 Military Cutoff Road<br>Suite 300<br>Wilmington, NC, 28403<br>Tel: 910-772-9960<br>JRR@rhinelawfirm.com<br>RAS@rhinelawfirm.com<br>JAB@rhinelawfirm.com<br><br>OR<br><br>Kevin P. Green<br>Daniel S. Levy<br>Goldenberg Heller & Antognoli, P.C.<br>2227 South State Route 157<br>Edwardsville, IL 62025<br>Email: kevin@ghalaw.com<br>Email: daniel@ghalaw.com<br><br>OR<br><br>Mike Arias<br>M. Anthony Jenkins<br>Arias Sanguinetti Wang and Team  LLP<br>6701 Center Drive West 14th Floor<br>Los Angeles, CA 90045<br>Email: mike@aswtlawyers.com<br>Email: anthony@aswtlawyers.com | Joseph Wylie<br>Nicole C. Mueller<br>K&L Gates LLP<br>70 West Madison, Suite 3100<br>Chicago, Illinois 60602<br>Email: joseph.wylie@klgates.com<br>Email: nicole.mueller@klgates.com |

21.     Any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class Members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

22.     Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements above will be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

23.     The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement, in accordance with the due process rights of all Settlement Class Members.

**Final Approval Hearing**

24.     On [at least 140 days after the Notice Commencement Date] _____, at _____, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and Fee Application, and to determine whether Final Judgment approving the settlement and dismissing with prejudice all claims asserted in the Litigation against Compass should be entered. The Final Approval Hearing will be in the Courtroom of the Honorable John A Gibney, Jr., Senior United States District Judge, presiding, at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court, and the Settlement Website shall be updated with any new Final Approval Hearing Date. No further notice to the Class Members is required.

**Supplemental Filing Deadlines**

25.     Class Counsel shall file their Fee Application at least ten (10) days prior to the Objection/Opt-Out Deadline.

26.     The Motion for Final Approval shall be filed after the Opt-Out/Objection Deadline, and no later than fourteen (14) days prior to the Final Approval Hearing.

27.     If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

28.     Summary of Major Dates and Deadlines:

| | |
|---|---|
| Settlement Website goes live | _____, 2024<br><br>(7 days after the entry of this Order) |
| Notice Commencement Date | _____, 2024<br><br>(21 days after the entry of this Order) |
| Class Counsel's Fee Application Deadline | _____, 2024<br><br>(10 days prior to Objection/Opt-Out Deadlines) |
| Opt-Out Deadline | _____, 2024<br><br>(75 days after the Notice Commencement Date) |
| Objection/Notice of Intent to Appear Deadline | _____, 2024<br><br>(75 days after the Notice Commencement Date) |
| Deadline for Submission of Claims Form | _____<br><br>(100 days after Notice Commencement Date) |
| Motion for Final Approval | _____<br><br>(14 days prior to Final Approval Hearing) |
| Final Approval Hearing | At least 140 days after Notice Commencement Date;_____, at ____. |

29. Unless modified in this Order, the Court adopts and directs the parties to comply with all deadlines and obligations requiring action prior to the Final Approval Hearing set forth in the Settlement Agreement. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2025         _____
                                       JOHN A GIBNEY, JR.
                                       Senior United States District Judge

14

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

JAMES JILEK, on behalf of himself and all others similarly situated,

          Plaintiff,

          v.

COMPASS GROUP USA, INC., d/b/a CANTEEN,

          Defendant.

Case No. 3:23-cv-00818-JAG-DCK

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Settlement Agreement between Plaintiff James Jilek, in both his individual and representative capacities (the "Class Representative") and Defendant Compass Group USA, Inc., d/b/a Canteen ("Compass") provides for the Settlement of the claims in this Action against Compass on behalf of the Class Representative and the Settlement Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated _____, 2025, ("Preliminary Approval Order"), the Court scheduled a hearing (the "Final Approval Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Compass denies any wrongdoing, fault, violation of law, or liability for damages of any sort, and asserts affirmative defenses to the claims alleged against it. Compass has agreed to the certification of the Settlement Class for settlement purposes only.

A Final Approval Hearing was held before this Court on _____, 20__, to consider, among other things, whether the Settlement should be approved by this Court as fair,

reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by this Court, and whether Class Representative's request for approval of a service payment is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members

3.      In this Court's Preliminary Approval Order, the Court preliminarily approved the Settlement Agreement, and for settlement purposes, certified the following Settlement Class after finding that it met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

> All persons who, at any time between 2014 and the Preliminary Approval, purchased in the United States an item from a "Subject Vending Machine" using a credit, debit, or prepaid card.
>
> - The "Subject Vending Machines" means a vending machine owned or operated by Compass Group USA, Inc. (doing business as Canteen) that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit, or prepaid card.
>
> - The Subject Vending Machines do *not* include:
>
>   - Canteen vending machines that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card);
>
>   - Canteen vending machines that displayed both the cash and credit price for each item; or

2

o Canteen vending machines with a digital shopping cart (a screen that displays both the cash and credit price).

- Excluded from the Settlement Class are Defendant's officers and directors, and officers and directors of any subsidiary, affiliate, successors, or assignees of Defendant; the undersigned trial judge presiding over this case; all persons who submitted a Claim Form that was deemed invalid; and all persons in the Class who timely and properly opted-out of the Settlement Agreement pursuant to the procedures set forth therein.

4.     The Court now confirms final certification of the Settlement Class for purposes of entering this final judgment, appointment of Plaintiff James Jilek as Class Representative for the Settlement Class, and the appointment of Class Counsel as described in the Preliminary Approval Order.

5.     Notice to the Settlement Class has been provided pursuant to this Court's Preliminary Approval Order, and the Notice, which included publication notice to PR Newswire, publication on Top Class Actions, targeted social media publication, website/banner ads, Google Search to display ads relating to the Settlement to users who search for keywords related to the case or settlement, and the creation of the Settlement Website and a toll-free telephone number specific to the Action to further apprise members of the Class of the rights and options in the Settlement, was a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

6.     The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

7.     The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations between experienced class action attorneys familiar with the legal and factual

3

issues of this case, who have diligently investigated and prosecuted this matter, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

8.     This Court, having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the settlement approval factors set forth by the Fourth Circuit, approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, in light of the complexity, expense, and duration of the litigation, the risks involved in maintaining the class action through trial and appeal, and the lack of any objections to the settlement by the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks of alternatively pursuing litigation on the merits. The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. The relief negotiated by the Parties includes substantial monetary relief for each Settlement Class Member. For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

9.     [Address/identify opt-outs.]  Names [or those identified on Exhibit __] are hereby excluded from the Settlement Class based on their submission of timely Requests for Exclusions.

