# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 3:23-cv-00818-JAG-DCK ) |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | ) ) ) |
| Defendant. | ) ) ) |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff James Jilek's Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement between Plaintiff and Defendant Compass Group USA, Inc., d/b/a Canteen ("Compass"), set forth in the Settlement Agreement between the parties (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement.

**Certification of the Settlement Class and Preliminary Approval of the Settlement**

2. The Settlement Agreement includes a Settlement Class which consists of:

All persons who, at any time between 2014 and the date the Court enters a Preliminary Approval Order, purchased in the United States an item from a "Subject Vending Machine" using a credit, debit, or prepaid card.

- The "Subject Vending Machines" means a vending machine owned or operated by Compass Group USA, Inc. (doing business as Canteen) that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit, or prepaid card.

1

Case 3:23-cv-00818-JAG-DCK    Document 342-1    Filed 06/26/25    Page 1 of 14

- The Subject Vending Machines do *not* include:

    o Canteen vending machines that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card);

    o Canteen vending machines that displayed both the cash and credit price for each item; or

    o Canteen vending machines with a digital shopping cart (a screen that displays both the cash and credit price).

- A list of locations with the Subject Vending Machines will be posted on the Settlement Website.

- Excluded from the Settlement Class are Defendant's officers and directors, and officers and directors of any subsidiary, affiliate, successors, or assignees of Compass; the undersigned trial judge presiding over this case; all persons who submit a Claim Form that is deemed invalid; and all persons in the Class who timely and properly opt out of the Settlement Agreement pursuant to the procedures set forth therein.

3. Solely for purposes of the proposed Settlement of this Action, the Court finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B)(ii) because each element required for certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met, namely:

(a) Rule 23(a)(1) is satisfied, as the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable;

(b) Rule 23(a)(2) and Rule 23(b)(3) are satisfied, as there are questions of law and fact common to the Settlement Class which predominate over any individual questions, including among others whether Compass breached contracts with class members by charging an undisclosed extra ten-cents for card purchases. Such common issues will be resolved through generalized and common proof, such as Compass's records which show

the revenue it obtained from such extra ten cent amounts from its no-label machines. Such common issues are more substantial than any that may be subject to individualized proof;

(c) Rule 23(a)(3) is satisfied, as the claims of Plaintiff are typical of the claims of the Settlement Class members, as all arise from Defendant's conduct related to the alleged charging, and non-disclosure of, the extra amount for using a card to purchase items from its machines, and are based on the same legal theory;

(d) Rule 23(a)(4) is satisfied, because Plaintiff and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class. Further, Plaintiff's interests are aligned with, and not antagonistic to, those of the Settlement Class members in seeking to vindicate the rights of the Class as set forth in the Action. Additionally, Plaintiff has proceeded with counsel who have vigorously pursued this case and have fairly and adequately protected the interests of the Class; and

(e) Rule 23(b)(3) is further satisfied, because a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4. Accordingly, subject to the Final Approval Hearing referred to in this Order, the Court certifies the Settlement Class and appoints James Jilek as Class Representative of the Settlement Class.

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Joel R. Rhine and Ruth Sheehan of Rhine Law Firm, P.C., Kevin P. Green and Daniel S. Levy of Goldenberg, Heller, & Antognoli, P.C., and Mike Arias and M. Anthony Jenkins of Arias Sanguinetti Wang & Team LLP, as Class Counsel. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and have and will fairly and adequately protect the interests of the Settlement Class.

6. The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the settlement is fair, reasonable and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2), and is in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action against Compass, and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delays associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter. Therefore, the Court grants preliminary approval of the settlement.

7. An escrow account (the "Settlement Escrow"), which shall be considered a common fund created as a result of the Action, shall be established by the Settlement Administrator (defined below) to hold the Settlement Amount of $6,940,000.00 and periodic installments thereof (the "Settlement Amount"), which by this order Compass shall pay in accordance with the Settlement Agreement, and from which the amounts, payments and distributions due pursuant to the Settlement Agreement as ordered by the Court will be paid. There shall be no reversion of the Settlement Amount to Compass. All reasonable costs incurred by the Settlement Administrator in implementing the Notice Procedure shall be paid from the Settlement Escrow as set forth in the Settlement Agreement without further order of the Court.

**Notice and Administration**

8.     Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court directs that notice of the Settlement Agreement shall be provided to the members of the Settlement Class as set forth herein.

