UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:23-cv-00818-JAG-DCK<br>) |
| COMPASS GROUP USA, INC., d/b/a CANTEEN, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

The Settlement Agreement between Plaintiff James Jilek, in both his individual and representative capacities (the "Class Representative") and Defendant Compass Group USA, Inc., d/b/a Canteen ("Compass") provides for the Settlement of the claims in this Action against Compass on behalf of the Class Representative and the Settlement Class Members, subject to approval by this Court of its terms and to the entry of this Final Judgment.

Pursuant to an Order dated July 9, 2025, ("Preliminary Approval Order"), the Court scheduled a hearing (the "Final Approval Hearing") to consider the approval of the Settlement Agreement and the Settlement reflected in it.

Compass denies any wrongdoing, fault, violation of law, or liability for damages of any sort, and asserts affirmative defenses to the claims alleged against it. Compass has agreed to the certification of the Settlement Class for settlement purposes only.

A Final Approval Hearing was held before this Court on January 9, 2026, to consider, among other things, whether the Settlement should be approved by this Court as fair, reasonable and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is

reasonable and should be approved by this Court, and whether Class Representative's request for approval of a service payment is reasonable and should be approved by this Court.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. This Court has subject-matter jurisdiction to approve the Settlement Agreement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members

3. In this Court's Preliminary Approval Order, the Court preliminarily approved the Settlement Agreement, and for settlement purposes, certified the following Settlement Class after finding that it met the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), as follows:

> All persons who, at any time between 2014 and the Preliminary Approval, purchased in the United States an item from a "Subject Vending Machine" using a credit, debit, or prepaid card.
>
> - The "Subject Vending Machines" means a vending machine owned or operated by Compass Group USA, Inc. (doing business as Canteen) that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit, or prepaid card.
>
> - The Subject Vending Machines do *not* include:
>
>   - Canteen vending machines that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card);
>
>   - Canteen vending machines that displayed both the cash and credit price for each item; or
>
>   - Canteen vending machines with a digital shopping cart (a screen that displays both the cash and credit price).

- Excluded from the Settlement Class are Defendant's officers and directors, and officers and directors of any subsidiary, affiliate, successors, or assignees of Defendant; the undersigned trial judge presiding over this case; all persons who submitted a Claim Form that was deemed invalid; and all persons in the Class who timely and properly opted-out of the Settlement Agreement pursuant to the procedures set forth therein.

4. The Court now confirms final certification of the Settlement Class for purposes of entering this final judgment, appointment of Plaintiff James Jilek as Class Representative for the Settlement Class, and the appointment of Class Counsel as described in the Preliminary Approval Order.

5. Notice to the Settlement Class has been provided pursuant to this Court's Preliminary Approval Order, and the Notice, which included publication notice to PR Newswire, publication on Top Class Actions, targeted social media publication, website/banner ads, Google Search to display ads relating to the Settlement to users who search for keywords related to the case or settlement, and the creation of the Settlement Website and a toll-free telephone number specific to the Action to further apprise members of the Class of the rights and options in the Settlement, was a reasonable manner for notice, and constitutes valid, due, and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including but not limited to the Due Process Clause of the United States Constitution.

6. The Court finds that the appropriate government officials were properly and timely notified of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

7. The Court finds that the Settlement Agreement is the product of good faith arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter, and is supported

by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

8. This Court, having considered the factors set forth in Federal Rule of Civil Procedure 23(e)(2) as well as the settlement approval factors set forth by the Fourth Circuit, approves the Settlement and all terms set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, adequate and in the best interest of the Settlement Class Members, in light of the complexity, expense, and duration of the litigation, the risks involved in maintaining the class action through trial and appeal, and the presence of only one objection to the settlement by the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Action and the potential risks of alternatively pursuing litigation on the merits. The Parties dispute the validity of the claims in this Litigation, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate and in the best interests of the Settlement Class Members. The relief negotiated by the Parties includes substantial monetary relief for each Settlement Class Member. For these reasons, the Court finds that the uncertainties of continued litigation in both trial and appellate courts, as well as the tremendous expense associated with it, weigh in favor of approval of the Settlement Agreement.

