# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| JAMES JILEK, individually and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case Action No. 3:23-cv-00818-JAG-DCK ) |
| COMPASS GROUP USA, INC., d/b/a/ CANTEEN, | ) ) ) **DECLARATION OF SETTLEMENT** ) **ADMINISTRATOR SIMPLURIS,** |
| Defendant. | ) **INC.** ) ) |

I, Jacob Kamenir, declare as follows:

1. Under penalties as provided by law pursuant to 28 U.S.C. § 1746, I certify that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief, and as to such matters, I certify that I believe the same to be true.

2. I am employed as Vice President for Legal Notice at Simpluris, Inc. ("Simpluris"). Simpluris is a national full-service class action notice and claims administrator located at 3194-C Airport Loop Drive, Costa Mesa, California 92626. I am over twenty-one years of age and authorized to make this declaration on behalf of Simpluris and myself.

3. I am an attorney licensed to practice in Minnesota, and hold a Master of Science in Industrial Administration (a variant of an MBA) from Purdue University. I have an extensive background in data analytics and legal marketing, and co-lead Simpluris' legal noticing team. I have developed and overseen, in whole or in part, hundreds of notice programs and administrations, and have given both written and oral testimony on notice and administration procedures in federal and state courts.

4. Simpluris has been executing notice plans and administering class action settlements since 2007. In that time, we have been appointed in over 10,000 cases and distributed over $10 billion in funds. Our leadership team has over 100 years of combined industry experience that includes some of the largest class action administrations in the United States.

5. Simpluris was approved by Counsel for both Parties and appointed by the Court in the Order ("Preliminary Approval Order") entered on September 2, 2025, to provide settlement administration services in this settlement. In this capacity, Simpluris was charged with the following:

    (a)    Providing CAFA notice to appropriate state and federal officials;

    (b)    Executing a digital media notice program;

    (c)    Developing and maintaining an interactive settlement website, www.VendingMachineSettlement.com, to host relevant settlement documents, as well as allow eligible Settlement Class Members to submit claims electronically and elect to receive their payments digitally or by check;

    (d)    Establishing and maintaining an Interactive Voice Response ("IVR") settlement toll-free telephone number, 833-360-6766, to be available 24 hours a day and offer answers to frequently asked questions ("FAQs");

    (e)    Processing incoming claims, requests for exclusion, objections, and related class correspondence;

    (f)    Establishing and maintaining a 26 CFR § 1.468B-1 compliant Qualified Settlement Fund;

    (g)    Calculating the amounts due to each Settlement Class Member pursuant to the Settlement;

(h) Processing digital or check payments to Settlement Class Members who make valid monetary claims;

(i) Preparing and filing any applicable tax forms and tax returns with state and federal agencies; and

(j) Reporting on the status of the claims and distribution as required by the parties and Court.

## CAFA NOTIFICATION

6. On May 22, 2025, pursuant to the Class Action Fairness Act of 2005 ("CAFA") and 28 U.S.C.A. § 1715, Simpluris completed a mailing that informed the appropriate state and federal Attorneys General about the Settlement. Attached hereto as **Exhibit A** is a true and correct copy of the CAFA letter sent to the Attorneys General and the list of recipients.

## DIGITAL MEDIA NOTICE PROGRAM

7. Because direct contact information for the class was unavailable, Simpluris executed the digital media notice program described in my May 13, 2025, declaration, which is incorporated here by reference. The wide adoption of vending machines by all demographic categories meant that the notice program reached out to US adults generally.

8. Digital notice ads were designed to be eye-catching by using visually engaging images, and were formatted to be easily viewed on all types of electronic devices. Ads were hyperlinked ("clickable"), and took users who interacted with the ad directly to the settlement website.

9. Digital ads ran on the Facebook, Instagram, and Snapchat social media platforms; as programmatic banner ads (commonly referred to as "banner ads" or "website ads") across high-visibility Google properties like YouTube, Gmail, and Google Discover, as well as high reputation news websites; and as responsive ads on Google Search.

10. The digital media notice program ran from August 1, 2025, through August 30, 2025. In that time the program resulted in 27,334,225 impressions, and 139,670 unique clicks.