10.     Any and all objections to the Settlement Agreement and the Fee Award have been considered and are hereby found to be without merit and are overruled. Any member of the Settlement Class who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

11.     The Settlement Agreement is hereby finally approved in all respects. The Parties to the Agreement and their counsel are directed to consummate and perform the Settlement Agreement by its terms. The Settlement Administrator shall provide the Settlement Payment to the Claimants according to the terms of the Settlement Agreement.

12.     The claims against Compass are hereby dismissed, with prejudice, and without costs to any party.

13.     Except for the obligations set forth in the Settlement Agreement, the Court's Fee Award, Final Approval, and Final Judgment, Plaintiff and all member of the Settlement Class, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives (the "Releasing Parties"), fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, liabilities, rights, demands, suits, petitions, demands in law or equity, matters, obligations, damages (including consequential damages), losses or costs, liquidated damages, statutory damages, attorneys' fees and costs, actions or causes of action, of every kind and description, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, fixed or contingent, accrued or not accrued, matured or not yet matured, asserted or unasserted, whether based on direct, successor, agency, or respondeat superior liability, whether suspected or unsuspected, including without limitation those related to unknown or unsuspected injuries as well as unknown or unsuspected consequences of known or

suspected injuries that the Releasing Parties now own or hold, or have owned or held at any time prior to the Effective Date of this Agreement, that were or could have been asserted in the Action, or are based on or in any way related to the factual predicate relating to the Action (the "Released Claims").

Upon the Effective Date, as to the Released Claims only, the Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released any and all provisions, rights, and benefits conferred by (i) Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or (ii) any equivalent, similar, or comparable present or future law or principle of law in any jurisdiction; or (iii) any law or principle of law in any State or territory of the United States, any foreign state or any other jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. The Releasing Parties, and each of them, may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim, accrued or unaccrued claim, loss, or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The foregoing release of unknown, unanticipated, unsuspected, and unaccrued losses or claims with respect to the Released Claims is contractual and intentional, and not a mere recital.

14. The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference.

15. Defendant shall pay any remaining portion of the Settlement Amount to the Settlement Escrow in accordance with the Settlement Agreement.

16. Any excess funds remaining in the Settlement Escrow after all distributions and payments have been made in accordance with the Settlement Agreement as ordered by the Court shall be donated to the following *cy pres* recipient(s):_____.

17. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

18. The Parties having so agreed, and good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice as to Compass be, and hereby is, entered as a final and appealable order.

Entered this _____ day of _____.

**IT IS SO ORDERED.**

DATED: _____, 202_          _____
                                         JOHN A GIBNEY, JR.
                                         Senior United States District Judge

7

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| JAMES JILEK, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:23-cv-00818-JAG-DCK |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | ) ) ) | |
| Defendant. | ) ) | |

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC.

I, Jacob Kamenir, declare and state as follows:

1. I am Vice President for Legal Notice at Simpluris, Inc. ("Simpluris"). Simpluris is a national full-service class action notice and claims administrator located at 3194-C Airport Loop Drive, Costa Mesa, California 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

2. I am an attorney licensed to practice in Minnesota, and hold a Master of Science in Industrial Administration (a variant of an MBA) from Purdue University. I have an extensive background in data analytics and legal marketing, and co-lead Simpluris' legal noticing team. I have developed and overseen, in whole or in part, hundreds of notice programs and administrations, and have given both written and oral testimony on notice and administration procedures in federal and state courts.

3. Simpluris has been selected by counsel, pending court approval, to execute the proposed Notice Plan and to administer the claims process in this matter. The following statements are based on my personal knowledge as well as information provided by other experienced Simpluris employees working under my supervision.

## SIMPLURIS EXPERIENCE

4. Simpluris has been executing notice plans and administering class action settlements since 2007. In that time, we have been appointed in over 10,000 cases and distributed over $10 billion in funds. Our leadership team has over 100 years of combined industry experience that includes some of the largest class action administrations in the United States, including *In re: Equifax, Inc., Customer Data Security Breach*, Case No. 1:17-md-2800 (N.D. Ga.) and *In re: Premera Blue Cross Customer Data Security Breach*, Case No. 3:15-md-2633 (D. Or.). Additional representative cases include *Gregory v. Tubi*, Case No. 2024-LA-0000209, Ill. Cir. Ct. (Winnebago); *Solis v. Hilco Redevelopment*, Case No. 20-cv-02348 (N.D. Ill.); *Rimler v. Postmates, Inc.*, Case No. CGC-18-567868, Cal. Sup. Ct. (San Francisco); *Shomroni v. FEI Labs Inc.*, Cal. Sup. Ct. (San Francisco); *Doe v. Roblox Corp.*, Case No. 3:21-cv-03943 (N.D. Cal.); *In re: Ambry Genetics Data Breach Litigation*, Case No. 8:20-cv-00791 (C.D. Cal.); *Orellana v.*

*Planned Parenthood of Los Angeles*, Case No. 21STCV44106, Cal. Sup. Ct. (Los Angeles); *Cordova et al v. United Education Institute et al.*, Case No. 37-2012-00083573, Cal. Sup. Ct. (San Diego); *Shuts v. Covenant Holdco, LLC*, Case No. RG10551807, Cal. Sup. Ct. (Alameda); *Hamilton et al v. Suburban Propane Gas Corp*., Case No. BC433779, Cal. Sup. Ct. (Los Angeles); *Upadhyay et al v. Prometheus Real Estate Group*, Case No. 1-08-CV-118002, Cal. Sup. Ct. (Santa Clara); *Starke v. Stanley Black & Decker Inc*., Case No. C-03-CV-21-001091, Md. Cir. Ct. (Baltimore); and *Hale v. Manna Pro Products LLC*, Case No. 2:18-cv-00209 (E.D. Cal.).

## PRIVACY AND SECURITY

5. Simpluris maintains robust data and cybersecurity practices, controls, and procedures. These include the use of layered, industry-leading software and hardware systems to prevent both external and internal unauthorized access to sensitive client and company data. Unique among other administrators, Simpluris has developed a comprehensive, integrated administration system, Cadence, which was designed specifically to provide the highest level of data privacy and anti-intrusion security. Our systems are monitored, tested, and constantly upgraded by a highly experienced team of IT professionals, and systemwide security is overseen directly by our CTO.

6. Simpluris is SOC 2 Type 1 and Type 2 certified. SOC 2 is a standard developed by the American Institute of CPAs (AICPA) to ensure that customer data is handled in a way that meets strict security, availability, integrity, confidentiality, and privacy standards. Certification requires an extensive audit of all aspects of company data practices by a qualified independent CPA or accounting firm.