9.     The Court hereby approves the appointment of Simpluris, Inc. as the Settlement Administrator responsible for administering the Class Notice and the claims for relief submitted by Class Members in accordance with the terms of the Settlement Agreement. The Settlement Administrator shall have all the necessary powers, and take all necessary steps, to effectuate the terms of the Settlement Agreement or other responsibilities as may be agreed to by counsel for the Parties. Such powers include facilitating the Notice Program, receiving and processing information from Class members pertaining to their claims, opt-outs, and objections, allocating and distributing the Settlement Escrow, and in general supervising the administration of the Settlement Agreement, in accordance with its terms and this Order.

10.    The Court approves the proposed content and method for giving notice to the Settlement Class. Counsel for the Parties are directed to modify such notices to reflect the Class Counsel and dates set by this order prior to publication and dissemination. The proposed method of dissemination of Notice set forth in the Settlement Agreement is the best notice practicable under the circumstances, is a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution, and is approved. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Settlement Class of the pendency of this Action, the terms of the Settlement Agreement, and their rights under the Settlement Agreement, including the right to

object to or exclude themselves from the settlement. Class Counsel and Compass' Counsel, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting for publication. Therefore, the Settlement Administrator is directed to provide notice, in accordance with the Settlement Agreement, including as follows:

      a.    **Settlement Website and Long-Form Notice.** Within seven (7) days after the Preliminary Approval Date, the Settlement Administrator will launch the Settlement Website (www.vendingmachinesettlement.com, or another website address agreed to by the Parties), which will include links to the Long-Form Notice, the Settlement Agreement, the Claim Form (including a mechanism to complete and submit an electronic Claim Form), the list of locations for the Subject Vending Machines, the Fee Application, Class Counsel's contact information, applicable deadlines, and orders of the Court pertaining to the Settlement. Class Counsel and Compass' Counsel shall jointly approve any content in advance of posting on the Settlement Website. The Settlement Website will remain active for at least 180 days after the Effective Date.

      b.    **Toll Free Number.** Within 21 days after the Preliminary Approval Date, the Settlement Administrator will establish and maintain a toll-free telephone number specific to the Action to further apprise members of the Class of the rights and options in the Settlement. The toll-free telephone number will be listed on the Settlement Website. The toll-free telephone number will utilize an interactive voice response ("IVR") system to provide Settlement Class Members with responses to frequently asked questions and provide essential information regarding the Settlement. This toll-free telephone number will be accessible 24 hours a day, 7 days a week, and will remain active for at least 180 days after the Effective Date. Class Counsel and Defendant's Counsel shall jointly approve all responses used on the IVR system.

c.  **Publication Notice to PR Newswire.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate publication of a release on PR Newswire's national US1 newswire, up to 700 words, in substantially the form attached as Exhibit 5 to the Settlement Agreement. The Settlement Administrator will issue a second press release on PR Newswire's national US1 newswire by 30 days prior to the close of the Claims Period.

d.  **Publication on Top Class Actions.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will also initiate publication of notice of the settlement on the Top Class Actions ("TCA") website (www.topclassactions.com). The TCA publication will remain active for the entire Claims Period. Class Counsel and Defendant's Counsel shall jointly approve the content of the TCA publication. The TCA publication will remain active for the entire Claims Period.

e.  **Targeted Social Media Publication.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate a social media program utilizing Facebook, Instagram, and Snapchat that will provide settlement-related information and links to the Settlement Website. This targeted social media program will include geotargeting in the zip codes of the Subject Vending Machines, hyper-local targeting to the location of each vending machine, and retargeting to users who visit the Settlement Website but do not submit a Claim Form. Class Counsel and Defendant's Counsel shall jointly approve the content of social media publication by the Settlement Administrator. The social media publication campaign will run for at least 30 days after the Notice Commencement Date.

f.  **Website/Banner Ads.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate banner advertisements across high-visibility Google properties including YouTube, Gmail, and Google Discover using visually engaging images to

direct people to the Settlement Website. Banner ads will also be purchased on national online publications including The Wall Street Journal and USA Today and national news outlets including CNN, Fox News, and NYTimes. Additionally, the Website/Banner ads will be retargeted to users who visit the Settlement Website but do not file a Claims Form. Class Counsel and Defendant's Counsel shall jointly approve the content of social media publication by the Settlement Administrator. The Website/Banner Ads campaigns will run for at least 30 days after the Notice Commencement Date.

    g.  **Google Search.**  Within 21 days after the Preliminary Approval Date, the Settlement Administrator will initiate Google Search to display ads relating to the Settlement to users who search for keywords related to the case or settlement.