9. The postmark deadline for Settlement Class Members to submit a request for exclusion from the proposed Settlement was October 17, 2025. Only two Class Members submitted a request for exclusion—Carsten Kirby and Jonathan Sabens—who are hereby excluded from the Settlement Class based on their submission of timely Requests for Exclusions.

10. Any and all objections to the Settlement Agreement and the Fee Award have been considered and are hereby found to be without merit and are overruled. Any member of the Settlement Class who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

11. The Settlement Agreement is hereby finally approved in all respects. The Parties to the Agreement and their counsel are directed to consummate and perform the Settlement Agreement by its terms. The Settlement Administrator shall provide the Settlement Payment to the Claimants according to the terms of the Settlement Agreement.

12. The claims against Compass are hereby dismissed, with prejudice, and without costs to any party.

13. Except for the obligations set forth in the Settlement Agreement, the Court's Fee Award, Final Approval, and Final Judgment, Plaintiff and all member of the Settlement Class, and their respective agents, heirs, executors, administrators, successors, assigns, guardians and representatives (the "Releasing Parties"), fully and finally release, as of the Effective Date, the Released Parties from any and all claims for relief, liabilities, rights, demands, suits, petitions, demands in law or equity, matters, obligations, damages (including consequential damages), losses or costs, liquidated damages, statutory damages, attorneys' fees and costs, actions or causes of action, of every kind and description, or any allegations of liability whether liquidated or unliquidated, whether known or unknown, fixed or contingent, accrued or not accrued, matured or not yet matured, asserted or unasserted, whether based on direct, successor, agency, or respondeat superior liability, whether suspected or unsuspected, including without limitation those related to unknown or unsuspected injuries as well as unknown or unsuspected consequences of known or suspected injuries that the Releasing Parties now own or hold, or have owned or held at any time

prior to the Effective Date of this Agreement, that were or could have been asserted in the Action, or are based on or in any way related to the factual predicate relating to the Action (the "Released Claims").

Upon the Effective Date, as to the Released Claims only, the Releasing Parties shall be conclusively deemed to have waived and fully, finally, and forever released any and all provisions, rights, and benefits conferred by (i) Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY;

or (ii) any equivalent, similar, or comparable present or future law or principle of law in any jurisdiction; or (iii) any law or principle of law in any State or territory of the United States, any foreign state or any other jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above. The Releasing Parties, and each of them, may hereafter discover facts other than or different from those which they know or believe to be true with respect to the subject matter of the Released Claims, but the Releasing Parties hereby expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim, accrued or unaccrued claim, loss, or damage with respect to the Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such additional or different facts. The foregoing release of unknown, unanticipated, unsuspected, and unaccrued losses or claims with respect to the Released Claims is contractual and intentional, and not a mere recital.

14. The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference. Pursuant thereto, the Court awards Class Counsel $2,313,333.33 as reasonable attorneys' fees and $147,660.04 for litigation costs and expenses, and awards Plaintiff Jilek a service award in the amount of $10,000.

15. Defendant shall pay any remaining portion of the Settlement Amount to the Settlement Escrow in accordance with the Settlement Agreement.

16. The Court retains continuing jurisdiction to approve a cy pres distribution. Within ninety (90) days after expiration of the check-cashing period, Plaintiff shall file a status report regarding any undistributed settlement funds. If undistributed funds remain, the parties shall submit a proposed cy pres recipient or recipients for the Court's approval, demonstrating that the recipient(s)' interests reasonably approximate the interests pursued by the Settlement Class.

17. Without affecting the finality of this Final Judgment in any way, this Court retains continuing jurisdiction for the purpose of enforcing the Settlement Agreement and this Final Judgment, and other matters related or ancillary to the foregoing.

18. The Parties having so agreed, and good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and it is expressly directed that this Final Judgment and Order of Dismissal with Prejudice as to Compass be, and hereby is, entered as a final and appealable order.

Entered this _____ day of _____.

**IT IS SO ORDERED.**

DATED: _____, 2026

_____
JOHN A GIBNEY, JR.
Senior United States District Judge