## ADDITIONAL NOTICE AND OUTREACH

11. <u>Top Class Actions.</u> To supplement the digital media notice program, Simpluris caused to have published notice of the settlement on the Top Class Actions ("TCA") website, topclassactions.com. TCA is a prominent platform that provides accessible and user-friendly information regarding class action settlements to the general public, attracting 3 million views per month. In addition to its website, TCA also distributes a monthly newsletter to 900,000 subscribers. Notice of this Settlement was published on TCA on August 7, 2025, and remains available on its website.

12. <u>Press Release.</u> To generate earned media coverage, Simpluris issued a press release on August 4, 2025, on the PR Newswire US1 service. The press release was picked up by 482 media outlets. These including top national sites such as AP News and Morningstar, as well as local news stations across the country.

13. <u>Settlement Website.</u> On August 1, 2025, Simpluris published and maintains a Settlement website at www.VendingMachineSettlement.com. The website includes important dates and deadlines, instructions on how to submit a claim, object/opt out and appear at the Final Approval Hearing, answers to frequently asked questions, and Settlement-related documents, including the Notice of Class Action Settlement, Preliminary Approval Order, Stipulation and Agreement of Class Action Settlement. A login webform has been available for members to submit Payment Selection Form and/or an Address Update Form.

14. Pursuant to the Preliminary Approval Order, Simpluris formatted the Long Form Notice and Claim Form to be posted on the Settlement website in a downloadable PDF format.

15. Simpluris posted on the Settlement website Class Counsel's Fee Petition (Dkt. 346) on October 10, 2025.

16. <u>Contact Center.</u> On August 1, 2025, Simpluris launched a Settlement-specific toll-free telephone number, (833) 360-6766. This number was included in the press release and on the Settlement website for the purpose of allowing Settlement Class Members to obtain information regarding the Settlement through an Interactive Voice Response ("IVR") system.

The IVR is accessible 24 hours a day, 7 days a week, and will remain in operation throughout the Settlement administration. Between August 1, 2025, and December 10, 2025, the Settlement telephone number has received 352 calls.

## CLAIM FORM SUBMISSIONS

17. The deadline to submit a claim form was November 14, 2025. Per Counsel, claim forms were to be accepted through November 28, 2025, providing an additional two (2) weeks beyond the initial deadline. To date, Simpluris has received a total of 185 Claim Form via Email, 733 physical Claim Forms of which 79 were invalidated as duplicates, and 285,547 Claims submissions via the Website. As of this date, Simpluris is continuing to process the approximately 60,000 physical Claim Forms received through bulk mailing.

18. Once all Claim Form processing has been completed, all Claim Forms will undergo a full validation process, which includes de-duplication, location review, and fraud analysis using a programmatic multi-factor analysis considering, but not limited to, the following data points:

(a) Claim Form Email Address Elements: email addresses provided as part of submitted Claim Forms were analyzed for several "suspicious activity" factors including:
  i. Validity and formatting
  ii. Domain associations
  iii. Relation to claimant name(s)
  iv. Age of email address
  v. Correlation or relationship between other submitted claims

(b) Payment Target Email Address Elements: email addresses associated with an elected payment method were analyzed for several "suspicious activity" factors including:
  i. Validity and formatting
  ii. Domain associations

   iii. Relation to claimant name(s)

   iv. Age of email address

   v. Correlation or relationship between other submitted claims

 (c) Payment Method Selection:

   i. Correlation or relationship between other submitted claims

 (d) IP Address Elements: IP addresses associated with the submitted Claim Forms were analyzed for several "suspicious activity" factors including:

   i. Known suspicious IP addresses

   ii. Frequency and/or prevalence of IP address between other submitted claims

   iii. Location of IP address in relation to the claimant's State provided of submitted Claim Forms

 (e) Benefits Selection Patterns: claimed categories for a submitted Claim Form were analyzed to determine a correlation or relationship between other submitted claims.

19.  As of this date, of the approximately 346,465 total claims received, there are approximately 248,221 potentially valid Claims. We determined these to be potentially valid Claims based on one of the States listed/provided on these Claims being a valid State location and currently not a duplicate record. These 248,221 potentially valid claims are broken down by the following tiers:

 (a) Purchases up to 250, there are approximately 93,004 Claims

 (b) Purchases more than 250 purchases, up to 500 purchases, there are approximately 38,433 Claims.