7. As an approved Redress Administrator for the FTC, and approved Fund Administrator for the SEC, Simpluris maintains Federal Information Security Management Act ("FISMA") and National Institute of Standards and Technology ("NIST") certification for data security.

8. All Simpluris employees are required to undergo HIPAA training.

9.     In all situations in which Simpluris employees handle PII, including class member data, we do so solely for the purpose of carrying out our duties and responsibilities as a third-party administrator.

## **OVERVIEW**

10.     If approved by the Court and in accordance with the Settlement Agreement, Simpluris will be charged with, among other responsibilities:

(a)     Providing CAFA notice to appropriate state and federal officials;

(b)     Executing a digital media notice program;

(c)     Developing and maintaining an interactive settlement website that will host relevant settlement documents, as well as allow eligible Settlement Class Members to submit claims electronically and elect to receive their payments digitally or by check;

(d)     Establishing and maintaining an Interactive Voice Response ("IVR") settlement toll-free telephone number that will be available 24 hours a day and offer answers to frequently asked questions ("FAQs");

(e)     Processing incoming claims, requests for exclusion, objections, and related class correspondence;

(f)     Establishing and maintaining a 26 CFR § 1.468B-1 compliant Qualified Settlement Fund;

(g)     Calculating the amounts due to each Settlement Class Member pursuant to the Settlement;

(h)     Processing digital or check payments to Settlement Class Members who make valid monetary claims;

(i)     Preparing and filing any applicable tax forms and tax returns with state and federal agencies; and

DECLARATION OF SETTLEMENT ADMINISTRATOR SIMPLURIS, INC.
Page 4 of 10

(j)     Reporting on the status of the claims and distribution as required by the parties and Court.

## CAFA NOTICE

11.     CAFA Notice. In accordance with 28 U.S. Code § 1715, Simpluris will provide notice of the Settlement Agreement to appropriate state and federal officials.

## DIGITAL MEDIA NOTICE PROGRAM

12.     Because direct contact information for the class is unavailable, Simpluris will execute a digital media notice program to notify class members. The wide adoption of vending machines by all demographic categories means that the notice program will be reaching out to US adults generally.

13.     We have designed an integrated notice program using different types of channels to reach class members across a full range of online contexts. The digital notice program is currently planned to run for forty-five days.

14.     According to the MRI-Simmons Winter 2025 Survey of the American Consumer,[1] nearly 97% of all adults are online, and over 84% of all adults use social media. This nearly universal adoption of the Internet has made online digital notice a common component of notice programs when direct contact information for class members is unavailable.

15.     Digital notice ads will be designed to be eye-catching by using visually engaging images, and will be formatted to be easily viewed on all types of electronic devices. Ads will be hyperlinked ("clickable") to take users who interact with the ad directly to the settlement website.

16.     Social Media—Facebook and Instagram. Simpluris will disseminate digital notice ads on the Meta, Inc., Facebook and Instagram social media platforms ("Meta"). Over 69% of

---

[1] MRI Simmons is a market research company that provides comprehensive consumer data insights, including demographics, psychographics, brand preferences, and media usage, primarily focused on the American consumer. It uses large-scale quarterly national surveys to create detailed profiles of different consumer segments and their behaviors and interests. MRI Simmons is considered a gold standard source for information in both marketing and notice administration.

Americans use one of these two platforms,[2] making these social media channels mainstays of digital notice programs.

17.     Meta ads will be targeted in two ways. First, we will use geotargeting to serve ads to users who are in the class vending machine locations.[3] Additionally, ads will be retargeted to users who visit the settlement website but do not file a claim.

18.     <u>Social Media—Snapchat.</u> Snapchat is one of the most popular social media platforms for users under 35.[4] Because unattended retail services like vending machines are especially popular with this age group, Snapchat will be used as an additional channel for digital notice ads.

19.     As with Meta, Snapchat notice ads will be geotargeted to class vending machine locations.

20.     <u>Programmatic Banner Ads.</u> Programmatic banner ads (commonly referred to as "banner ads" or "website ads") will appear across high-visibility Google properties like YouTube, Gmail, and Google Discover. Ads will also be placed on online versions of high reputation news websites.

21.     Additionally, programmatic banner ads will be retargeted to users who visit the settlement website but do not file a claim.

22.     <u>Google Search.</u> Digital notice ads will be displayed to users who search for keywords related to the case or the settlement. Google Search ads enhance other marketing efforts by directing potential class members to the settlement website when they use key phrases rather than a specific website address. Because these ads are responsive to keywords and phrases related to the case, they help ensure that potential class members can easily find the settlement website.

## <u>ADDITIONAL NOTICE AND OUTREACH</u>

23.     <u>Top Class Actions.</u> To supplement the social media ads, programmatic banner ads,

---

[2] MRI-Simmons Winter 2025 Survey of the American Consumer
[3] This assumes that Simpluris will receive these locations as part of class data.
[4] MRI-Simmons Winter 2025 Survey of the American Consumer.

and Google Search responsive ads, Simpluris will publish notice of the settlement on the Top Class Actions ("TCA") website, topclassactions.com. TCA is one of the leading websites providing accessible and user-friendly information about class action settlements to the general public. The TCA website receives 3 million views per month,[5] making it an ideal avenue for notice outreach in this case.

24.     In addition to the website, TCA distributes a monthly newsletter to 900,000 subscribers.[6]

25.     The high traffic of TCA makes it well suited for reaching class members who are already familiar with class action concepts and comfortable with filing claims.

26.     Press Releases. To generate earned media coverage, Simpluris will issue two press releases during the notice period on the PR Newswire US1 service. The US1 newswire reaches thousands of media outlets across the United States, including print publications, radio, and television stations. The first press release will be issued concurrently with the beginning of the digital notice program, and the second press release will be issued thirty days before the end of the Claims Period.

27.     Settlement Website. Simpluris will develop and maintain a case-specific website at www.VendingMachineSettlement.com (or www.vendingmachinesettlement.com). The website will inform class members of the terms of the Settlement Agreement, their rights, dates and deadlines, and related information. The settlement website will include downloadable PDF versions of important case documents, as identified by the parties or the Court. The settlement website will provide class members with the ability to complete and submit their claim form online.

28.     The settlement website will be active at least through the end of the check cashing period.

29.     Contact Center. A toll-free telephone number specific to this case will be implemented and maintained to further apprise Settlement Class Members of the rights and options

---

[5] Top Class Actions LinkedIn page, https://www.linkedin.com/company/topclassactions/ (last visited May 5, 2025).
[6] *Id.*

in the Settlement. The toll-free telephone number will be listed on the Settlement Website. The toll-free telephone number will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This toll-free telephone number will be accessible 24 hours a day, 7 days a week.