11. No later than seven (7) days before the Final Approval Hearing (defined below), the Settlement Administrator shall provide the Court with a declaration showing that Notice was disseminated in accordance with this Order and the Settlement Agreement.

**<u>Claims</u>**

12. The Court approves the Claim Form attached to the Settlement Agreement. Any member of the Settlement Class who qualifies for and wishes to receive a Settlement Payment must submit to the Settlement Administrator a completed Claim Form on or before the close of the Claims Period, which closes 100 days after the Notice Commencement Date (the "Claims Period").

**<u>Exclusions</u>**

13. A member of the Settlement Class may request to be excluded (or "opt out") from the Settlement Agreement  A person who wishes to opt out of the Settlement Agreement must submit to the Settlement Administrator (by mail or email) a written Request for Exclusion, including the person's present name, address, telephone number, and email, a clear and

unequivocal statement that the person wishes to be excluded from the Settlement Agreement, and the actual or digital signature of the person or, only in the case of a person who is deceased or incapacitated, the signature of the person's legally authorized representative. To be timely and valid, the Request for Exclusion must be postmarked or emailed no later than 75 days from the Notice Commencement Date (the "Opt-Out Deadline"), to:

Email:

info@VendingMachineSettlement.com

Mailing Address:

Jilek v Compass Group USA Inc d/b/a Canteen

P.O. Box 25417

Santa Ana, CA 92799

14. A Request for Exclusion shall apply only to the individual who submits the valid Request for Exclusion. No Request for Exclusion may be made on behalf of a group of persons. Any person who timely submits a Request for Exclusion may, prior to the Opt-Out Deadline, submit to the Settlement Administrator a written revocation of the Request for Exclusion, such revocation to simply bear the person's name, address, signature, and a statement of the person revoking the prior Request for Exclusion. If a person submits a Claim Form and also submits a Request for Exclusion, he/she will only be deemed as excluded if he/she contacts the Settlement Administrator in writing to expressly revoke or rescind submission of the Claim Form prior to the Opt-Out Deadline.

15. Any person who properly and timely submits a Requests for Exclusion shall not: (a) be bound by any orders or judgments entered in the Action relating to the Settlement Agreement; (b) be entitled to relief under, or be affected by, the Settlement Agreement; (c) gain

any rights by virtue of the Settlement Agreement; or (d) be entitled to object to any aspect of the Settlement Agreement.

16. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her or its right to be excluded from the Settlement Class; and (b) shall be forever barred from requesting exclusion from the Settlement Class.

**Objections**

17. Any Settlement Class Members who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement, or to a Final Judgment being entered in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel, or to the requested service award to the Class Representative. To object, Settlement Class Members must sign and file a written objection with the Court and serve the objection on Class Counsel and Compass's Counsel no later than 75 days after the Notice Commencement Date (the "Objection Deadline").

18. The written statement of objection shall include: (i) the case name and number; (ii) the objector's name, residential address, mailing address (if different), telephone number, and email address and, if represented by counsel, the name, address, and telephone number of his or her counsel; (iii) proof of membership in the Class, as well as all other materials the Class member wants the Court to consider; (iv) a statement of whether the objector has objected to a class action settlement within the five years preceding the date the objection is filed, and, if so, the number of times the objector has so objected, the caption and case number of each case in which such objection has been made, and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon the prior such objections that were issued by the trial and

appellate courts in each listed case; (v) a statement of each objection; (vi) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection; and (vii) the objector's handwritten signature. No objection may be made on behalf of a group of Class members.

19. Settlement Class Members, or their attorneys, intending to appear at the Final Approval Hearing must deliver to Class Counsel and Compass's Counsel and have file-marked by the Court, on or before the Objection Deadline, a Notice of Intention to Appear. The Notice of Intention to Appear must: (i) state how much time the Settlement Class Member anticipates needing to present the objection; (ii) identify, by name, address, telephone number of each proposed testifying witness; (iii) summarize in detail the anticipated testimony of all such witnesses; (iv) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (v) attach complete copies of all such exhibits. Any Settlement Class Member who does not timely file and serve a notice of intention to appear shall not be permitted to appear, except for good cause shown.