 (c) Purchases more than 500 purchases, up to 750 purchases, there are approximately 18,239 Claims.

(d) Purchases more than 750 purchases, up to 1,000 purchases, there are approximately 14,054 Claims.

(e) Purchases more than 1,000 purchases, up to 1,250 purchases, there are approximately 11,637 Claims.

(f) Purchases more than 1,250 purchases, up to 1,500 purchases, there are approximately 7,639 Claims.

(g) Purchases more than 1,500 purchases, up to 1,750 purchases, there are approximately 7,567 Claims.

(h) Purchases more than 1,750 purchases, up to 2,000 purchases, there are approximately 7,952 Claims.

(i) Purchases more than 2,000 purchases, up to 2,250 purchases, there are approximately 9,327Claims.

(j) Purchases more than 2,250 purchases, up to 2,500 purchases, there are approximately 8,718 Claims.

(k) Purchases more than 2,500 purchases, there are approximately 31,651 Claims.

20. In addition to Claim Forms received through bulk processing, Simpluris is actively reviewing the claim forms for potential duplicates and confirming valid purchase locations. Simpluris does not expect the number of valid claims to decrease more than 10% based on our experience and fraud detection to date.

21. Of the 248,221 potentially valid Claims, 30,251 Claims requested to receive the payment via paper check within the following tiers:

(a) Purchases up to 250, there are approximately 9,831 Claims requested to receive the payment via paper check.

(b) Purchases more than 250 purchases, up to 500 purchases, there are approximately 4,090 Claims requested to receive the payment via paper check.

(c) Purchases more than 500 purchases, up to 750 purchases, there are approximately 2,150 Claims requested to receive the payment via paper check.

(d) Purchases more than 750 purchases, up to 1,000 purchases, there are approximately 1,700 Claims requested to receive the payment via paper check.

(e) Purchases more than 1,000 purchases, up to 1,250 purchases, there are approximately 1,385 Claims requested to receive the payment via paper check.

(f) Purchases more than 1,250 purchases, up to 1,500 purchases, there are approximately 1,001 Claims requested to receive the payment via paper check.

(g) Purchases more than 1,500 purchases, up to 1,750 purchases, there are approximately 1,149 Claims requested to receive the payment via paper check.

(h) Purchases more than 1,750 purchases, up to 2,000 purchases, there are approximately 1,215 Claims requested to receive the payment via paper check.

(i) Purchases more than 2,000 purchases, up to 2,250 purchases, there are approximately 1,339 Claims requested to receive the payment via paper check.

(j) Purchases more than 2,250 purchases, up to 2,500 purchases, there are approximately 1,371 Claims requested to receive the payment via paper check.

(k) Purchases more than 2,500 purchases, there are approximately 5,020 Claims requested to receive the payment via paper check.

## REQUESTS FOR EXCLUSION AND OBJECTIONS

22. The postmark deadline for Settlement Class Members to submit a request for exclusion from the proposed Settlement was October 17, 2025.

23. As of the date of this Declaration, Simpluris has received two (2) requests for exclusion from the proposed Settlement from Carsten Kirby and Jonathan Sabens.

24. The postmark deadline for Settlement Class Members to submit an objection to the proposed Settlement was October 17, 2025.

25. As of the date of this Declaration, there is one (1) objection to the proposed Settlement from Settlement Class Members.

## ADMINISTRATION COSTS

26. Simpluris' total costs for services in connection with the administration of this Settlement, including fees incurred and anticipated future costs for completion of the administration, will be approximately $427,438.00.

I declare under penalty of perjury that the above is true and correct and that this Declaration was executed this 17th day of December, 2025 in Albert Lea, Minnesota.