30. The contact center will be active at least through the end of the check cashing period.

## CLAIMS ADMINISTRATION

31. The primary way for Settlement Class Members to file a claim will be online. The online Claim Form will be designed to be easily accessible and viewed from all types of electronic devices, and will collect the information specified in the Settlement Agreement.

32. The Settlement Website will utilize extensive, layered fraud prevention measures to ensure that the settlement fund is properly used for the benefit of class members.

33. Settlement Class Members who are unable to file online, or would prefer to file a paper Claim Form, will have the opportunity to download a printable copy of the form from the website or to request that a paper copy be mailed to them.

34. Class members will be able to select their preferred payment type during the claims process. Payment options will include physical checks, electronic payments (via PayPal, Venmo, or Zelle), or payment cards.

35. Simpluris will coordinate with counsel to implement processes and procedures for validating Settlement Class Member claims, and curing deficient clams. Simpluris will provide counsel timely reports on the claims submitted, including deficiencies.

36. Dispute resolution for claims will be conducted in accordance with the Settlement Agreement and in consultation with counsel. Simpluris will timely notify counsel of any disputed claims.

37. Simpluris will immediately notify counsel if any requests for exclusion or

objections are received.

## <u>AWARD DISBURSEMENT</u>

38.     Simpluris will establish and maintain a 26 CFR § 1.468B-1 compliant Qualified Settlement Fund for this Settlement. Simpluris will ensure that all federal and state statutory and regulatory tax filing and reporting requirements are fully complied with and completed.

39.     Once the Claims Deadline has passed, Simpluris will calculate individual award amounts based on the Settlement Agreement and disburse award payments accordingly by the method selected by the Settlement Class Member.

40.     When appropriate, tax documents will be mailed to Settlement Class Members who select payment by check and emailed to Settlement Class Members who select a digital payment option.

41.     Any mailed award payment checks that are returned as undeliverable will be processed through a public records address verification search (commonly referred to as "skip tracing") utilizing a wide variety of data sources, including public records, real estate records, electronic directory assistance listings, and other sources, to locate an updated postal address. When new postal addresses are located, the Settlement Class Member database will be updated and the check remailed.

42.     Once Attorneys' Fees and Expenses, Service Award, costs of notice and administration, and individual award payments have been paid and the final check negotiation deadline has passed, any residual funds remaining in the QSF will be disposed of in accordance with the Settlement Agreement.

## <u>CONCLUSION</u>

43.     Simpluris will administer the Settlement Agreement as agreed to by the parties and approved by the Court, and in accordance with industry best practices and in full compliance with all applicable federal and state statutes and regulations.

I declare under penalty of perjury that the foregoing is true and correct.

Date: May 13, 2025

_____
Jacob J. Kamenir

# EXHIBIT 4

# Canteen Vending Machine Class Action Settlement Notice

**If you used a credit, debit, or prepaid card to make a purchase from certain vending machines owned by Compass Group USA, Inc. (doing business as "Canteen"), you could get a $30-$360 payment from a class action settlement**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

There is a proposed $6,940,000 settlement (the "Settlement") in a class action lawsuit against Compass Group USA, Inc., doing business as Canteen ("Compass" or "Canteen"), concerning allegations that certain of its vending machines charged consumers more than the displayed price for items when a purchase was made on a credit, debit, or prepaid card, without disclosing the extra charge for use of a card.

Compass has agreed to settle the lawsuit and provide cash payments to customers who made purchases from these vending machines at any time from 2014 to [Preliminary Approval Date].

You are included in this settlement as a member of the Class if you (1) made one or more purchase from a "Subject Vending Machine" (2) with a credit, debit, or prepaid card (3) in the United States (4) between 2014 and [Preliminary Approval Date].

The "Subject Vending Machines" means Canteen's vending machines that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit or prepaid card.

The Subject Vending Machines do not include Canteen vending machines that: (1) had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card); or (2) had a digital shopping cart (a screen that displays both the cash and credit price).

A list of locations with the Subject Vending Machines can be found on the Settlement Website: www.vendingmachinesettlement.com.

Your rights are affected whether you act or don't act.  Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM**<br>**DEADLINE: MONTH XX, 20XX** | This is the only way you can receive a payment from this settlement. |
| **OPT-OUT OF THE SETTLEMENT**<br>**DEADLINE: MONTH XX, 20XX** | You may exclude yourself from the settlement by contacting the settlement administrator. If you do this, you will not receive a settlement payment and will not be bound by the settlement. |
| **OBJECT TO THE SETTLEMENT**<br>**DEADLINE: MONTH XX, 20XX** | You may object to the settlement or any part of it by writing to the Court about why you don't like the settlement. If you object, you may also file a claim and you will remain a member of the Class (if you are otherwise eligible) and you will still release the claims covered by this Settlement if your objection is overruled. |
| **DO NOTHING** | You may choose to do nothing. If you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against Compass regarding any legal claims released in this settlement. |

QUESTIONS? CALL 855-560-6760 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

Each choice has risks and consequences. Unless you exclude yourself, you are staying in the Class and agreeing to release Compass as set forth in the Settlement Agreement if the Court approves the settlement. This means that you can't sue, continue to sue, or be part of any other lawsuit against Compass about the legal issues related to this case. It also means that all of the Court's orders will apply to you and legally bind you.

This notice provides a summary of the Settlement, and it is important that you review it carefully to understand your legal rights. The full details of the Settlement, including the Settlement Agreement and other important case documents, are available at www.vendingmachinesettlement.com. Please visit the website regularly for further updates about the Settlement.