20. To be valid, objections must be filed with the Clerk of Court, Katherine Hord, United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Street, Room 1200, Charlotte, NC 28202, and served on Class Counsel and Compass' Counsel by mail or email as follows:

| To Class Counsel: | To Defense Counsel: |
|---|---|
| Joel R. Rhine<br>Ruth A. Sheehan<br>Rhine Law Firm, P.C.<br>1612 Military Cutoff Road<br>Suite 300<br>Wilmington, NC, 28403<br>Tel: 910-772-9960<br>JRR@rhinelawfirm.com<br>RAS@rhinelawfirm.com<br><br>OR<br><br>Kevin P. Green<br>Daniel S. Levy<br>Goldenberg Heller & Antognoli, P.C.<br>2227 South State Route 157<br>Edwardsville, IL 62025<br>Email: kevin@ghalaw.com<br>Email: daniel@ghalaw.com<br><br>OR<br><br>Mike Arias<br>M. Anthony Jenkins<br>Arias Sanguinetti Wang and Team LLP<br>6701 Center Drive West 14th Floor<br>Los Angeles, CA 90045<br>Email: mike@aswtlawyers.com<br>Email: anthony@aswtlawyers.com | Joseph Wylie<br>Nicole C. Mueller<br>K&L Gates LLP<br>70 West Madison, Suite 3100<br>Chicago, Illinois 60602<br>Email: joseph.wylie@klgates.com<br>Email: nicole.mueller@klgates.com |

21. Any objections made by a Settlement Class Member who is represented by counsel must be filed through the Court's CM/ECF system. Any objections by Settlement Class Members representing themselves that are filed in paper form will be placed on the docket by the Clerk of Court.

22. Settlement Class Members who fail to file and serve timely written objections in compliance with the requirements above will be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement, Fee Application, or any payment identified herein or awarded by the Court.

12

Case 3:23-cv-00818-JAG-DCK    Document 342-1    Filed 06/26/25    Page 12 of 14

23. The procedures and requirements for filing objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement, in accordance with the due process rights of all Settlement Class Members.

**Final Approval Hearing**

24. On [at least 140 days after the Notice Commencement Date] _____, at _____, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and Fee Application, and to determine whether Final Judgment approving the settlement and dismissing with prejudice all claims asserted in the Litigation against Compass should be entered. The Final Approval Hearing will be in the Courtroom of the Honorable John A Gibney, Jr., Senior United States District Judge, presiding, at the Spottswood W. Robinson III and Robert R. Merhige, Jr., Federal Courthouse, 701 East Broad Street, Richmond, VA 23219. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court, and the Settlement Website shall be updated with any new Final Approval Hearing Date. No further notice to the Class Members is required.

**Supplemental Filing Deadlines**

25. Class Counsel shall file their Fee Application at least ten (10) days prior to the Objection/Opt-Out Deadline.

26. The Motion for Final Approval shall be filed after the Opt-Out/Objection Deadline, and no later than fourteen (14) days prior to the Final Approval Hearing.

27. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, then such deadline shall extend to the next Court business day.

28. Summary of Major Dates and Deadlines:

| Settlement Website goes live | _____, 2024<br>(7 days after the entry of this Order) |
|---|---|
| Notice Commencement Date | _____, 2024<br>(21 days after the entry of this Order) |
| Class Counsel's Fee Application Deadline | _____, 2024<br>(10 days prior to Objection/Opt-Out Deadlines) |
| Opt-Out Deadline | _____, 2024<br>(75 days after the Notice Commencement Date) |
| Objection/Notice of Intent to Appear Deadline | _____, 2024<br>(75 days after the Notice Commencement Date) |
| Deadline for Submission of Claims Form | _____<br>(100 days after Notice Commencement Date) |
| Motion for Final Approval | _____<br>(14 days prior to Final Approval Hearing) |
| Final Approval Hearing | At least 140 days after Notice Commencement Date;_____, at ___. |

29. Unless modified in this Order, the Court adopts and directs the parties to comply with all deadlines and obligations requiring action prior to the Final Approval Hearing set forth in the Settlement Agreement. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2025          _____
                                     JOHN A GIBNEY, JR.
                                     Senior United States District Judge