_____
Jacob Kamenir

# Exhibit A



Date: May 22, 2025

Re:    *Jilek v. Compass Group USA, Inc., d/b/a Canteen.*
Case No. 3:23-cv-00818-JAG-DCK
United States District Court, Western District of North Carolina – Charlotte Division
Notice of Proposed Settlement

Dear Mr./Madam Attorney General:

Defendant Compass Group USA, Inc. provides this notice pursuant to the Class Action Fairness Act of 2005 and 28 U.S.C. § 1715. The parties to the above-referenced class action have reached a proposed class settlement regarding all individuals who (1) made one or more purchase from a "Subject Vending Machine" (2) with a credit, debit, or prepaid card (3) in the United States (4) between 2014 and the Preliminary Approval Date. The "Subject Vending Machines" means Canteen's vending machines that (1) provided a cash or card payment option and (2) charged more than the price listed for purchases made with a credit, debit or prepaid card. The Subject Vending Machines do not include: Canteen vending machines that had a cash discount sticker at the time of the consumer's purchase (a label informing the consumer that the displayed price is the cash price, which is lower than the price they will be charged if they use a credit/debit/prepaid card); Canteen vending machines that displayed both the cash and credit price for each item; Canteen vending machines with a digital shopping cart (a screen that displays both the cash and credit price).

Pursuant to 28 U.S.C. § 1715(b), please visit the website link listed below to view documents which contain of all the necessary information regarding the proposed Settlement. The documents available on the website are listed below.

| | |
|---|---|
| **Document Site:** | https://transfer.simpluris.com/link/bggFAgTAky4diTROS0FlH0<br>This link expires on October 31, 2025. You may need to log in to view and/or download the documents. If you have issues, please contact the Settlement Administrator. |
| **Available Documents:** | Exhibit A – Operative Complaint<br>Exhibit B – Notice of Proposed Settlement<br>Exhibit C – Settlement Agreement<br>Exhibit D – Motion for Preliminary Approval |

At this time, it is not feasible to identify the class members or to provide a reasonable estimate of the number in each state.

A Preliminary Approval Hearing has been scheduled for July 8, 2025.

3194-C Airport Loop Drive, Costa Mesa, CA 92626
www.simpluris.com | 1 (850) 779-2104



For additional information about this Settlement, please contact:

| Settlement Administrator: | Class Counsel: | Defense Counsel: |
|---|---|---|
| Simpluris, Inc.<br>3194 Airport Loop Dr., Ste. C<br>Costa Mesa, CA 92663 | Kevin P. Green<br>Daniel S. Levy<br>Goldenberg Heller & Antognoli, P.C.<br>2227 South State Route 157<br>Edwardsville, IL 62025<br><br>Mike Arias<br>M. Anthony Jenkins<br>Arias Sanguinetti Wang and Team LLP<br>6701 Center Drive West<br>14th Floor<br>Los Angeles, CA 90045 | Joseph C. Wylie<br>Nicole C. Mueller<br>K&L Gates LLP<br>70 West Madison Street<br>Suite 3100<br>Chicago, Illinois 60603 |

Materials filed in this action can be obtained through PACER, which is accessible at
https://www.pacer.uscourts.gov/file-case/court-cmecf-lookup.

Regards,

Shelby Alvey
Project Manager
Shelby.Alvey@simpluris.com
(714) 824-8590

3194-C Airport Loop Drive, Costa Mesa, CA 92626
www.simpluris.com | 1 (850) 779-2104
Case 3:23-cv-00818-JAG-DSC    Document 350    Filed 12/17/25    Page 12 of 16