## What This Notice Contains

A.  THE LAWSUIT AND SETTLEMENT BENEFITS ........................................................... 3

   1.  What is this Notice about? ...................................................................... 3

   2.  What is this lawsuit about? ..................................................................... 3

   3.  Who is included in the Settlement Class? ................................................ 3

   4.  What does the Settlement provide? ......................................................... 4

   5.  What are my options? ............................................................................. 4

   6.  How do I file a Claim? ........................................................................... 5

   7.  How much will my payment be if I file a valid Claim? ............................ 5

   8.  What am I giving up in exchange for the Settlement benefits? ................. 5

   9.  How do I exclude myself from the Settlement? ...................................... 6

   10. Why is there a Settlement? ................................................................... 7

   11. When would I get my Settlement payment? ........................................... 7

B.  THE LAWYERS REPRESENTING YOU ....................................................................... 7

   12. Do I have a lawyer in the case? ............................................................. 7

   13. How will the lawyers be paid? .............................................................. 7

C.  OBJECTING TO THE SETTLEMENT ......................................................................... 8

   14. How do I tell the Court if I do not like the Settlement? .......................... 8

D.  THE COURT'S FAIRNESS HEARING ........................................................................ 9

   15. When and where will the Court decide whether to approve the Settlement? .......... 9

   16. Do I have to come to the hearing? ......................................................... 9

E.  GETTING MORE INFORMATION ............................................................................. 9

   17. How do I get more information? ............................................................ 9

QUESTIONS? CALL 855-560-6760 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

# A. THE LAWSUIT AND SETTLEMENT BENEFITS

## 1. What is this Notice about?

A federal court authorized this notice to inform you of a proposed class action settlement. You are NOT being sued. This notice explains the litigation, the proposed Settlement, and your legal rights. This litigation is known as *Jilek v. Compass Group USA, Inc.*, Case No. 3:23-cv-00818-JAG-DCK, which is pending in the United States District Court for the Western District of North Carolina, Charlotte Division. Judge John A. Gibney, Jr. is the judge overseeing this case.

If you have any questions, please visit www.vendingmachinesettlement.com or contact the Settlement Administrator at (833) 360-6766 or info@VendingMachineSettlement.com.

## 2. What is this lawsuit about?

This lawsuit alleges that Compass Group USA, Inc. (doing business as Canteen) ("Compass"), owns and operates certain vending machines across the United States that have charged customers' credit, debit, or prepaid cards more than the displayed prices for items it sold in its vending machines, without informing purchasers of that extra charge for use of a card. The vending machines at issue are located in Alabama, Arkansas, Arizona, California, Colorado, Delaware, Florida, Iowa, Illinois, Indiana, Kansas, Kentucky, Massachusetts, Maryland, Michigan, Minnesota, Missouri, North Carolina, Nebraska, New Jersey, New York, Oregon, Pennsylvania, South Carolina, Tennessee, Texas, Virginia, Washington, Wisconsin, and West Virginia.

The lawsuit primarily alleges that Compass's charging more than the price displayed constitutes a breach of contract.

The parties have actively litigated the case since 2018, including lawsuits in multiple jurisdictions that were consolidated into this case, and lawsuits in state courts; Compass filing multiple motions to dismiss; exchanging discovery including interrogatories and responses to those interrogatories, voluminous document production by Compass, and numerous depositions; expert witness reports and depositions; Compass' motion to strike certain opinions offered by plaintiff's expert witness; and Plaintiff's motion for class certification.

Compass denies all claims and allegations of wrongdoing and denies that it violated any law or duty that would give rise to liability. The Court has not decided who is right. The motion for class certification and motion to strike were fully briefed but not yet ruled on when the parties agreed to the proposed settlement.

## 3. Who is included in the Settlement Class?

You are included in the Class if, at any time between 2014 and [==Preliminary Approval Date==], you purchased in the United States an item from a "Subject Vending Machine" using a credit, debit, or prepaid card.

- A "Subject Vending Machine" means a vending machine owned or operated by Compass Group USA, Inc. (doing business as Canteen) that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit, or prepaid card.

- The Subject Vending Machines do not include Canteen vending machines: (1) that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card); (2) that displayed both the cash and credit prices for each item; or (3) with a digital shopping cart (a screen that displays both the cash and credit price).

A list of locations with the Subject Vending Machines is posted on the Settlement Website.

The Class excludes Compass, its officers and directors, and officers and directors of any subsidiary, affiliate, successors, or assignees of Defendant; the trial judge presiding over this case; all persons who submit a Claim Form that is deemed invalid; and all persons in the Class who timely and properly opt out of this Agreement pursuant to the procedures set forth in the Settlement Agreement.

## 4. What does the Settlement provide?

The settlement provides, among other things, for a total payment of $6,940,000 that Compass has agreed to pay to settle the claims in the Lawsuit (the "Settlement Amount"). Subject to Court approval, the Settlement Amount shall be reduced to cover litigation costs, Settlement Administrator's costs, and a Service Award to Plaintiffs, and by an award of up to one third of the total settlement for Settlement Class Counsel's attorney fees. Following these reductions, the remaining amount shall be the Net Settlement Fund, which shall be distributed to Class members who file timely and valid claims. No money from the settlement will be returned to Compass.

## 5. What are my options?

You have the choice of **participating** in the settlement by filing a claim to receive money, **doing nothing**, in which case you will not receive money, **excluding** yourself from the settlement, or **objecting** to the settlement. The table on page 1 summarizes your options under the proposed Settlement.

Your options include:

a. **File Claim to receive settlement payment.** To receive a settlement payment, *you must complete and submit online, or postmark and mail for return, a Claim Form on or before* [**Claims Deadline**]**.** You will not need to submit proof of purchases with the Claim Form; however, you may subsequently be asked to provide additional information. If you are a Class member and return a completed Claim Form that is timely and valid, and if the Court grants final approval of the settlement, you will receive money from the settlement and be bound by all orders and judgments of the Court. See Questions 6 and 7 for more information about filing a claim.

b. **Do Nothing.** You may choose to do nothing. If you do nothing, you will receive no money from the settlement, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against Compass regarding any legal claims released in this settlement.

c. **Exclude yourself from the settlement.** You may exclude yourself from the settlement by mailing or emailing the Settlement Administrator on or before [**Opt-Out Date**]. If you do this, you will NOT receive a settlement payment, you cannot object to the settlement, and you will not be bound by the settlement. See Question 9 for more information about excluding yourself from the settlement.

d. **Object to the settlement.** If you are a Class member, you may object to the settlement on or before [**Objection Deadline**]. If you object, you may also file a Claim Form and you will remain a member of the Class (if you are otherwise eligible) and will still release the claims covered by this Settlement if your objection is overruled. Please see Question 14 for more information about filing an objection.

Please review this information carefully because your legal rights may be affected even if you do not take any action. Each choice has risks and consequences. Unless you exclude yourself, you are staying in the Class and agreeing to release Compass as set forth in the Settlement Agreement if the Court approves the settlement. This means that you can't sue, continue to sue, or be part of any other lawsuit against Compass about the legal issues related to this case. It also means that all of the Court's orders will apply to you and legally bind you.

## 6. How do I file a Claim?

You must submit a valid Claim Form by [DATE]. Claim Forms are located online and may be completed and submitted electronically at www.vendingmachinesettlement.com. You may also print the Claim Form from the website and send to the Settlement Administrator at the address on the form. Claim Forms are also available upon request by calling (833) 360-6766 or emailing info@VendingMachineSettlement.com.