| Name1 | Name2 |
|---|---|
| Office of the Attorney General | Merrick Garland |
| Office of the Attorney General | Steve Marshall |
| Office of the Attorney General | Treg Taylor |
| Attorney General's Office | Fainu'ulelei Falefatu Ala'ilima-Utu |
| Office of the Attorney General | Kris Mayes |
| Office of the Attorney General | Tim Griffin |
| Office of the Attorney General | Rob Bonta |
| Office of the Attorney General | CAFA Coordinator |
| Office of the Attorney General | Phil Weiser |
| Office of the Attorney General | William Tong |
| Office of the Attorney General | Kathy Jennings |
| Office of the Attorney General | Brian Schwalb |
| Office of the Attorney General | Ashley Moody |
| Office of the Attorney General | Chris Carr |
| Office of the Attorney General | Douglas Moylan |
| Department of the Attorney General | Anne E. Lopez |
| Office of the Attorney General | Raúl Labrador |
| Office of the Attorney General | Kwame Raoul |
| Indiana Attorney General's Office | Todd Rokita |
| Iowa Attorney General | Brenna Bird |
| Office of the Attorney General | Kris Kobach |
| Office of the Attorney General | Russell Coleman |
| Office of the Attorney General | Liz Murrill |
| Office of the Attorney General | Aaron Frey |
| Office of the Attorney General | Anthony G. Brown |
| Office of the Attorney General | Andrea Campbell |
| Department of the Attorney General | Dana Nessel |
| Office of the Attorney General | Keith Ellison |
| MS Attorney General's Office | Lynn Fitch |
| Missouri Attorney General's Office | Andrew Bailey |
| Office of the Attorney General | Austin Knudsen |
| Nebraska Attorney General | Mike Hilgers |
| Office of the Attorney General | Aaron Ford |
| Office of the Attorney General | John Formella |
| Office of the Attorney General | Matthew J. Platkin |
| Office of the Attorney General | Raul Torrez |
| Office of the Attorney General | Letitia James |
| Attorney General's Office | Jeff Jackson |
| Office of the Attorney General | Drew Wrigley |
| Office of the Attorney General | Edward Manibusan |
| Office of the Attorney General | Dave Yost |
| Office of the Attorney General | Gentner Drummond |
| Office of the Attorney General | Dan Rayfield |
| Office of the Attorney General | Dave Sunday |
| PR Department of Justice | Domingo Emanuelli Hernández |
| Office of the Attorney General | Peter F. Neronha |

| | |
|---|---|
| Office of the Attorney General | Alan Wilson |
| Office of the Attorney General | Marty Jackley |
| Office of the Attorney General | Jonathan Skrmetti |
| Office of the Attorney General | Ken Paxton |
| Office of the Attorney General | Derek Brown |
| Office of the Attorney General | Charity R. Clark |
| Office of the Attorney General | Gordon C. Rhea |
| Office of the Attorney General | Jason Miyares |
| Office of the Attorney General | Bob Ferguson |
| Office of the Attorney General | John B. McCuskey |
| Office of the Attorney General | Joshua Kaul |
| Office of the Attorney General | Bridget Hill |

| State | Method of Notice | Notes |
|---|---|---|
| District of Columbia | Paper Mail | **United States Attorney General** |
| Alabama | Paper Mail | |
| Alaska | Email | |
| American Samoa | Paper Mail | |
| Arizona | Paper Mail | |
| Arkansas | Paper Mail | |
| California | Paper Mail | |
| California | Paper Mail | |
| Colorado | Paper Mail | |
| Connecticut | Paper Mail | |
| Delaware | Paper Mail | |
| District of Columbia | Paper Mail | |
| Florida | Email | |
| Georgia | Paper Mail | |
| Guam | Paper Mail | |
| Hawaii | Paper Mail | |
| Idaho | Paper Mail | |
| Illinois | Email | |
| Indiana | Paper Mail | |
| Iowa | Paper Mail | |
| Kansas | Paper Mail | |
| Kentucky | Paper Mail | |
| Louisiana | Paper Mail | |
| Maine | Paper Mail | |
| Maryland | Paper Mail | |
| Massachusetts | Paper Mail | |
| Michigan | Paper Mail | |
| Minnesota | Paper Mail | |
| Mississippi | Paper Mail | |
| Missouri | Paper Mail | |
| Montana | Paper Mail | |
| Nebraska | Paper Mail | |
| Nevada | Email | |
| New Hampshire | Paper Mail | |
| New Jersey | Paper Mail | |
| New Mexico | Paper Mail | |
| New York | Email | |
| North Carolina | Paper Mail | |
| North Dakota | Paper Mail | |
| Northern Mariana Islands | Paper Mail | |
| Ohio | Paper Mail | |
| Oklahoma | Paper Mail | |
| Oregon | Paper Mail | |
| Pennsylvania | Paper Mail | |
| Puerto Rico | Paper Mail | |
| Rhode Island | Paper Mail | |

| | |
|---|---|
| South Carolina | Paper Mail |
| South Dakota | Paper Mail |
| Tennessee | Paper Mail |
| Texas | Paper Mail |
| Utah | Paper Mail |
| Vermont | Paper Mail |
| Virgin Islands | Paper Mail |
| Virginia | Paper Mail |
| Washington | Email |
| West Virginia | Paper Mail |
| Wisconsin | Paper Mail |
| Wyoming | Paper Mail |