In the Claim Form, you must verify under oath: (1) your name and contact information; (2) that you made a purchase from a Subject Vending Machine with a credit, debit, or prepaid card between 2014 and [Preliminary Approval Date]; (3) the number of such purchases made between 2014 and [Preliminary Approval Date] as shown in the chart in Question 7; and (4) the location of such purchases.

You will not need to submit proof of purchases with the Claim Form; however, you may subsequently be asked to provide additional information. If you are a Class member and return a completed Claim Form that is timely and valid, and if the Court grants final approval of the settlement, you will receive money from the settlement and be bound by all orders and judgments of the Court.

## 7. How much will my payment be if I file a valid Claim?

The exact number of Claimants, and the amount of money each Settlement Class Participant will receive will not be known until a later date. If there are sufficient funds in the Net Settlement Fund, Claimants will receive between $30 and $360 depending on the number of purchases they made, as shown in the following chart.

| Number of Purchases | Settlement Payment |
| --- | --- |
| Up to 250 purchases | $30 |
| More than 250 purchases | $60 |
| More than 500 purchases | $90 |
| More than 750 purchases | $120 |
| More than 1,000 purchases | $150 |
| More than 1,250 purchases | $180 |
| More than 1,500 purchases | $210 |
| More than 1,750 purchases | $240 |
| More than 2,000 purchases | $270 |
| More than 2,250 purchases | $300 |
| More than 2,500 purchases | $360 |

These amounts could be reduced on a *pro rata* basis depending on the number of Claimants. If there is no *pro rata* reduction of the Settlement Payments and, after making the full payments, money remains in the Net Settlement Fund, then the balance will be distributed as a *cy pres* payment at the discretion of the Court. Please consult your tax advisor regarding the tax consequences and obligations related to the payment.

## 8. What am I giving up in exchange for the Settlement benefits?

If the Settlement becomes final, all members of the Class, even those who do not file a Claim Form, will release Compass and the Released Parties from liability and will not be able to sue Compass about the issues in the lawsuit.

The Settlement Agreement at Section K describes the released claims in necessary legal terminology, so read it carefully. That Section of the Settlement Agreement states in full:

Except for the obligations set forth in this Agreement and in the Court's Fee Award, Final Approval, and Final Judgment, for and in consideration of the Settlement Amount and other consideration, and the

QUESTIONS? CALL 833-360-6766 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

mutual promises contained in this Settlement Agreement, Plaintiff and all member of the Class, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives (the "Releasing Parties"), fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, liabilities, rights, demands, suits, petitions, demands in law or equity, matters, obligations, damages (including consequential damages), losses or costs, liquidated damages, statutory damages, attorneys' fees and costs, actions or causes of action, of every kind and description, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, fixed or contingent, accrued or not accrued, matured or not yet matured, asserted or unasserted, whether based on direct, successor, agency, or respondeat superior liability, whether suspected or unsuspected, including without limitation those related to unknown or unsuspected injuries as well as unknown or unsuspected consequences of known or suspected injuries that the Releasing Parties now own or hold, or have owned or held at any time prior to the Effective Date of this Agreement, that were or could have been asserted in the Action, or are based on or in any way related to the factual predicate relating to the Action (the "Released Claims").

Upon the Effective Date, as to the Released Claims only, the Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released any and all provisions, rights, and benefits conferred by (i) Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or (ii) any equivalent, similar, or comparable present or future law or principle of law in any jurisdiction; or (iii) any law or principle of law in any State or territory of the United States, any foreign state or any other jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. The Releasing Parties, and each of them, may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim, accrued or unaccrued claim, loss, or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The foregoing release of unknown, unanticipated, unsuspected, and unaccrued losses or claims with respect to the Released Claims is contractual and intentional, and not a mere recital.

The full Settlement Agreement is available at www.vendingmachinesettlement.com. You can talk to one of the lawyers listed in Question 12 below for free or you can, of course, talk to your own lawyer at your own expense if you have questions about the released claims or what they mean.

## 9. How do I exclude myself from the Settlement?

You may exclude yourself from the settlement by mailing or emailing the Settlement Administrator (contact information in Section E below) on or before [Opt-Out Date]. Your Request for Exclusion must include your name, address, telephone number, email, a clear and unequivocal statement that you wish to be excluded, and your (or your authorized representative's) actual or digital signature. A request to exclude cannot be made on behalf of a group of persons. If you exclude yourself from the settlement, you will NOT receive a settlement payment, you cannot object to the settlement, and you will not be bound by the settlement. If you file a Claim Form and a Request for Exclusion, your Request for Exclusion will be honored *only if* you contact the Settlement Administrator in writing to expressly revoke or rescind submission of your Claim Form prior to [Opt-out Date].

QUESTIONS? CALL 855-560-6760 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

## 10. Why is there a Settlement?

Both sides in the lawsuit agreed to the Settlement to avoid the cost and risk of further litigation, including a potential trial. The Settlement provides benefits to Class Members in exchange for releasing Compass from liability. The Settlement does not mean that Compass broke any laws or did anything wrong, and the Court did not decide which side was right. The Plaintiffs and the lawyers representing the Class believe that the Settlement is in the best interests of all Class Members, and the Court will have to approve the settlement as fair, adequate, and reasonable.

This notice summarizes the essential terms of the Settlement. The Settlement Agreement sets forth in greater detail the rights and obligations of the parties. To access the Settlement Agreement and other important case documents, please visit www.vendingmachinesettlement.com.

## 11. When would I get my Settlement payment?

The Court will hold a hearing on [Fairness Hearing Date] to decide whether to grant final approval to the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether appeals will be filed and, if so, how long it will take to resolve them. Settlement payments will be distributed as soon as possible, only if and when the Court grants final approval to the Settlement and after any appeals are resolved.

# B. THE LAWYERS REPRESENTING YOU

## 12. Do I have a lawyer in the case?

Yes. The Court has appointed the lawyers listed below to represent the Class. These lawyers are called "Class Counsel." Their contact information is as follows:

| Arias Sanguinetti Wang and Team LLP | Goldenberg Heller & Antognoli, P.C. | Rhine Law Firm, P.C. |
|---|---|---|
| Mike Arias | Kevin P. Green | Joel R. Rhine |
| M. Anthony Jenkins | Daniel S. Levy | Ruth A. Sheehan |
| 6701 Center Drive West 14th Floor | 2227 South State Route 157 | John A. Bruno |
| Los Angeles, CA 90045 | Edwardsville, Illinois 62025 | 1612 Military Cutoff Road |
| Tel: 310-844-9696 | Tel: 618-656-5150 | Suite 300 |
| CompassSettlement@aswtlawyers.com | CompassSettlement@ghalaw.com | Wilmington, NC, 28403 |
| | | Tel: 910-772-9960 |
| | | JRR@rhinelawfirm.com |
| | | RAS@rhinelawfirm.com |
| | | JAB@rhinelawfirm.com |

If you want to be represented by another lawyer, you may hire one at your own expense.

## 13. How will the lawyers be paid?

Settlement Class Counsel will request up to one-third of the total settlement amount as attorney fees, plus reimbursement of litigation costs and expenses, payment of a Service Award to Plaintiffs, and the Settlement Administrator's costs. The request for such amounts ("Fee Application") will be added to the settlement website after it is filed and is to Court approval. The Court must approve Class Counsel's requests for fees, costs and expenses, and Service Awards, and it may award less than the amounts requested. Class Counsel will submit their Fee Application by [DATE], and that document will be available at www.vendingmachinesettlement.com promptly after it is filed with the Court.

7

QUESTIONS? CALL 855-560-6760 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

# C. OBJECTING TO THE SETTLEMENT

**14.   How do I tell the Court if I do not like the Settlement?**

If you do not like the Settlement, you may object to it. The Court will consider your views in deciding whether to approve or reject this Settlement. An objection cannot be made on behalf of a group of persons. If the Court does not approve the Settlement, the lawsuit will continue. To comment on or to object to the Settlement or to Class Counsel's request for attorneys' fees, costs, and expenses, and the request for Plaintiffs' Service Awards, you or your attorney must submit your written objection to the Court with the following information:

- The case name "*Jilek v. Compass Group USA, Inc. d/b/a Canteen*," and number of the Action "No. 3:23-cv-00818-JAG-DCK" pending in the United States District Court for the Western District of North Carolina;

- Your full name, current residential address, mailing address (if different), telephone number, and email address, and if you are represented by counsel, the name, address, and telephone number of your counsel;

- An explanation of the basis upon which you claim to be a Class member, including the State(s) in which you purchased from a Subject Vending Machine using a credit, debit, or prepaid card, and other information you want the Court to consider;

- The number of times you have objected to a class action settlement within the five years preceding the date that you file the objection to this Settlement, the caption and case number of each case in which you have made such objection and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon your prior such objections that were issued by the trial and appellate courts in each listed case;

- If you have not made any such prior objection, you shall affirmatively so state in the written materials provided with the objection;

- A statement of each objection and a written brief detailing all grounds for the objection, accompanied by any legal or factual support for the objection, and any documents or other evidence you believe supports the objection or wish to introduce in support of the objection; and

- Your original signature and date of signature.

If an objection is made through a lawyer, the objection must also include (in addition to the above items):

- The full name, telephone number, mailing address, and e-mail address of all counsel who represent you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement and/or the request for attorneys' fees, costs and expenses;

- The identity of all counsel representing you who will appear at the Fairness Hearing; and

- The number of times your counsel has represented an individual or entity on whose behalf counsel has objected to a class action settlement within the five years preceding the date that they have filed the objection, and the caption and case number of each case in which your counsel has made such objection and the caption and case number of any related appeal.

Class members, or their attorneys, intending to make an appearance at the Final Approval Hearing must deliver to Class Counsel and Defendant's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear. The Notice of Intention to Appear must:

- State how much time the Class member anticipates needing to present the objection;

- Identify, by name, address, telephone number all witnesses the Class member proposes to have testify;

8

QUESTIONS? CALL 855-560-6760 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

Case 3:23-cv-00818-JAG-DCK   Document 337-1   Filed 05/14/25   Page 75 of 82

- Summarize in detail the anticipated testimony of all such witnesses; and

- Identify and attach all exhibits the Class member intends to offer in support of the objection.

You must file your objection electronically with the Court, or mail your objection to the Clerk of the Court, and send a copy to counsel listed below, postmarked on or before [Objection Deadline]:

| Court | Class Counsel | Compass's Counsel |
|---|---|---|
| Clerk of Court<br>United States Courthouse<br>Charles R. Jonas Federal Building<br>401 West Trade Street<br>Room 1200<br>Charlotte, NC 28202 | Any one or more of the attorneys listed in Question 12 | K&L Gates LLP<br>Joseph C. Wylie II<br>Nicole C. Mueller<br>70 West Madison Street, Suite 3300<br>Chicago, IL 60602-4207<br>EMAIL |

# D. THE COURT'S FAIRNESS HEARING

## 15. When and where will the Court decide whether to approve the Settlement?

The Court will hold the final approval or "Fairness Hearing" at **[TIME] on [DATE]** at the United States District Courthouse [Address]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to approve the request for attorneys' fees, costs, and expenses, and the request for Plaintiffs' Service Awards. If there are objections, the Court will consider them and may listen to people who have asked to speak at the hearing. At or after the hearing, the Court will decide whether to grant final approval of the settlement and the request for attorneys' fees, costs, expenses, and Service Awards. We do not know how long these decisions will take. The Court may reschedule the Fairness Hearing, so check the Settlement website for further updates(www.vendingmachinesettlement.com).

## 16. Do I have to come to the hearing?

No, you do not need to attend the Fairness Hearing. Class Counsel will answer any questions the Court may have. If you wish to attend the hearing, you are welcome to come at your own expense. If you submit an objection to the Settlement, you do not have to come to Court to talk about it, but you have the option to do so if you provide advanced notice of your intention to appear (*see* Question 14 above). As long as you submitted a written objection with all of the required information on time with the Court, the Court will consider it. You may have your own lawyer attend at your expense, but it is not required.

# E. GETTING MORE INFORMATION

## 17. How do I get more information?

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement. The Settlement Agreement, Claim Form, and other related documents are available at www.vendingmachinesettlement.com. Additional information is also available by calling (833) 360-6766 or by writing to:

*Jilek v Compass Group USA Inc d/b/a Canteen*
P.O. Box 25417
Santa Ana, CA 92799
info@VendingMachineSettlement.com

QUESTIONS? CALL 833-360-6766 TOLL-FREE OR VISIT WWW.VENDINGMACHINESETTLEMENT.COM.

# EXHIBIT 5

**If you made a purchase from a Canteen vending machine with a credit, debit, or prepaid card, you could get $30-$360 from a class action settlement.**

City, State, Date, 2025 /PRNewswire/ -- The following statement is being issued by Simpluris, Inc., regarding the Canteen Vending Machine Class Action Settlement.

A settlement has been reached with Compass Group USA, Inc., also known as Canteen. The class action lawsuit claimed that certain Compass vending machines charged consumers more than the displayed price when a purchase was made on a credit, debit, or prepaid card, without disclosing the extra charge for use of a card. The Court has not decided which side is right.

**Who is included?** You are included in this settlement if all of the following are true:

(1) you made one or more purchases from a "Subject Vending Machine"

(2) you used a credit, debit, or prepaid card

(3) the purchase(s) occurred between 2014 and [Preliminary Approval Date].

"Subject Vending Machines" are Canteen's vending machines that (1) provided a cash or card payment option and (2) charged more than the price listed when a credit, debit or prepaid card was used. A list of locations with the Subject Vending Machines can be found on the Settlement Website: www.vendingmachinesettlement.com.

**What does the settlement provide?** Compass has agreed to pay $6,940,000 to settle the claims in the lawsuit. After the Court approves payments for attorneys' fees, costs, and expenses, administrative expenses, and service awards, the rest of the money will be used to pay members of the Class who submit a valid Claim Form on time. The amount received will depend on how many purchases you made. Payments are expected to range from $30 to $360, as shown in the following chart:

| Number of Purchases | Settlement Payment |
| --- | --- |
| Up to 250 purchases | $30 |
| More than 250 purchases | $60 |
| More than 500 purchases | $90 |
| More than 750 purchases | $120 |
| More than 1,000 purchases | $150 |
| More than 1,250 purchases | $180 |
| More than 1,500 purchases | $210 |
| More than 1,750 purchases | $240 |
| More than 2,000 purchases | $270 |
| More than 2,250 purchases | $300 |
| More than 2,500 purchases | $360 |

Payment amounts may be reduced on a proportionate basis, if needed, to pay all valid claims.

**How do I get a payment?** You must submit a valid Claim Form by [DATE]. You can fill out and submit the form online at www.vendingmachinesettlement.com.  You may also print the Claim Form from the website and send to the address on the form. Claim Forms are also available upon request by calling (833) 360-6766 or emailing info@VendingMachineSettlement.com.

**Your other options.** You may exclude yourself from the settlement by mailing or emailing the Settlement Administrator on or before [Opt-Out Date] at: *Jilek v Compass Group USA Inc d/b/a Canteen,* P.O. Box 25417, Santa Ana, CA 92799; info@VendingMachineSettlement.com. If you do this, you will NOT receive a settlement payment, you cannot object to the settlement, and you will not be bound by the settlement. If you remain in the class, you may object to the settlement. Objections are due [Objection Date]. If you do nothing, you will not get a settlement payment, but you will still be bound by all orders and judgments of the Court. You will not be able to file or continue a lawsuit against Compass regarding any legal claims released in the settlement.

**Who are my lawyers?** The Court has appointed the lawyers listed below to represent the Class:

| Arias Sanguinetti Wang and Team LLP | Goldenberg Heller & Antognoli, P.C. | Rhine Law Firm, P.C. |
|---|---|---|
| Mike Arias | Kevin P. Green | Joel R. Rhine |
| M. Anthony Jenkins | Daniel S. Levy | Ruth A. Sheehan |
| | | John A. Bruno |

**The Court's hearing.** The Court will hold a hearing in this case [*Jilek v. Compass Group USA, Inc.*, Case No. 3:23-cv-00818-JAG-DCK] at __:____ on [DATE] at the U.S. District Court for the [LOCATION and ADDRESS]. At the hearing, the Court will decide whether to approve the settlement and Class Counsel's requests for attorneys' fees, costs, expenses, and Service Awards made in their Fee Application. You or your lawyer may appear at the Court's fairness hearing, but you don't have to. The motion for Fee Award and Costs and Service Awards will be posted on the Settlement Website after it is filed with the Court.

**This is only a summary.** More Information can be found at: www.vendingmachinesettlement.com or by calling (833) 360-6766.

### # # #

---

**Media Contact(s):** Julie Meichsner (julie.meichsner@simpluris.com), Jacob Kamenir (jacob.kamenir@simpluris.com)

# EXHIBIT 6

## **CLAIM FORM**

You are eligible for compensation if all of the following are true:

> (1) you made one or more purchases from a "Subject Vending Machine"
> (2) you used a credit, debit, or prepaid card
> (3) between 2014 and [Preliminary Approval Date].

A list of locations with a Subject Vending Machine can be found at _____.

**The deadline to return this form is [Claim Deadline Date].** Your claim form will be timely if it is postmarked or electronically submitted on or before this date.

You can fill out and submit the form electronically on the website. Or, you may print and submit a paper copy of the Claim Form by mail or email to:

*Jilek v Compass Group USA Inc d/b/a Canteen*
P.O. Box 25417
Santa Ana, CA 92799
info@VendingMachineSettlement.com

**Your payment options.**
**If you complete and submit your Claim Form online**, you may choose to receive your Cash Payment through: mailed check, mailed prepaid card, or electronic payments (via PayPal, Venmo, or Zelle). Please follow the step-by-step instructions during the Claim Form submission process.

**If you send a valid Claim Form by mail or email** instead of using the website, you will get your payment by paper check mailed to the address listed on the Claim Form.

# CLAIM FORM

*Jilek v. Compass Group USA, Inc. d/b/a Canteen, No. 3:23-cv-00818-JAG-DCK (W.D.N.C.)*

| **Contact Information** |
|---|
| Name: _____ |
| Address: _____ <br> _____ <br> Phone number or email address: _____ |

| **Purchase Information** |
|---|

I made the following amount of purchases from a Subject Vending Machine with a credit, debit, or prepaid card between 2014 and [Preliminary Approval Date].

*For reference, there are approximately 250 business days in a calendar year.*

1. **Select only 1 of the following:**

| | |
|---|---|
| ☐ | Up to 250 purchases |
| ☐ | More than 250 purchases |
| ☐ | More than 500 purchases |
| ☐ | More than 750 purchases |
| ☐ | More than 1,000 purchases |
| ☐ | More than 1,250 purchases |
| ☐ | More than 1,500 purchases |
| ☐ | More than 1,750 purchases |
| ☐ | More than 2,000 purchases |
| ☐ | More than 2,250 purchases |
| ☐ | More than 2,500 purchases |

2. **List each City and State where these purchases were made:**

_____

_____

_____

*You do not need to submit proof of purchases. You may be asked to provide additional information.*

| **Certification and Signature** |
|---|

I hereby request my portion of the settlement. I certify under penalty of perjury that the information provided in the claim form is true and correct to the best of my knowledge.

Signature: _____

Date: _____

**The deadline to return this form is [Claim Deadline Date].**  Your claim form will be timely if it is postmarked or electronically submitted on or before this date.

***If you do not submit a claim form by the deadline, you will not receive the settlement payment.***